UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 25  P 4: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

HARVARD REAL ESTATE-ALLSTON, INC.

Plaintiff,

v.

KMART CORPORATION,

Defendant.

04cv 12249 DPW

Civil Action No.

MAGISTRATE JUDGE _____

RECEIPT # _____ 59592
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE 10/26/04

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Kmart Corporation, a Michigan corporation ("Kmart"), by and through its attorneys, gives notice of removal of this case from the Commonwealth of Massachusetts Trial Court, Boston Municipal Court Department, Brighton Division, County of Suffolk where it is pending to the United States District Court for the District of Massachusetts, Eastern Division. As grounds therefor, Kmart states as follows:

I.     **The State Court Action**

1.     On or about October 18, 2004, plaintiff Harvard Real Estate-Allston, Inc., a Massachusetts corporation ("Harvard"), commenced a summary process proceeding against Kmart in the Commonwealth of Massachusetts Trial Court, Boston Municipal Court Department, Brighton Division, County of Suffolk, styled *Harvard Real Estate-Allston, Inc. v. Kmart Corporation, Kmart Store 9424* docket number 200408SU000065 (the "State Court Action"). In the State Court Action, Harvard (i) alleges that Kmart is in default of a commercial lease dated January 26, 1978 formerly between Paul A. Faraca and Marvin Shiller, Trustees, as predecessors in interest to Harvard as landlord and Caldor, Inc. Mass., as predecessor in interest to Kmart as tenant, for commercial premises within the shopping center commonly known as the Brighton

Mills Shopping Center, located in Brighton, Massachusetts (the "Lease") and (ii) seeks to evict Kmart from the demised premises. A copy of the summary process summons and complaint in the State Court Action (complete with the exhibits to the complaint) is attached hereto as <u>Exhibit A</u>. Aside from the summary process summons and complaint, no further process, pleadings or orders have been served upon Kmart in the State Court Action.

2. Kmart first received a copy of the summons and complaint for the State Court Action when it was served on October 6, 2004.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Kmart's receipt on October 6, 2004 of a copy of the summons and complaint for the State Court Action.

4. Written notice of the filing of this Notice of Removal shall be promptly given to Harvard, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Commonwealth of Massachusetts Trial Court, Boston Municipal Court Department, Brighton Division, County of Suffolk pursuant to 28 U.S.C. § 1446(d).

## II.  **Basis for Subject Matter Jurisdiction**

1. This Court has original jurisdiction of the State Court Action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1332. The State Court Action is one which may be removed to this Court by Kmart pursuant to 28 U.S.C. § 1441 (a) and (b).

2. <u>Jurisdiction founded on diversity of citizenship and amount</u>.

(i) The State Court Action is a suit of a civil nature in which Kmart is a Michigan corporation with its principal place of business in Troy, Michigan. Harvard is a Massachusetts corporation with its principal place of business in Cambridge,

Massachusetts. Thus, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(c).

(ii) The amount in controversy exceeds, exclusive of interest and costs, the $75,000 sum specified by 28 U.S.C. § 1332.

Harvard's complaint is silent as to the numerical value of the amount in controversy. However, by its complaint, Harvard alleges that Kmart breached the terms of the Lease and that the Lease has been terminated. Section 13(B) of the Lease provides that, upon termination of the Lease, Kmart "will indemnify [Harvard] against all loss of rent and other payments provided [in the Lease] to be paid by [Kmart] to [Harvard] between the time of termination and the expiration of the term of this lease. It is understood and agreed that at the time of the termination or at any time thereafter [Harvard] may rent the demised premises and for a term which may expire after the expiration of the term of this lease, without releasing [Kmart] from any liability whatsoever; that [Kmart] shall be liable for any expenses incurred by [Harvard] in connection with obtaining possession of the demised premised [sic] and in connection with any reletting, including, but without limitation, reasonable remodeling expenses, reasonable attorneys' fees and reasonable brokers' fees, and that any monies collected from any reletting shall be applied first to the foregoing expenses and then to payment of rent and all other payments due from [Kmart] to [Harvard]. However, [Harvard] is to be entitled to and may sue for each month['s] payment as provided herein the day after the same remains unpaid, or at any later time, at [Harvard's] option, as if no termination had occurred."

3

The term of the Lease was extended for a five year period beginning February 1, 2004 and ending January 31, 2009. By its complaint, Harvard states that the Lease was terminated by default thirty days after Harvard sent a Notice to Vacate/Notice of Termination on or about April 23, 2004. If the Lease was so terminated, Harvard would be entitled to assert a damages claim against Kmart in an amount exceeding the value of four years of future rent payments. The annual minimum rent payable by Kmart to Harvard under the Lease is $225,000. Therefore, it is apparent on the face of Harvard's complaint that the amount in controversy exceeds $75,000.

Further, Harvard is presently claiming that Kmart owes Harvard in excess of $75,000 in common area maintenance charges under the Lease which, to the extent proven, would be recoverable by Harvard upon any termination of the Lease.

Additionally, the Lease Harvard is seeking to terminate is at a below-market rate. If Harvard is allowed to terminate the Lease, Kmart will suffer damages well in excess of $75,000, as evidenced by relocation costs, lost profits and the difference between the fair rental value of the demised premises and the annual minimum rental payment obligation of Kmart to Harvard of $225,000. Conversely, although Kmart denies that Harvard has the right to terminate the Lease, the inability of Harvard to terminate the Lease and recover the demised premises will cause Harvard in excess of $75,000 in lost benefit as a result of, among other things, the below-market nature of the Lease.

    3.     <u>Jurisdiction founded on the existence of a Federal question.</u>

    (i)     *Background.* Kmart filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Northern District of Illinois on January 22, 2002. On March 28, 2003, Kmart notified Harvard, in connection with Kmart's plan of reorganization under the Bankruptcy Code, that Kmart intended to seek court authority under Section 365 of the Bankruptcy Code to assume the Lease. On April 4, 2003, Harvard filed an initial objection to Kmart's assumption of the Lease. In its September 30, 2003 response to Kmart's opposition to the initial objection, Harvard alleged that Kmart was in violation of the terms of the Lease because "Kmart sells (or sold as recently as September 2003) groceries at the demised premises" (the "Alleged Grocery Breach"). Kmart's plan of reorganization under the Bankruptcy Code was confirmed and became effective May 6, 2003. On January 29, 2004, Harvard purported to withdraw its objection. By order dated April 2, 2004, the Bankruptcy Court dismissed Harvard's objection to Kmart's assumption of the Lease with prejudice and deemed the Lease to have been assumed by Kmart as of May 6, 2003.

By its complaint in the State Court Action, Harvard alleges that Kmart was in default under the Lease on September 5, 2003 because of the Alleged Grocery Breach. However, in accordance with Section 365 of the Bankruptcy Code, the Lease could not have been assumed by Kmart unless, at the time of assumption, the Alleged Grocery Breach was (a) not a default under the Lease or (b) had been cured by Kmart. The Bankruptcy Court's order of April 2, 2004 dismissing Harvard's objection with prejudice and permitting assumption of the Lease under Section 365 of the Bankruptcy Code must be given *res judicata* effect and precludes Harvard from now making the claims asserted in the State Court Action.

(ii)   *11 U.S.C. § 365*.  The State Court Action arises under the laws of the United States because essential to its resolution is the Federal question of what effect a court order under Section 365 of the Bankruptcy Code has on a tenant's obligations under an assumed lease with respect to defaults alleged to have existed prior to assumption of the Lease.  Also, a determination of the State Court Action requires an inquiry into the preclusive effect of a court order under Section 365 of the Bankruptcy Code on a claim of breach previously raised and dismissed with prejudice by the bankruptcy court.

(iii)   *Kmart's Counterclaims*.  In seeking to terminate the Lease and evict Kmart, Harvard is violating the injunctive provisions of Kmart's confirmed plan of reorganization, giving rise to counterclaims in favor of Kmart.  The counterclaims that Kmart intends to assert against Harvard will present the Federal questions of whether the State Court Action violates the Bankruptcy Court's order confirming Kmart's plan of reorganization and whether the State Court Action is precluded by the Bankruptcy Court's determination that the Lease was assumed under Section 365 of the Bankruptcy Code.  These counterclaims will provide separate and independent claims or causes of action invoking Federal question jurisdiction under 28 U.S.C. § 1331 so that the State Court Action is removable under 28 U.S.C. § 1441(c).

WHEREFORE, Kmart Corporation respectfully requests that the above-captioned action now pending in the Commonwealth of Massachusetts Trial Court, Boston Municipal Court Department, Brighton Division, County of Suffolk, docket number 200408SU000065 and styled *Harvard Real Estate-Allston, Inc. v. Kmart Corporation, Kmart Store 9424* be removed to this Court.

October 25, 2004

Respectfully submitted,
KMART CORPORATION
By its attorneys,

_____
William R. Moorman, Jr. (BBO# 548593)
Kathleen A. Rahbany (BBO# 654322)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

## CERTIFICATE OF SERVICE

I, Kathleen A. Rahbany, an attorney, hereby certify that I caused true and correct copies of the foregoing Notice of Removal to be served upon the parties listed below by hand this 25th day of October 2004.

Frank A. Flynn, Esq.
Downing & Flynn
85 Devonshire Street
Suite 1000
Boston, MA 02109

Clerk of the Trial Court
Boston Municipal Court Department
Brighton Division
52 Academy Hill Road
Brighton, MA 02135

Kathleen A. Rahbany