| **Summary Process DOCKET** | DOCKET NUMBER<br>**200408SU000065** | Trial Court of Massachusetts<br>**District Court Department** |
|---|---|---|

| CASE NAME<br>HARVARD REAL ESTATE - ALLSTON, INC.  vs.  KMART CORPORATION, KMART STORE 9424 | CURRENT COURT<br>Boston Municipal Court, Brighton Div.<br>52 Academy Hill Road<br>Brighton, MA 02135-3396<br>(617) 782-6521 |
|---|---|

| ASSOCIATED DOCKET NO. | DATE FILED<br>10/18/2004 | DATE DISPOSED<br>00/00/0000 | |
|---|---|---|---|

| PLAINTIFF(S)<br><br>P01   HARVARD REAL ESTATE - ALLSTON, INC. | PLAINTIFF'S ATTORNEY<br><br>FRANK ANTHONY FLYNN<br>85 DEVONSHIRE STREET<br>SUITE 1000<br>BOSTON, MA 02109<br>(617) 720-2105 |
|---|---|

| DEFENDANT(S)/OTHER SINGLE PARTIES<br><br>D01   KMART CORPORATION, KMART STORE 9424<br>BRIGHTON MILLS SHOPPING CENTER<br>400 WESTERN AVE.<br>BRIGHTON, MA 02135 | DEFENDANT'S ATTORNEY |
|---|---|

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 10/18/2004 | Complaint filed on 10/18/2004 at Boston Municipal Court, Brighton Div.. |
| 2 | 10/18/2004 | Appearance for Harvard Real Estate - Allston, Inc. filed by Attorney FRANK ANTHONY FLYNN 85 Devonshire Street Suite 1000 Boston MA 02109 BBO# 551668 |
| 3 | 10/18/2004 | Summary process entered; complaint, summons, termination notice, and return of service filed; filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2, 4C; Uniform Summary Process Rule 2(d)). |
| 4 | 10/18/2004 | BENCH TRIAL SCHEDULED for 10/28/2004 09:00 AM. |
| | | |
| | | |
| | | |

| Page 1 of 1 | A TRUE COPY,<br>ATTEST: | CLERK-MAGISTRATE/ASST. CLERK<br>**X** | DATE |
|---|---|---|---|

Date/Time Printed: 10/22/2004 12:40 PM

# Commonwealth of Massachusetts
## The Trial Court

### SUMMARY PROCESS SUMMONS
### AND COMPLAINT

Boston Municipal Court **Department**

**Docket No.**_____

_____Brighton_____**Division**

**Entry Date** October 18, 2004

_____Suffolk_____, **ss**

### THIS IS A COURT NOTICE OF A PROCEEDING TO
### EVICT YOU, PLEASE READ IT CAREFULLY
### IMPORTANTE: ESTE DOCUMENTO ES UNA NOTICIA DE UNA CORTE,
### RESPECTO A PROCEDIENTES PARA DESALOJARLE

**TO:** Kmart Corporation, Kmart Store 9424

**ADDRESS:** Brighton Mills Shopping Center, 400 Western Avenue **CITY:** Brighton, MA **ZIP:** 02135

You are hereby summoned to appear before a Justice of the Court at the time and place listed below:

**DAY:** Thursday   **DATE:** October 28, 2004   **TIME:** 9:00 A.M. **COURT LOCATION:** 52 Academy Hill Road, Brighton, MA 02135

**ROOM:**_____ to answer the complaint of LANDLORD/OWNER: Harvard Real Estate-Allston, Inc.

**STREET:** c/o Office of General Counsel, 980 Holyoke Center, 1350 Massachusetts Ave. **CITY:** Cambridge **ZIP:** 02138

that you occupy the premises at __Brighton Mills Shopping Center, 400 Western Avenue, Brighton, MA 02135__ being within the judicial district of this court, unlawfully and against the right of said Landlord/Owner

because   of the reasons stated on the Exhibite"A" attached hereto and incorporated herein

and further, that $_____ rent is owed according to the following account:

### ACCOUNT ANNEXED

**First or Chief Justice**

*James D. Roche*

**Clerk-Magistrate**

Downing & Flynn, 85 Devonshire Street,
Suite 1000, Boston, MA 02109

**Signature Of Plaintiff or Attorney**   Frank A. Flynn, Esq.

**Address of Plaintiff's Attorney**

October 5, 2004   BBO #551668

617-720-3535

**Date of Signature of Plaintiff or Attorney**

**Telephone Number of Plaintiff or Attorney**

**NOTICE TO OCCUPANTS:** At the hearing on October 28, 2004_____, you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a written answer to this complaint. (Answer form 2 is available in the clerk's office.) You must file (deliver or mail) the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the address shown above. The answer must be received by the court clerk and received by the landlord (or the landlords attorney) no later then the first Monday after the Monday entry day.

**IF YOU DO NOT FILE AND SERVE AN ANSWER, OR IF YOU DO NOT DEFEND AT THE TIME OF THE HEARING, JUDGMENT MAY BE ENTERED AGAINST YOU FOR POSSESSION AND THE RENT AS REQUESTED IN THIS COMPLAINT.**

FILED BRIGHTON DIVISION

**NOTIFICATION PARA LAS PERSONAS DE HABLA HISPANA: SI USTED NO PUEDE LEER INGLES TENGA ESTE DOCUMENTO LEGAL TRADUCIDOCUANTO ANTES.**

AOTC-25 (3/01)

**EXHIBIT "A"**

## HARVARD REAL ESTATE- ALLSTON, INC. V. KMART CORPORATION, KMART STORE 9424

### REASONS

Reference is hereby made to the Commercial Lease for the commercial premises dated January 26, 1978 formerly by and between Paul A. Faraca and Marvin Shiller, Trustees, as predecessor in interest to Harvard Real Estate- Allston, Inc as the Commercial Landlord and Caldor, Inc. Mass. as predecessor in interest to Kmart Corporation as the commercial Tenant.

Previously on September 5, 2003, Harvard Real Estate- Allston, Inc. notified Kmart of its default under the lease by its continued sale of groceries in the commercial premises in violation of paragraph 2 (B) of the Commercial Lease, which states in pertinent part, *"neither the demised premises nor any part thereof will be used for the operation of (i) a so-called supermarket or self service grocery store; (ii) a grocery store or department; (iii) a meat market or department; (iv) a produce market or department; (v) a milk and ice cream store or department; (vi) a bakery store or department; (vii) a delicatessen or department devoting more than 2,000 square feet of floor area to the sale of food for consumption off the premises; or (viii) any combination of the foregoing."*

Furthermore, paragraph 4(B) of the Commercial Lease states that, *"if at the time of the exercise of any of the aforesaid elections to extend the original term of this lease or at the time of the commencement of any of the aforesaid extension periods, Tenant shall be in default of any of its obligations or agreements in this lease contained beyond any period herein provided for the curing of such default, then if Landlord shall so elect, the exercise of such election by Tenant shall be deemed null and void or the extension period shall not commence, as the case may be, and the term of this lease shall expire upon the date herein provided for such expiration absent the exercise of such election by Tenant."*

At the time of the commencement of the aforesaid extension period of the Lease, occurring on February 1, 2004, Kmart continued to sell groceries in the premises in violation of paragraph 2(B) of the Commercial Lease. As noted above, Kmart was given a Notice of Default on September 5, 2003 and the default was not cured within the thirty (30) day time period specified in the Commercial Lease. The thirty (30) day period for curing such default lapsed as the Notice of Default regarding the sale of groceries was given to Kmart on September 5, 2003.

As a result of Kmart's continued default of the Commercial Lease at the commencement

of the extension period of the Lease on February 1, 2004, by Notice To Vacate/Notice of Termination dated April 23, 2004 pursuant to paragraph 4 (B) of the Commercial Lease, Harvard Real Estate- Allston, Inc. (i) elected to treat Kmart's election dated January 24, 2003 to extend the original term of the Commercial Lease as null and void and (ii) elected that the extension period shall not commence. In addition, due to the default by Kmart at the time of the commencement of the extension period of the Lease, the extension period did not commence. Accordingly, the term of the lease expired as of January 31, 2004, according to the Commercial Lease, which constituted the date provided for such expiration absent such election by Tenant.

Therefore, the Commercial Lease having expired on January 31, 2004, Kmart presently occupies the premises as a Tenant at Sufferance. Alternatively, in the event that this election is deemed insufficient, Kmart was notified that it had failed to cure its default of the Commercial Lease as described above and said Commercial Lease terminated after thirty (30) days of the receipt of the Notice To Vacate/Notice of Termination on or about April 23, 2004.

Mr. Curran (?)
(Blanche Road Store (?))
KMART Store 9404
Crossmill Mills Shopping Tr.
400 Western Ave,
Brighton

Ron Taylor (?)
Merchandising
Mgr

# Commonwealth of Massachusetts
## The Trial Court

### SUMMARY PROCESS SUMMONS
### AND COMPLAINT

Boston Municipal Court **Department**

   Brighton **Division**

   Suffolk , **ss**

**Docket No.** _____

**Entry Date** October 18, 2004

### THIS IS A COURT NOTICE OF A PROCEEDING TO EVICT YOU, PLEASE READ IT CAREFULLY
IMPORTANTE: ESTE DOCUMENTO ES UNA NOTICIA DE UNA CORTE, RESPECTO A PROCEDIENTES PARA DESALOJARLE

TO: Kmart Corporation, Kmart Store 9424

ADDRESS: Brighton Mills Shopping Center, 400 Western Avenue CITY: Brighton, MA  ZIP: 02135
You are hereby summoned to appear before a Justice of the Court at the time and place listed below:

DAY: Thursday  DATE: October 28, 2004  TIME: 9:00 A.M. COURT LOCATION: 52 Academy Hill Road, Brighton, MA 02135

ROOM: _____ to answer the complaint of LANDLORD/OWNER: Harvard Real Estate-Allston, Inc.

STREET: c/o Office of General Counsel, 980 Holyoke Center, 1350 Massachusetts Ave.  CITY: Cambridge  ZIP: 02138

that you occupy the premises at Brighton Mills Shopping Center, 400 Western Avenue, Brighton, MA 02135 being within the judicial district of this court, unlawfully and against the right of said Landlord/Owner

because  of the reasons stated on the Exhibit "A" attached hereto and incorporated herein

and further, that $_____ rent is owed according to the following account:

ACCOUNT ANNEXED

First or Chief Justice  James D. Roche

Clerk-Magistrate

Signature Of Plaintiff or Attorney  Frank A. Flynn, Esq.
October 5, 2004  BBO #551668
Date of Signature of Plaintiff or Attorney

Downing & Flynn, 85 Devonshire Street, Suite 1000, Boston, MA 02109
Address of Plaintiff's Attorney
617-720-3535
Telephone Number of Plaintiff or Attorney

**NOTICE TO OCCUPANTS:** At the hearing on October 28, 2004 , you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a written answer to this complaint. (Answer form 2 is available in the clerk's office.) You must file (deliver or mail) the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the address shown above. The answer must be received by the court clerk and received by the landlord (or the landlords attorney) no later then the first Monday after the Monday entry day.

IF YOU DO NOT FILE AND SERVE AN ANSWER, OR IF YOU DO NOT DEFEND AT THE TIME OF THE HEARING, JUDGMENT MAY BE ENTERED AGAINST YOU FOR POSSESSION AND THE RENT AS REQUESTED IN THIS COMPLAINT.

NOTIFICATION PARA LAS PERSONAS DE HABLA HISPANA: SI USTED NO PUEDE LEER INGLES TENGA ESTE DOCUMENTO LEGAL TRADUCIDOCUANTO ANTES.

AOTC-25 (3/01)

EXHIBIT "A"

## HARVARD REAL ESTATE- ALLSTON, INC. V. KMART CORPORATION, KMART STORE 9424

### REASONS

Reference is hereby made to the Commercial Lease for the commercial premises dated January 26, 1978 formerly by and between Paul A. Faraca and Marvin Shiller, Trustees, as predecessor in interest to Harvard Real Estate- Allston, Inc as the Commercial Landlord and Caldor, Inc. Mass. as predecessor in interest to Kmart Corporation as the commercial Tenant.

Previously on September 5, 2003, Harvard Real Estate- Allston, Inc. notified Kmart of its default under the lease by its continued sale of groceries in the commercial premises in violation of paragraph 2 (B) of the Commercial Lease, which states in pertinent part, *"neither the demised premises nor any part thereof will be used for the operation of (i) a so-called supermarket or self service grocery store; (ii) a grocery store or department; (iii) a meat market or department; (iv) a produce market or department; (v) a milk and ice cream store or department; (vi) a bakery store or department; (vii) a delicatessen or department devoting more than 2,000 square feet of floor area to the sale of food for consumption off the premises; or (viii) any combination of the foregoing."*

Furthermore, paragraph 4(B) of the Commercial Lease states that, *"if at the time of the exercise of any of the aforesaid elections to extend the original term of this lease or at the time of the commencement of any of the aforesaid extension periods, Tenant shall be in default of any of its obligations or agreements in this lease contained beyond any period herein provided for the curing of such default, then if Landlord shall so elect, the exercise of such election by Tenant shall be deemed null and void or the extension period shall not commence, as the case may be, and the term of this lease shall expire upon the date herein provided for such expiration absent the exercise of such election by Tenant."*

At the time of the commencement of the aforesaid extension period of the Lease, occurring on February 1, 2004, Kmart continued to sell groceries in the premises in violation of paragraph 2(B) of the Commercial Lease. As noted above, Kmart was given a Notice of Default on September 5, 2003 and the default was not cured within the thirty (30) day time period specified in the Commercial Lease. The thirty (30) day period for curing such default lapsed as the Notice of Default regarding the sale of groceries was given to Kmart on September 5, 2003.

As a result of Kmart's continued default of the Commercial Lease at the commencement

1

of the extension period of the Lease on February 1, 2004, by Notice To Vacate/Notice of Termination dated April 23, 2004 pursuant to paragraph 4 (B) of the Commercial Lease, Harvard Real Estate- Allston, Inc. (i) elected to treat Kmart's election dated January 24, 2003 to extend the original term of the Commercial Lease as null and void and (ii) elected that the extension period shall not commence. In addition, due to the default by Kmart at the time of the commencement of the extension period of the Lease, the extension period did not commence. Accordingly, the term of the lease expired as of January 31, 2004, according to the Commercial Lease, which constituted the date provided for such expiration absent such election by Tenant.

Therefore, the Commercial Lease having expired on January 31, 2004, Kmart presently occupies the premises as a Tenant at Sufferance. Alternatively, in the event that this election is deemed insufficient, Kmart was notified that it had failed to cure its default of the Commercial Lease as described above and said Commercial Lease terminated after thirty (30) days of the receipt of the Notice To Vacate/Notice of Termination on or about April 23, 2004.

# DOWNING & FLYNN

**85 Devonshire Street,  Suite 1000**
**Boston, Massachusetts 02109-3504**

**(617) 720-3535**
**Facsimile Number (617) 742-9130**

CATHERINE F. DOWNING, ESQ.
FRANK A. FLYNN, ESQ.

JON W. ROCKWOOD, ESQ.
RANDOLPH C. ENGLISH, ESQ.

April 23, 2004

*SENT VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED TO THE FOLLOWING*:

Kmart Corporation
Resource Center
3100 West Big Beaver Road
Troy, MI 48084-3163

Kmart Corporation
Attention: Director, Real Estate Administration
3100 West Big Beaver Road
Troy, MI 48084

Kmart Corporation
Attention: Vice President Real Estate
3100 West Big Beaver Road
Troy, MI 48084

*SERVED BY CONSTABLE AND COPY SENT VIA CERTIFIED MAIL TO:*
Kmart Store 9424
Brighton Mills Shopping Center
400 Western Avenue
Brighton, MA 02135

## NOTICE TO VACATE/ NOTICE OF TERMINATION

Dear Sir/Madam:

Please be advised that this office represents Harvard Real Estate - Allston, Inc., a subsidiary of President and Fellows of Harvard College, hereinafter "Harvard Real Estate-Allston, Inc."

Reference is hereby made to the Commercial Lease for the commercial premises dated January 26, 1978 formerly by and between Paul A. Faraca and Marvin Shiller, Trustees, as predecessor in interest to Harvard Real Estate- Allston, Inc as the Commercial Landlord and Caldor, Inc. Mass. as predecessor in interest to Kmart Corporation as the commercial Tenant.

1

ON OCT 19 AM 11: 08
FILED BRIGHTON DIVISION

Previously on September 5, 2003, Harvard Real Estate- Allston, Inc. notified Kmart of its default under the lease by its continued sale of groceries in the commercial premises in violation of paragraph 2 (B) of the Commercial Lease, which states in pertinent part, *"neither the demised premises nor any part thereof will be used for the operation of (i) a so-called supermarket or self service grocery store; (ii) a grocery store or department; (iii) a meat market or department; (iv) a produce market or department; (v) a milk and ice cream store or department; (vi) a bakery store or department; (vii) a delicatessen or department devoting more than 2,000 square feet of floor area to the sale of food for consumption off the premises; or (viii) any combination of the foregoing."*

Furthermore, paragraph 4(B) of the Commercial Lease states that, *"if at the time of the exercise of any of the aforesaid elections to extend the original term of this lease or at the time of the commencement of any of the aforesaid extension periods, Tenant shall be in default of any of its obligations or agreements in this lease contained beyond any period herein provided for the curing of such default, then if Landlord shall so elect, the exercise of such election by Tenant shall be deemed null and void or the extension period shall not commence, as the case may be, and the term of this lease shall expire upon the date herein provided for such expiration absent the exercise of such election by Tenant."*

At the time of the commencement of the aforesaid extension period of the Lease, occurring on February 1, 2004, Kmart continued to sell groceries in the premises in violation of paragraph 2(B) of the Commercial Lease. As noted above, Kmart was given a Notice of Default on September 5, 2003 and the default was not cured within the thirty (30) day time period specified in the Commercial Lease and in fact continues to exist as of the date of this notice. The thirty (30) day period for curing such default has long since lapsed as the Notice of Default regarding the sale of groceries was given to Kmart on September 5, 2003.

As a result of Kmart's continued default of the Commercial Lease at the commencement of the extension period of the Lease on February 1, 2004, please be advised that pursuant to paragraph 4 (B) of the Commercial Lease, Harvard Real Estate- Allston, Inc. (i) elects to treat Kmart's election dated January 24, 2003 to extend the original term of the Commercial Lease as null and void and (ii) elects that the extension period shall not commence. In addition, due to the default by Kmart at the time of the commencement of the extension period of the Lease, the extension period shall not commence. Accordingly, the term of the lease has expired as of January 31, 2004, according to the Commercial Lease, which constitutes the date provided for such expiration absent such election by Tenant.

Therefore, the Commercial Lease having expired on January 31, 2004, Kmart presently occupies the premises as a Tenant at Sufferance.

Alternatively, in the event that this election is deemed insufficient, this will also serve to notify you that Kmart has failed to cure its default of the Commercial Lease as described above and said Commercial Lease shall terminate within thirty (30) days from your receipt of this Notice.

You are hereby notified to vacate within thirty (30) days from your receipt of this notice, the

2

premises which you occupy, to wit:

> The premises consist of: Commercial Space located in the Brighton Village Shopping Center with an address of 400 Western Avenue in Boston (Brighton District) Massachusetts, consisting of (i) a one story building containing approximately 80,409 square feet of ground floor area, and approximately 7,848 square feet of mezzanine area, together with all the landlord's appurtenances thereto belonging.

If you remain in the above premises on the date specified for termination, your commercial landlord shall seek to enforce termination by bringing a judicial eviction.

Pursuant to the terms of the expired lease, you are liable for monthly use and occupancy, and all other costs and charges pursuant to your continued use and occupancy. In addition, you are liable for all expenditures by the landlord including without limitation, any re-letting expenses, and any and all attorneys fees and collection costs incurred as provided in the Lease.

Please note that any monies paid by you after the expiration of the Commercial Lease on January 31, 2004 and any monies paid by you after the date of this notice shall be accepted solely for use and occupancy and not as rent, such payment shall not waive this notice, nor shall such payment create or reinstate any tenancy and such monies are received with a reservation of all rights under this Notice to Vacate/ Notice of Termination in any eviction proceedings. No tenancy shall be created by the acceptance of such monies or by any other action or any inaction of the Landlord. The reference to Lease, Landlord, Tenant, and tenancy shall also not be considered to recreate any tenancy.

This Notice to Vacate/ Notice of Termination is sent without prejudice to any of the Landlord's rights against you. Neither this notice, nor any past or future correspondence shall be deemed to constitute a release or waiver of any of Kmart's obligations, liabilities, failures or defaults or any of Landlord's rights or remedies, all of which are expressly reserved and not waived.

You are hereby notified to produce this notice at any court where this case may be heard.

> Harvard Real Estate- Allston, Inc.
> By its Attorney,
> Downing & Flynn
>
> Frank A. Flynn, Esq.
> Downing & Flynn
> 85 Devonshire Street, Suite 1000
> Boston, MA 02109
> (617) 720-3535

cc:    Harvard Real Estate- Allston, Inc.

3

Kmart Store Shopping Ctr
Brighton Mills Shopping Ctr
400 Western Ave.
Bri.

1/1/23
2:15pm

Blanch
madM
store mgr
WI 5L2492

# DOWNING & FLYNN

85 Devonshire Street, Suite 1000
Boston, Massachusetts 02109-3504

(617) 720-3535
Facsimile Number (617) 742-9130

CATHERINE F. DOWNING, ESQ.
FRANK A. FLYNN, ESQ.

JON W. ROCKWOOD, ESQ.
RANDOLPH C. ENGLISH, ESQ.
JON D. MICHALEK, ESQ.

October 7, 2004

**HAND DELIVERY**

Civil/Summary Process Clerk
Boston Municipal Court, Brighton Division
52 Academy Hill Road
Brighton, MA 02135

**Re:    Harvard Real Estate-Allston, Inc. v. Kmart Corporation, Kmart Store 9424**
        Docket No.

Dear Sir/Madam:

Enclosed herewith for filing in the above-referenced matter, please find:

1)    Summary Process Summons and Complaint with returns of service reflecting
      service upon manager in charge at business premises, and service upon
      Massachusetts Registered Agent;

2)    Original of Notice to Vacate/Notice of Termination, with the return of service
      affixed thereon;

3)    Our check in the amount of $195.00 to cover the filing fee.

Please note that the trial of this matter is scheduled for **Thursday, October 28, 2004, at 9:00 A.M.** Thank you.

Very truly yours,

Frank A. Flynn, Esq.

FAF:rce
Enclosures
cc:    Harvard Real Estate-Allston, Inc.