UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARVARD REAL ESTATE-ALLSTON, INC.<br><br>Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant. | Civil Action No. 04-12249-DPW |

### AMENDED ANSWER, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant Kmart Corporation ("Kmart") responds to the *Complaint* filed by Harvard Real Estate-Allston, Inc. ("Harvard") as follows, expressly reserving Kmart's right to seek relief by appropriate motion.

### PRELIMINARY STATEMENT

By way of general response, all allegations contained in the Complaint are denied unless specifically admitted and any factual averment is admitted only as to the specific facts and not to any conclusions, characterizations, implications, or speculations which may be contained in the allegation or in the Complaint as a whole.

### RESPONSES TO HARVARD'S REASONS

Attached to the Complaint is an exhibit referred to as "Exhibit 'A'" and entitled "Reasons" whereby Harvard sets forth allegations (herein, "Harvard's Reasons"). These responses are set out in separate paragraphs to refer to the corresponding paragraphs of Harvard's Reasons.

1.  <u>First Paragraph</u>. Kmart admits that on or about January 26, 1978 Paul A. Faraca and Marvin Shiller, Trustees, as predecessors in interest to Harvard as landlord, and Caldor, Inc. Mass., as predecessor in interest to Kmart as tenant, entered into a commercial lease for commercial premises within the shopping center commonly known as the Brighton Mills Shopping Center, located in Brighton, Massachusetts (the "Lease").

2.  <u>Second Paragraph</u>. No response is required to the allegations in the second paragraph of Harvard's Reasons as that paragraph contains a legal conclusion rather than asserting factual allegations. Further, the language of the Lease speaks for itself. To the extent that an answer is required, Kmart admits that on or about September 5, 2003 Harvard sent Kmart a notice of default for Kmart's alleged violation of the Lease. Kmart denies the remaining allegations in the second paragraph of Harvard's Reasons. Answering further, section 2(B) of the Lease provides that: "neither the demised premises nor any part thereof will be used for the operation of (i) a so-called supermarket or self-service grocery store; (ii) a grocery store or department; (iii) a meat market or department; (iv) a produce market or department; (v) a milk and ice cream store or department; (vi) a bakery store or department; (vii) a delicatessen or department devoting more than 2,000 square feet of floor area to the sale of food for consumption off the premises; or (viii) any combination of the foregoing. Nothing hereinabove contained, however, shall be deemed to prohibit the demised premises from being used for the sale of candy, cookies and/or confections" (the "Grocery Clause").

3.  <u>Third Paragraph</u>. No response is required to the allegations in the third paragraph of Harvard's Reasons as the language of the Lease speaks for itself.

4.      Fourth Paragraph. No response is required to the allegations in the fourth paragraph of Harvard's Reasons as that paragraph contains legal conclusions rather than asserting factual allegations. To the extent that an answer is required, Kmart denies the allegations in the fourth paragraph of Harvard's Reasons. Further answering, section 13(A)(ii) of the Lease provides that "if [Kmart] shall default in the performance or observance of any other agreement or condition on its part to be performed or observed and if [Kmart] shall fail to cure said default within thirty (30) days after receipt of notice of said default from [Harvard] (*or if said default shall reasonably require longer than thirty (30) days to cure, if [Kmart] shall fail to commence to cure said default within a reasonable time after receipt of notice thereof and prosecute the curing of the same to completion with due diligence*)…then [Harvard] may send written notice to [Kmart] of termination of the term of the [Lease]" (emphasis added).

5.      Fifth Paragraph. No response is required to the allegations in the fifth paragraph of Harvard's Reasons as that paragraph contains legal conclusions rather than asserting factual allegations. To the extent that an answer is required, Kmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in subsections (i) and (ii) of the first sentence of the fifth paragraph of Harvard's Reasons. Further, to the extent that an answer is required, Kmart denies the allegations in the fifth paragraph of Harvard's Reasons.

6.      Sixth Paragraph. No response is required to the allegations in the sixth paragraph of Harvard's Reasons as that paragraph contains legal conclusions rather than asserting factual allegations. To the extent that an answer is required, Kmart denies the allegations in the sixth paragraph of Harvard's Reasons.

## FIRST AFFIRMATIVE DEFENSE

7.  Harvard has failed to state facts sufficient to constitute a claim against Kmart upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

8.  Harvard's action is barred by the principle of *res judicata*/claim preclusion.

9.  On January 24, 2003, Kmart delivered to Harvard a timely and duly executed notice of renewal of the Lease for an additional term of five years commencing February 1, 2004 to and including January 31, 2009.

10. Kmart operates a retail store at the demised premises under the Lease. From at least January 16, 2002 through mid-December 2003, in addition to general merchandise items, Kmart sold the following types of food at the demised premises: dairy products (milk, cheese, yogurt), eggs, packaged bread, canned vegetables and fruits, baking goods (flour, sugar, cake mixes), snacks (crackers, cookies, pretzels, nuts, popcorn), beverages (soft, sport and fruit drinks, canned coffee, tea, hot chocolate, powdered coffee cream), soups, processed meals (cold cuts, canned meats) and breakfast cereals and bars (including pop tarts) and a limited offering of condiments. Kmart also sold frozen pizzas at the demised premises in early 2002, but discontinued selling pizzas and all other frozen foods by the end of 2002. The aisles containing food were located in the rear of the demised premises.

11. On or about September 5, 2003, Harvard sent Kmart a notice of default for Kmart's alleged violation of the Grocery Clause.

12. By the end of December 2003, Kmart discontinued selling all fresh food at the demised premises, including dairy products (milk, cheese, yogurt) and eggs. In December 2003, Kmart also discontinued selling packaged bread, canned vegetables and fruits, baking goods (flour, sugar, cake mixes), soups, processed meals (cold cuts, canned meats). The only food items sold at the demised premises thereafter were snacks (crackers, cookies, pretzels, nuts, popcorn), beverages (soft, sport and fruit drinks, canned coffee, tea, hot chocolate, powdered coffee cream), breakfast cereals and bars (including pop tarts) and a limited offering of condiments.

13. At no time after May 6, 2003 has Kmart increased the amount or variety of foods offered for sale at the demised premises.

14. Kmart lost its eligibility to participate in the federal food stamp program as a result of its reducing the amount and/or variety of foods it offers for sale at the demised premises from December 2003 and thereafter.

15. On January 22, 2002, Kmart filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, docket number 02 B 02474.

16. On March 28, 2003, Kmart notified Harvard, in connection with Kmart's plan of reorganization under Chapter 11 of the Bankruptcy Code (the "Plan of

Reorganization"), that Kmart intended to seek authority from the Bankruptcy Court, under Section 365 of the Bankruptcy Code, to assume the Lease.

17.     On April 4, 2003, Harvard filed an objection to Kmart's assumption of the Lease (the "Original Objection"). A true and correct copy of the Original Objection is attached hereto as <u>Exhibit A</u> and Kmart requests that this Court take judicial notice of this public record under Fed.R.Evid. 201. In the Original Objection, Harvard claimed that Kmart could not assume the Lease because Kmart was in default under the Lease as of January 31, 2003. Harvard also claimed that Kmart's exercise of its option to extend the Lease for five years beyond January 31, 2004 was ineffective because, at the time Kmart gave notice of its intent to renew (notice was given in January 2003, one year prior to the expiration of the Lease term), Kmart was in monetary default under the Lease. Harvard further claimed that the Lease was terminated prior to the filing of Kmart's bankruptcy petition so that there was no Lease for Kmart to assume in Kmart's bankruptcy case.

18.     On April 22, 2003, the Bankruptcy Court entered an order confirming Kmart's Plan of Reorganization under the Bankruptcy Code. The Plan of Reorganization became effective on May 6, 2003.

19.     On August 29, 2003, Kmart filed an opposition to Harvard's Objection ("Kmart's Opposition"). A true and correct copy of Kmart's Opposition is attached hereto as <u>Exhibit B</u> and Kmart requests that this Court take judicial notice of this public record under Fed.R.Evid. 201. In its opposition, Kmart argued (i) that under Section 365 of the Bankruptcy Code it could assume the Lease so long as it cures any defaults under the Lease and (ii) that it validly exercised its right to extend the term of the Lease.

20. Kmart and Harvard conducted discovery pertaining to the Original Objection and Kmart's Opposition.

21. On September 30, 2003, Harvard filed a reply to Kmart's Opposition. In its reply, Harvard supplemented its Original Objection by alleging additional defaults that it had not raised in the Original Objection, including an allegation that Kmart had violated the Grocery Clause of the Lease (the "Alleged Grocery Clause Violation Objection"). A true and correct copy of the Alleged Grocery Clause Violation Objection is attached hereto as <u>Exhibit C</u> and Kmart requests that this Court take judicial notice of this public record under Fed.R.Evid. 201. Together, the Original Objection and the Alleged Grocery Clause Violation Objection are referred to herein as the "Assumption Objection."

22. Harvard's Assumption Objection was scheduled for hearing before the Bankruptcy Court on March 18 and March 19, 2004.

23. On January 29, 2004, Harvard filed a withdrawal of the Assumption Objection (the "Withdrawal"). A true and correct copy of the Withdrawal is attached hereto as <u>Exhibit D</u> and Kmart requests that this Court take judicial notice of this public record under Fed.R.Evid. 201. The Withdrawal states: "[Harvard], having filed with the [Bankruptcy] Court on April 4, 2003 the "Objection of [Harvard] To [the Plan of Reorganization]…And Assumption Objection of [Harvard]…, hereby WITHDRAWS the Assumption Objection. This Withdrawal does not constitute a waiver of Harvard's Cure Claim filed June 20, 2003, as the same may be amended."

24. The Withdrawal was filed with the Bankruptcy Court shortly after Kmart completed the discontinuation of the sale of numerous food items at the demised premises in December 2003.

25. On February 5, 2004, Kmart filed a Motion to Dismiss with Prejudice Harvard's Assumption Objection (the "Motion to Dismiss"). A true and correct copy of the Motion to Dismiss is attached hereto as Exhibit E and Kmart requests that this Court take judicial notice of this public record under Fed.R.Evid. 201. In its Motion to Dismiss, Kmart argued that any dismissal of the contested proceeding initiated by the Withdrawal should be with prejudice.

26. On April 2, 2004, the Bankruptcy Court granted Kmart's Motion to Dismiss, over Harvard's objection, and issued an order dismissing the Assumption Objection with prejudice and allowing Kmart to assume the Lease (the "Assumption Order"). A true and correct copy of the Assumption Order is attached hereto as Exhibit F and Kmart requests that this Court take judicial notice of this public record under Fed.R.Evid. 201. The Assumption Order states that the Bankruptcy Court orders "that (i) the Motion to Dismiss is granted as set forth herein, (ii) the [Assumption] Objection is dismissed with prejudice as of the [effective date of the Plan of Reorganization], May 6, 2003, (the "Effective Date"), and (iii) Kmart is deemed to have assumed the Lease as of the Effective Date." Pursuant to Section 365 of the Bankruptcy Code, by issuing the Assumption Order, the Bankruptcy Court determined that as of April 2, 2004, Kmart had cured or provided adequate assurance that it would promptly cure, any alleged default under the Lease.

27. On April 13, 2004, Harvard issued to Kmart a notice to vacate/notice of termination (the "Vacate Notice"). The Vacate Notice alleged two grounds for terminating Kmart's rights under the Lease. First, the Vacate Notice asserted that Kmart's rights under the Lease terminated on February 1, 2004 (the first day of the new term of the Lease) because it was allegedly in violation of the Grocery Clause on and after September 5, 2003. Second, the Vacate Notice asserted that election on January 24, 2003 to renew the Lease was "null and void."

28. Both asserted grounds for default are in contravention of the Bankruptcy Court's order of April 2, 2004 and of the facts. In overruling Harvard's objection to Kmart's assumption of the Lease, the Bankruptcy Court intrinsically determined that Kmart was in compliance under the Lease as of May 6, 2003 (the effective date of the assumption of the Lease) and, specifically, that Kmart was not in default of the Grocery Clause as of that day. Since May 6, 2003, Kmart has dramatically reduced the food items it offers for sale. Kmart's current (since mid December 2003) limited offerings of snacks, cereals and soft drinks cannot be in violation of the Grocery Clause when the more expansive food offerings as of May 6, 2003 were found not to be in violation of the clause.

29. Likewise, the Bankruptcy Court also intrinsically rejected the contention that the alleged default under the Grocery Clause as of January 31, 2003 precluded Kmart from extending the term of the Lease. As of May 6, 2003, Kmart assumed a lease that had already been extended (pursuant to the notice furnished Harvard on

January 23, 2003). Harvard opposed the assumption of the Lease, and implicitly its prior extension, on several grounds, including violation of the Grocery Clause. After Harvard withdrew its objection to assumption of the Lease, the Bankruptcy Court dismissed the objection with prejudice.

30. The prior proceedings in the Bankruptcy Court leave Harvard only with the claim that Kmart has committed some new, post assumption violation of the Grocery Clause. Kmart's current food offerings, however, are significantly less than what they were as of May 6, 2003, which the Bankruptcy Court ruled were not in violation of the Grocery Clause.

31. The claim asserted in this action is thus barred by the doctrine of *res judicata*/claim preclusion because: (1) this action involves the same, or lesser, claim as involved in the Assumption Objection, namely the alleged violation of the Grocery Clause and the alleged consequences that the Lease was terminated and Kmart's exercise of its right to extend the term of the Lease was rendered "null and void;" (2) the Bankruptcy Court reached a valid final judgment on the merits by determining that the Assumption Objection be dismissed with prejudice, that the Lease existed so that it could be assumed by Kmart and, *ipso facto*, that Kmart's exercise of its right to extend the term of the Lease was valid; and (3) the Assumption Objection proceeding involved the same parties, namely Harvard and Kmart.

### THIRD AFFIRMATIVE DEFENSE

32. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges

paragraphs 7 through 31 of this Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

33. Harvard's action is barred by the principle of collateral estoppel/issue preclusion.

34. Harvard's claim for relief is defective because: (1) the Bankruptcy Court reached a valid final judgment on the merits by determining that Harvard's Assumption Objection be dismissed with prejudice, that the Lease existed so that it could be assumed by Kmart and, *ipso facto*, that Kmart's exercise of its right to extend the term of the Lease was valid; (2) an essential element of Harvard's Assumption Objection was adversely determined against Harvard by the Bankruptcy Court's order dismissing the Assumption Objection with prejudice and allowing Kmart to assume the Lease; and (3) an essential element of Harvard's claim in this action is that Kmart was allegedly violating the Grocery Clause on September 5, 2003 and February 1, 2004. As Exhibits A through F make clear, this issue was conclusively determined against Harvard by the Bankruptcy Court's Assumption Order. Therefore, Harvard is estopped from relitigating the alleged violation of the Grocery Clause and the alleged consequences resulting therefrom under the principle of collateral estoppel/issue preclusion.

## FOURTH AFFIRMATIVE DEFENSE

35. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 34 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

11

36. Harvard's action is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

37. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 36 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

38. Harvard's action is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

39. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 38 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

40. Harvard's action is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

41. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 40 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

42. Harvard's action is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

43.     Kmart reserves the right to amend this Amended Answer, Counterclaim and Demand for Jury Trial to include additional affirmative defenses as they become apparent.

## FIRST COUNTERCLAIM
(Declaratory Judgment)

44.     Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 43 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

45.     This Court has jurisdiction to hear this counterclaim under 28 U.S.C. § 2201(a) because it constitutes an actual controversy within this Court's jurisdiction and Kmart seeks a declaration of its rights with regard to Harvard.

46.     Kmart seeks a declaration that Harvard's Vacate Notice, given after the Bankruptcy Court issued its Assumption Order in accordance with the Bankruptcy Code, has no effect because it is in contravention of the Assumption Order and the provisions of the Bankruptcy Code. This constitutes an "actual controversy" within this Court's jurisdiction because Harvard has filed suit to enforce its Vacate Notice although Kmart deems the Vacate Notice to have no effect. Resolution of this dispute requires an interpretation of federal law, namely, the Bankruptcy Code.

## SECOND COUNTERCLAIM

(Violation of Kmart's Confirmed Plan of Reorganization and the Bankruptcy Court's Order Confirming Kmart's Plan of Reorganization)

47. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 46 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

48. This Court has jurisdiction to hear this counterclaim under 28 U.S.C. § 1331 because it poses a federal question of whether this action violates the Bankruptcy Court's order confirming Kmart's plan of reorganization pursuant to the Bankruptcy Code.

49. Harvard (i) gave its Vacate Notice to Kmart and (ii) brought this action in violation of Kmart's confirmed Plan of Reorganization and in violation of Section 1141 of the Bankruptcy Code which binds Harvard to Kmart's confirmed Plan of Reorganization.

50. Kmart has sustained and continues to sustain damages and costs, including attorneys' fees and expenses, in defending this action brought against it by Harvard.

## THIRD COUNTERCLAIM

(Violation of the Bankruptcy Court's Order Allowing Lease Assumption)

51. Kmart reasserts its responses to paragraphs 1 through 6 of the Complaint and incorporates them by reference as if fully set forth herein. Kmart realleges paragraphs 7 through 50 of this Amended Answer, Counterclaim and Demand for Jury Trial and incorporates them by reference as if fully set forth herein.

52. This Court has jurisdiction to hear this counterclaim under 28 U.S.C. § 1331 because it poses a federal question of whether this action violates the Bankruptcy Court's order allowing Kmart to assume the Lease pursuant to the Bankruptcy Code.

53. Harvard (i) gave its Vacate Notice to Kmart and (ii) brought this action in violation of the Bankruptcy Court's order allowing Kmart to assume the Lease under Section 365 of the Bankruptcy Code.

54. Kmart has sustained and continues to sustain damages and costs, including attorneys' fees and expenses, in defending this action brought against it by Harvard.

## JURY TRIAL AND DEMAND

55. Pursuant to Fed.R.Civ.P. 38(b), Kmart hereby demands a trial by jury on all issues triable of right by jury.

WHEREFORE, Kmart requests that this Court enter a judgment or order as follows:

(i)   Denying Harvard the relief sought in the Complaint;

(ii)  Dismissing Harvard's Complaint with prejudice;

(iii) Declaring that Harvard's Vacate Notice is of no effect;

(iv)  Entering judgment in favor of Kmart;

(v)   Awarding Kmart damages for Harvard's violations of Kmart's confirmed Plan of Reorganization and the Bankruptcy Court orders confirming the Plan of Reorganization and authorizing Kmart's assumption of the Lease;

(vi)  Awarding Kmart its reasonable attorney's fees and expenses; and

(vii) Granting such other relief as is just and proper.

November 22, 2004                           KMART CORPORATION
                                            By its attorneys,


                                            _____
                                            William R. Moorman, Jr. (BBO# 548593)
                                            Kathleen A. Rahbany (BBO# 654322)
                                            Craig and Macauley Professional Corporation
                                            Federal Reserve Plaza
                                            600 Atlantic Avenue
                                            Boston, MA  02210
                                            Phone: (617) 367-9500
                                            Fax:   (617) 742-1788

## CERTIFICATE OF SERVICE

I, Joseph J. Koltun, an attorney, hereby certify that I caused a true and correct copy of the foregoing Amended Answer to be served upon the party listed below by hand delivery this 22nd day of November 2004.

Frank A. Flynn, Esq.
Downing & Flynn
85 Devonshire Street
Suite 100
Boston, MA 02109

_____
Joseph J. Koltun