UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-12249-DPW

| | |
|---|---|
| HARVARD REAL ESTATE–ALLSTON, INC., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KMART CORPORATION, KMART STORE 9424, ) <br> Defendant. ) <br> ) | PLAINTIFF'S MOTION TO REMAND TO THE BOSTON MUNICIPAL COURT, BRIGHTON DIVISION, AND FOR COSTS AND ATTORNEY'S FEES, PURSUANT TO 28 U.S.C. § 1447(c) |

Pursuant to 28 U.S.C. § 1447(c), the Plaintiff, Harvard Real Estate-Allston, Inc. ("Harvard"), by its attorneys, hereby moves to remand this commercial summary process action to the Boston Municipal Court, Brighton Division, as it has been improperly removed by the Defendant Kmart Corporation, Kmart Store 9424 ("Kmart"), and Kmart has failed to establish either diversity jurisdiction under 28 U.S.C. § 1332(a) or federal question jurisdiction under 28 U.S.C. § 1331.[1] As reasons therefor, the Plaintiff submits the attached Memorandum of Law and states as follows:

1.  Harvard seeks possession of the commercial premises based upon Kmart's sale of groceries in the premises, which was clearly prohibited by the commercial lease. As Kmart was in default of the Lease, Harvard elected to treat Kmart's purported extension of the lease as null and void. As a result, the lease expired as of January 31, 2004, and Harvard is entitled to

---

[1] The Plaintiff has also filed a separate Motion to Dismiss the Defendant's Counterclaims, on grounds that: (1) under the applicable Massachusetts statute, M.G.L. c. 239, § 8A, counterclaims are clearly not permitted in commercial summary process eviction actions; (2) Kmart has a prior, currently pending action in the United States Bankruptcy Court, which it failed to disclose to this Court, in which it alleges substantially similar claims based on the alleged res judicata effect of prior Bankruptcy Court orders; and (3) federal question subject matter jurisdiction is lacking because the alleged res judicata effect of prior Bankruptcy Court orders is a wholly inadequate basis for Federal District Court jurisdiction.

possession of the premises.[2]

2.     The Defendant has improperly removed this summary process commercial eviction action, which should be remanded to the state court on the grounds that subject matter jurisdiction is lacking, in that Kmart fails to satisfy the jurisdictional minimum amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a), and also it fails to establish federal question jurisdiction under 28 U.S.C. § 1331, based solely upon the alleged res judicata effect of prior orders of the United States Bankruptcy Court.

3.     The United States Supreme Court and the First Circuit have repeatedly held that the removal statute is to be strictly construed, and that any doubts should be resolved in favor of remand. *See* Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868 (1941); Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999); Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995).  The underlying policies favoring remand include important considerations of federal-state comity.  Shamrock Oil Corp., 313 U.S. at 109, 61 S.Ct. at 872.

4.     Moreover, as the plaintiff is the 'master of his complaint,' see Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999), and the borders of federal jurisdiction are to be watchfully policed, see Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001), Kmart as the removing defendant should have the burden of showing that there is *"legal certainty"* that the Plaintiff, if successful, will recover more than the jurisdictional minimum.  Radlo v. Rhone-Poulenc, S.A., 241 F.Supp.2d 61, 63 (D. Mass. 2002) (Emphasis supplied).

---

[2]   Harvard brought this commercial summary process eviction action solely for possession of the premises; it does not seek rent and/or damages.

5. Kmart has completely failed to satisfy its burden to establish federal diversity jurisdiction where it cannot demonstrate that the amount in controversy exceeds the $75,000.00, exclusive of interest and costs, since Harvard's Summary Process Complaint seeks only possession and not rent and/or monetary damages. Moreover, Kmart fails to demonstrate that if Harvard prevails it will suffer damages in excess of the jurisdictional amount, where its alleged damages are entirely speculative and/or completely invented. Alleged costs asserted such as future rents, common area maintenance costs, lost profits, relocation costs, and similar costs are collateral costs not directly related to Harvard's claim for possession, and cannot be used to satisfy the jurisdictional minimum.

6. On removal in a diversity case, the Court must look to state law to determine the nature and extent of the right to be enforced. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 352-353 (1961); Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). Under the Massachusetts Summary Process Statute, eviction is intended to be a process giving the landlord a quick remedy for possession. Harvard in its Summary Process Complaint seeks only recovery of possession and does not seek rent and/or other monetary damages.

7. Strictly construing the jurisdictional standard for amount in controversy, where Harvard as the "master of [its] complaint" seeks only possession, not monetary damages, Kmart cannot possibly demonstrate to a *legal certainty* that if Harvard prevails on its claim for possession Kmart will suffer more than $75,000.00 in damages, exclusive of interests and costs. Harvard is entitled to remand to the state court's summary process procedure which is designed to obtain the "quick remedy for possession."

8. In addition, United States Supreme Court precedent decisively forecloses Kmart

3

from asserting as a basis for federal question removal jurisdiction the alleged res judicata (or alleged claim preclusion) effect of a prior federal judgment. *See* Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476, 118 S.Ct. 921, 925-926 (1998); Metheny v. Becker, 352 F.3d 458, 460 (1st Cir. 2003), citing Rivet. Completely ignoring the controlling precedent of Rivet, Kmart asserts federal question jurisdiction in this case solely on the basis of an alleged res judicata and collateral estoppel effect of prior orders of the Bankruptcy Court, an entirely inadequate basis for this Court to exercise jurisdiction.

9. As the Supreme Court emphasized in Rivet, "[c]laim preclusion (res judicata), as Rule 8(c) of the Federal Rules of Civil Procedure makes clear, is an affirmative defense." Rivet, 522 U.S. 470, 476, 118 S.Ct. 921, 925-926 (1998). Therefore, Kmart cannot use its alleged affirmative defenses of res judicata and collateral estoppel as defenses to Harvard's claim for possession, in order to obtain federal question removal jurisdiction in this Court. Moreover, there is no suggestion in Harvard's well-pleaded complaint of any federal question because this is a classic case of eviction brought under a state law statute, the type of case that is heard every week in the trial courts of the Commonwealth. Therefore, remand to the state court is required based upon the lack of federal question jurisdiction.

10. Furthermore, Kmart has misled this Court by completely failing to inform it that Kmart has a pending complaint for declaratory and injunctive relief in an adversary proceeding in the Bankruptcy Court for the Northern District of Illinois, in which Kmart alleges claims based upon res judicata that are substantially identical to the grounds for removal that it raises here.

11. Kmart further fails to inform this Court that on September 29, 2004 the United States Bankruptcy Court denied Kmart's attempt to enjoin Harvard from pursuing an eviction

action. Indeed, the United States Bankruptcy Court found that Kmart has failed to substantiate any of its assertions that Harvard had acted improperly in terminating Kmart's tenancy.

12    All of the foregoing grounds prevent Kmart from removing Harvard's state law commercial summary process claim for possession, as Kmart fails to establish diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court allow the Plaintiff's Motion to Remand, and that the Court order the case remanded to the Boston Municipal Court, Brighton Division, and further that the Court award costs and attorney's fees to the Plaintiff pursuant to 28 U.S.C. § 1447(c).

### THE PLAINTIFF REQUESTS ORAL ARGUMENT

Pursuant to Local Rule 7.1 (D), the Plaintiff hereby requests oral argument of this Motion to Dismiss Defendant's Counterclaims.

        Respectfully submitted,
        Plaintiff,
        Harvard Real Estate Allston-Inc.
        By its attorneys,

        _/s/_ Esq.
        Frank A. Flynn, Esq. (BBO# 551668)
        Randolph C. English, Esq. (BBO# 628647)
        Downing & Flynn
        85 Devonshire Street, Suite 1000
        Boston, MA 02109
        (617) 720-3535

DATED:    November 22, 2004

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Frank A. Flynn, counsel for the Plaintiff, hereby certify that I have conferred with William R. Moorman, counsel for the Defendant, in an attempt to resolve or narrow the issues presented by this motion and that counsel were unable to so resolve or narrow the issues.

_____
Frank A. Flynn, Esq.

## **CERTIFICATE OF SERVICE**

    I, Frank A. Flynn, Esquire, Attorney for the Plaintiff, hereby certify that I have served the Defendant this date with a copy of this Plaintiff's Motion to Remand to the Boston Municipal Court, Brighton Division, and for Costs and Attorney's Fees, Pursuant to 28 U.S.C. § 1447(c), by hand delivering a copy of same to its counsel of record as follows:

        William R. Moorman, Esq.
        Kathleen A. Rahbany, Esq.
        Craig and Macauley Professional Corporation
        Federal Reserve Plaza
        600 Atlantic Avenue
        Boston, MA 02210

this 24th day of November, 2004.

                                                      Frank A. Flynn, Esq.