UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-12249-DPW

| | |
|---|---|
| HARVARD REAL ESTATE–ALLSTON, INC., ) | |
| Plaintiff, ) | |
| ) | PLAINTIFF'S MOTION TO |
| v. ) | DISMISS DEFENDANT'S |
| ) | COUNTERCLAIMS |
| KMART CORPORATION, KMART STORE 9424, ) | |
| Defendant. ) | |

Pursuant to Fed. R. Civ. P. 12 (b)(1) and (6), the Plaintiff, Harvard Real Estate-Allston, Inc. ("Harvard"), by its attorneys, moves to dismiss the First, Second and Third Counterclaims brought by Defendant Kmart Corporation, Kmart Store 9424 ("Kmart") in this commercial summary process eviction action, which the Plaintiff brought in the state court and which Kmart has removed pursuant to 28 U.S.C. § 1441. As reasons therefor, the Plaintiff submits the attached Memorandum of Law and states as follows:

1. Harvard seeks possession of the commercial premises based upon Kmart's sale of groceries in the premises, which was clearly prohibited by the commercial lease. As Kmart was in default of the Lease, Harvard elected to treat the purported extension of the lease as null and void. As a result, the lease expired as of January 31, 2004, and Harvard is entitled to possession of the premises.[1]

2. The Defendant has impermissibly brought counterclaims in this commercial summary process eviction, and each of the Defendant's three (3) counterclaims should be dismissed, for all of the following reasons:

---

[1] Harvard brought this commercial summary process eviction action solely for possession of the premises; it does not seek rent and/or damages.

(a) As a matter of law, counterclaims in commercial summary process eviction actions are clearly barred under the applicable substantive law, the Massachusetts Summary Process Statute, M.G.L. c. 239, § 1 et seq., as twice confirmed recently by the Massachusetts Supreme Judicial Court;

(b) Kmart's counterclaims are clearly duplicative of claims already brought by Kmart and currently pending in an Adversary Proceeding in the Bankruptcy Court, where Kmart is seeking declaratory judgment on substantially identical claims based upon an alleged res judicata defense; and

(c) Federal question jurisdiction is completely lacking because Kmart asserts jurisdiction based solely upon the alleged res judicata effect of prior orders of the Bankruptcy Court, an entirely inadequate basis for this Court to exercise jurisdiction.[2]

Any one of these three (3) grounds is sufficient for this Court to dismiss the Defendant's counterclaims.

3. The sole jurisdictional basis alleged for Kmart's counterclaims is federal question jurisdiction under 28 U.S.C. §1331, based solely upon the alleged res judicata effect of prior orders of the United States Bankruptcy Court.

4. It is clear that the Federal District Court must apply the substantive law of the state in which the cause of action arose. Fithian v. Reed, 204 F.3d 306, 308 (1st Cir. 2000), citing Erie

---

[2] The Plaintiff is also filing separately a Motion to Remand to the state court, pursuant to 28 U.S.C. 1447(c), on the evident basis that federal question jurisdiction is lacking, and the Defendant fails to satisfy the jurisdictional minimum amount in controversy for diversity purposes under 28 U.S.C. § 1332(a).

R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938); Bajowski v. Sysco Corp., 115 F.Supp.2d 133, 136 (D. Mass. 2000). Therefore, the substantive law of Massachusetts applies, specifically, the Massachusetts Summary Process eviction statute, M.G.L. 239, §§1 and 8A.

5. *Indeed, the plain language of the Summary Process Statute, M.G.L. c. 239, § 8A, as twice confirmed by the Massachusetts Supreme Judicial Court in two very recent cases, clearly bars Kmart from bringing counterclaims here because this is a commercial eviction action.* See Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003); Golden v. General Builders Supply LLC, 441 Mass. 652, 658 fn.4, 807 N.E.2d 822, 827 fn.4 (May 12, 2004). Interpretation of state law by the Commonwealth's highest court is conclusive upon a federal district court. Roe v. Farwell, 999 F.Supp. 174, 192 (D. Mass. 1998), citing Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995) (Emphasis supplied).

6. Kmart misleads this Court by completely failing to inform it that Kmart has a pending complaint for declaratory and injunctive relief in an adversary proceeding in the Bankruptcy Court for the Northern District of Illinois, in which Kmart alleges claims based upon res judicata that are substantially identical to the claims it raises here. Under the "prior action pending doctrine" Kmart cannot maintain counterclaims which it has previously raised and which are pending in another court. *See* Lesavoy v. Lane, 304 F.Supp.2d 520, 535 (S.D.N.Y. 2004), citing Continental Time Corp. v. Swiss Credit Bank, 543 F.Supp.2d 408, 410 (S.D.N.Y. 2002); Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1977).

7. Kmart further fails to inform this Court that on September 29, 2004 the United States Bankruptcy Court denied Kmart's attempt to enjoin Harvard from pursuing an eviction action, noting that with regard to declaratory relief its "jurisdiction . . . concerning the res

judicata effect of the [lease] assumption order, is questionable at best". Indeed, the United States Bankruptcy Court found that Kmart has failed to substantiate any of its assertions that Harvard had acted improperly in terminating Kmart's tenancy.

8. Moreover, Kmart's counterclaims are barred by United States Supreme Court precedent which decisively forecloses a defendant from asserting as a basis for removal jurisdiction the alleged res judicata (or alleged claim preclusion) effect of a prior federal judgment. *See* Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476, 118 S.Ct. 921, 925-926 (1998); Metheny v. Becker, 352 F.3d 458, 460 (1st Cir. 2003), citing Rivet.

9. All of the foregoing grounds decisively foreclose Kmart's counterclaims in this summary process eviction action. The clear precedents by the United States Supreme Court and the Massachusetts Supreme Judicial Court, the prior pending action doctrine based upon Kmart's failure to disclose to this Court that it has substantially identical claims currently pending in the United States Bankruptcy Court, and the lack of lack of federal question jurisdiction because Kmart asserts jurisdiction based solely on the alleged res judicata effect of prior orders of the United States Bankruptcy Court, all warrant dismissal of Kmart's counterclaims.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court allow this Motion to Dismiss Defendant's Counterclaims, dismissing Kmart's First, Second and Third Counterclaims for all of the following reasons: (1) as a matter of law, counterclaims are clearly barred under the Massachusetts summary process statute, M.G.L. c. 239; (2) the counterclaims are clearly duplicative of claims already brought by Kmart and currently pending in the Bankruptcy Court Adversary Proceeding, where Kmart seeks declaratory judgment on its claims; and (3) federal question jurisdiction is completely lacking because Kmart asserts jurisdiction

based solely upon the alleged res judicata effect of prior orders of the Bankruptcy Court, an entirely inadequate basis for this Court to exercise jurisdiction.

### THE PLAINTIFF REQUESTS ORAL ARGUMENT

Pursuant to Local Rule 7.1 (D), the Plaintiff hereby requests oral argument of this Motion to Dismiss Defendant's Counterclaims.

        Respectfully submitted,
        Plaintiff,
        Harvard Real Estate Allston-Inc.
        By its attorneys,

        Frank A. Flynn, Esq. (BBO# 551668)
        Randolph C. English, Esq. (BBO# 628647)
        Downing & Flynn
        85 Devonshire Street, Suite 1000
        Boston, MA 02109
        (617) 720-3535

DATED:   November 22, 2004

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Frank A. Flynn, counsel for the Plaintiff, hereby certify that I have conferred with William R. Moorman, counsel for the Defendant, in an attempt to resolve or narrow the issues presented by this motion and that counsel were unable to so resolve or narrow the issues.

_____
Frank A. Flynn, Esq.

## CERTIFICATE OF SERVICE

I, Frank A. Flynn, Esquire, Attorney for the Plaintiff, hereby certify that I have served the Defendant this date with a copy of this Plaintiff's Motion to Dismiss Counterclaims, by mailing a copy of same by first class mail, postage prepaid, to its counsel of record as follows:

>William R. Moorman, Esq.
>Kathleen A. Rahbany, Esq.
>Craig and Macauley Professional Corporation
>Federal Reserve Plaza
>600 Atlantic Avenue
>Boston, MA 02210

this 22nd day of November, 2004.

Frank A. Flynn, Esq.