UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-12249-DPW

| | | |
|---|---|---|
| HARVARD REAL ESTATE–ALLSTON, INC., | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| v. | ) | PLAINTIFF'S MOTION TO |
| | ) | DISMISS DEFENDANT'S |
| KMART CORPORATION, KMART STORE 9424, | ) | COUNTERCLAIMS |
| Defendant. | ) | |
| | ) | |

Pursuant to Fed. R. Civ. P. 12 (b)(1) and (6), the Plaintiff, Harvard Real Estate-Allston, Inc. ("Harvard"), hereby submits this Memorandum of Law in support of its Motion to Dismiss the First, Second and Third Counterclaims brought by Defendant Kmart Corporation, Kmart Store 9424 ("Kmart") in this commercial summary process eviction action.

## INTRODUCTION

Kmart's counterclaims were brought improperly and should be dismissed because the applicable state law, M.G.L. c. 239, § 8A, clearly precludes a commercial tenant from raising counterclaims in a commercial summary process eviction case. Moreover, Kmart failed to inform this Court that prior to bringing this action it had brought an Adversary Proceeding in the Bankruptcy Court alleging substantially identical claims as it has brought here. Therefore, Kmart's present claims are impermissively duplicative of its pending claims in the Bankruptcy Court. Furthermore, this Court clearly lacks federal question jurisdiction over Kmart's counterclaims because they are based solely on the alleged res judicata effect of prior orders of the Bankruptcy Court, a wholly inadequate basis to establish this Court's jurisdiction.

Harvard commenced this summary process commercial eviction pursuant to M.G.L. c. 239, § 1 in the state court based upon Kmart's sale of groceries in the commercial premises in

default of its commercial lease. Harvard's claim for possession is based upon Kmart's prohibited sale of groceries in the premises; Kmart's failure to timely cure its default; and, based upon the default, Harvard's election to treat as null and void a purported extension of the lease by Kmart.

The Defendant's counterclaims have been brought improperly, for three reasons: (1) counterclaims are clearly barred under the Massachusetts summary process statute, M.G.L. c. 239, § 8A; (2) the counterclaims are clearly duplicative of claims already brought by Kmart and currently pending in an Adversary Proceeding in the Bankruptcy Court, where Kmart seeks declaratory judgment on its claims; and (3) federal question jurisdiction is completely lacking because Kmart asserts jurisdiction based solely upon the alleged res judicata effect of prior orders of the Bankruptcy Court, an entirely inadequate basis for this Court to exercise jurisdiction.[1]

## STATEMENT OF FACTS

In or about August 2003, Harvard discovered that Kmart was selling groceries in the commercial premises located in the Brighton Mills Shopping Center in Brighton, owned by Harvard, in clear violation of its lease. The commercial lease contains strong prohibitions against selling groceries in the premises due to the fact that a grocery store in the shopping center is another tenant of Harvard. Moreover, Kmart did not have a role in drafting the lease since it purchased an assignment of the lease in 1999 from the original lessee, Caldor's Inc., upon Caldor's bankruptcy. As a result, on or about September 5, 2003, Harvard served Kmart with a Notice of Default informing Kmart that it was in default of the commercial lease by (among other

---

[1]    The Plaintiff is also filing separately a Motion to Remand to the state court, pursuant to 28 U.S.C. 1447(c), on the evident basis that federal question jurisdiction is lacking, and the Defendant fails to satisfy the jurisdictional minimum amount in controversy for diversity purposes under 28 U.S.C. § 1332(a).

things) its continued sale of groceries in the commercial premises.[2]  (Copies of the Commercial

Lease and the Notice of Default are attached hereto as Exhibit 1 and 2, respectively, and are

hereby incorporated by reference).  Paragraph 2(B) of the Commercial Lease prohibits the sale of

groceries in the premises, as it states in pertinent part:

> *"[N]either the demised premises nor any part thereof will be used for the*
> *operation of (I) a so called supermarket or grocery store; (ii) a grocery store or*
> *department; (iii) a meat market or department, (iv) a produce market or*
> *department, (v) a milk and ice cream store; (vi) a bakery store or department;*
> *(vii) a delicatessen or department devoting more than 2000 square feet of floor*
> *area to the sale of food for consumption off the premises, or (viii) any*
> *combination of the foregoing.  Nothing hereinabove contained, however, shall be*
> *deemed to prohibit the demised premises from being used for the sale of candy,*
> *cookies and/or confections."*

(See attached Exhibit 1) (Emphasis supplied).  Under certain circumstances, the tenant may elect

to extend the original term of the Lease for an additional period; however, ***where the tenant is in***

***continuing default, Paragraph 4(B) unambiguously permits the landlord to elect to nullify any***

***purported extension of the Lease by the tenant:***

> *" Notwithstanding the foregoing provisions of this Section (B), if at the time of the*
> *exercise of any of the aforesaid elections to extend the original term of this lease,*
> *or at the time of the commencement of the aforesaid extension periods Tenant*
> *shall be in default of any of its obligations or agreements in this lease contained*
> *beyond any period herein provided for the curing of such default, then if Landlord*
> *shall so elect, the exercise of such election by Tenant shall be deemed null and*
> *void or the extension period shall not commence, as the case may be, and the term*
> *of the lease shall expire upon the date herein provided for such expiration absent*
> *the exercise of such election by Tenant."* [3]

---

[2]     Although the Notice of Default alleged several other lease violations, the continued
sale of groceries in the premises provides the ground for termination at issue here.

[3]     A portion of Paragraph 4(B) provides: "The tenant shall have the right, at its election,
to extend the original term of this lease for an additional period of five (5) years commencing
upon the expiration of the original term provided that Tenant shall give Landlord notice of the
exercise of its election at least twelve (12) months prior to the expiration of the original term."

When the tenant remains in default of the Lease, Paragraph 13(A) (ii) allows Harvard to

terminate the Lease:

> " . . . [I]f Tenant shall default in the performance or observance of any other
> obligation of any other agreement or condition on its part to be performed or
> observed and if Tenant shall fail to cure said default within thirty (30) days after
> receipt of notice of said default from Landlord (or if said default shall reasonably
> require longer than thirty (30) days to cure, if Tenant shall fail to commence to
> cure said default within a reasonable time after receipt of notice thereof and
> prosecute said default within a reasonable time after receipt of notice thereof and
> prosecute the curing of the same to completion with due diligence ). . . then in any
> of said cases and without waiving any claim for breach of agreement Landlord
> may send written notice to Tenant of the termination of the term of this lease, and,
> on the fifth day next following the date of the sending of the notice the term of this
> lease shall terminate, Tenant waiving all rights of redemption. "

After the Notice of Default was sent, Kmart failed to cure its violation of the lease within

thirty (30) days or within a reasonable period thereafter as it continued to sell groceries in the

premises. Therefore, on April 23, 2004 Harvard sent Kmart a Notice to Vacate/Notice of

Termination.[4]  (A copy of the Notice to Vacate/Notice of Termination is attached hereto as

Exhibit 3 and incorporated herein).  The Notice to Vacate/Notice of Termination notified Kmart

that: (1) Kmart had failed to cure its default under the Lease, after notice; that (2) due to its

default Harvard was exercising its right under the lease to elect to declare null and void Kmart's

purported extension of the term of the lease, which expired on January 31, 2004; and that,

---

However, this provision is expressly overridden in the case where, because of the tenant's
default, the landlord elects to declare the tenant's purported extension null and void.  Thus,
although Kmart on or about January 23, 2003 purported to extend the term of the Lease by
sending Harvard a notice of election to extend the Lease for an additional five (5) year term,
because of its continuing default Harvard elected to declare the purported extension null and void
and terminated Kmart's tenancy.

[4]     The Notice to Vacate/Notice of Termination was delayed several months pending a
ruling by the Bankruptcy Court pertaining to Harvard's ability to proceed with an eviction in
state court.

alternatively, (3) Harvard was exercising its election to terminate the Lease within thirty (30) days of the Notice to Vacate/Notice of Termination, and Kmart was required to vacate the premises within that period. The Defendant remains in possession of the premises as a tenant at sufferance only, as a result of Harvard's election to treat Kmart's purported extension as null and void.

On or about October 6, 2004, Harvard commenced a summary process eviction action pursuant to M.G.L. c. 239, § 1, in the Boston Municipal Court, Brighton Division, after it served a summary process summons and complaint upon Kmart. On October 25, 2004 the Defendant filed a Notice of Removal removing the case to this Court pursuant to 28 U.S.C. §1441. On or about November 2, 2004, the Defendant served an Answer and Counterclaims, alleging three (3) claims: (1) Declaratory Judgment (First Counterclaim); (2) "Violation of Kmart's Confirmed Plan of Reorganization and the Bankruptcy Court's Order Confirming Kmart's Plan of Reorganization" (Second Counterclaim); and (3) "Violation of the Bankruptcy Court's Order Allowing Lease Assumption" (Third Counterclaim).

Kmart's three counterclaims duplicate the claims it already has pending pursuant to Kmart's Complaint for Declaratory and Injunctive Relief brought in the United States Bankruptcy Court for the Northern District of Illinois, Adversary Proceeding No. 04A-02256, Kmart Corporation v. Harvard Real Estate-Allston, Inc.[5]   (Copies of Kmart's Complaint for Declaratory and Injunctive Relief and Harvard's Answer thereto are attached hereto as Exhibit 4 and 5, respectively, and incorporated herein). In the currently ongoing Bankruptcy Court

---

[5]    The Adversary Proceeding arises out of Kmart's Chapter 11 Bankruptcy Case No. 02-B02474 brought in the United States Bankruptcy Court, Northern District of Illinois, Easter Division.

proceeding, Kmart has alleged substantially identical res judicata claims as the ones it alleges here. In addition, Kmart alleged that the Adversary Proceeding is a core matter under 28 U.S.C. §157(b)(2), even though Kmart had emerged from bankruptcy a full year earlier and the Bankruptcy Court's continuing jurisdiction is limited. Moreover, Kmart alleged that the Bankruptcy Court has exclusive jurisdiction over its claims, even though it now alleges that the Federal District Court has jurisdiction over its substantially identical claims.

On September 29, 2004, the Bankruptcy Court (Sonderby, J.) issued an oral ruling denying Kmart's motion for a preliminary injunction, which sought to enjoin Harvard "from evicting Kmart based upon defaults alleged, or that could have been alleged in the Assumption Objection" and from allegedly "violating the discharge injunction and the Confirmation Order." (See attached Exhibit 4, Prayer for Relief ¶¶ D and E). As the Bankruptcy Judge found, in pertinent part:

> "[T]his court's jurisdiction over Count I, which seeks a declaration concerning the res judicata effect of the assumption order, is questionable at best [because, among other reasons], the res judicata effect of an order entered in the first case is usually for the judge presiding in the second case to decide, citing Pettibone 935 F.2d at 123. Reorganized Kmart is certainly free to raise *res judicata as a defense in the state court*. After confirmation, the reorganized firm is like any other business that protects its interest by pleading appropriate defenses to actions, Id."

(See transcript of proceedings in the United States Bankruptcy Court, attached hereto as Exhibit 6 and incorporated herein, at page 12) (Emphasis supplied). The Bankruptcy Court's ruling allowed Harvard to pursue the state court eviction action. However, at the same time Kmart's substantially identical claims for declaratory judgment remain pending in the Bankruptcy Court.

**ARGUMENT**

I.      **THE MASSACHUSETTS SUMMARY PROCESS STATUTE, M.G.L. c. 239 , § 8A, PRECLUDES KMART FROM BRINGING COUNTERCLAIMS IN AN ACTION FOR POSSESSION OF COMMERCIAL PREMISES BASED UPON A LEASE DEFAULT.**

   A.     **The Substantive Law of Massachusetts is the Law to be Applied to the Present Motion.**

For purposes of this Motion to Dismiss Defendant's Counterclaims only, assuming that this court has diversity jurisidiction over Harvard's summary process claim for possession of the commercial premises, the Federal district court must apply the substantive law of the state in which the cause of action arose. Fithian v. Reed, 204 F.3d 306, 308 (1st Cir. 2000), citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938); Bajowski v. Sysco Corp., 115 F.Supp.2d 133, 136 (D. Mass. 2000). Therefore, in this action, which has been removed to the Federal court based upon alleged diversity jurisdiction, the substantive law of Massachusetts applies. Specifically, the law applicable to this action is the Massachusetts summary process eviction statute, M.G.L. 239, §1 et seq.

   B.     **M.G.L. c. 239, § 8A Unambiguously Bars Kmart From Bringing Counterclaims in this Action for Possession Based Upon a Commercial Lease Default.**

The Massachusetts Supreme Judicial Court, in the recent landmark case Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003), soundly rejected a commercial tenant's claim that it was entitled to bring counterclaims in a commercial summary process eviction action, holding that the plain language of M.G.L. c. 239, §8A clearly precludes counterclaims in commercial evictions. As the SJC emphasized, "[s]ummary process is a purely statutory procedure and can be maintained only in the instances specifically provided for in the statute."

7

Fafard, 439 Mass. at 515, citing Cummings v. Wajda, 325 Mass. 242, 243, 90 N.E.2d 337

(1950).[6]  *See* M.G.L. 239, §§ 1, 8A.  Section 8A of M.G.L. Chapter 239 creates a *limited* right to

file counterclaims in summary process cases, restricting such counterclaims to *residential*

eviction cases brought for *non-payment of rent.*  Section 8A states, in pertinent part:

> "In any action under this chapter to recover possession of any premises rented or
> leased *for dwelling purposes*, brought pursuant to a notice to quit *for
> nonpayment of rent* . . . the tenant or occupant shall be entitled to raise, by
> defense or counterclaim, any claim against the plaintiff."

As the Supreme Judicial Court explained in its unanimous opinion:

> "Because a tenant's right to bring a counterclaim is explicitly limited in [M.G.L.
> c. 239] § 8A to premises '*rented or leased for dwelling purposes*,' it is clear that
> it applies only to summary process actions in residential cases.  Had the
> Legislature intended § 8A to allow tenant counterclaims in both residential and
> commercial summary process proceedings, it could have included words to that
> effect, or omitted the words 'for dwelling purposes.'  'We will not add words to a
> statute that the Legislature did not put there, either by inadvertent omission or by
> design.'"

Fafard, 439 Mass. at 515, quoting Commonwealth v. McLeod, 437 Mass. 286, 294, 771 N.E.2d

142 (2002) (Emphasis supplied).[7]  *See* ROPT Ltd. Partnership  v. Katin, 431 Mass. 601, 603,

729 N.E.2d 282, 285 (2000) (under familiar rules of statutory construction, it is fundamental that

---

[6]    As the Fafard case makes clear, while M.G.L. Chapter 239 applies to commercial as
well as residential evictions, Section 8A of Chapter 239 does not allow counterclaims in
commercial eviction cases.

[7]    The evident fact that M.G.L. 239, § 8A does not apply to commercial evictions is
further emphasized by the Massachusetts Uniform Summary Process Rules.  Rule 5 of the
Summary Process Rules expressly states: "Counterclaims shall be permitted in accordance with
the provisions of G.L. c. 239, § 8A . . . [Moreover] Counterclaims shall not be considered
compulsory; that is, they shall not be considered waived for the purpose of a separate civil action
or actions if not asserted in a summary process action."  Leaving no doubt as to the prohibition
against bringing counterclaims in commercial evictions, the commentary to Rule 5 further states;
*"[T]he counterclaim provisions of G.L. c. 239, § 8A apply to premises 'rented or leased for
dwelling purposes.'"*  (Emphasis supplied).

the plain language governs where the language is unambiguous and there is no room for speculation as to its meaning); Commonwealth v. O'Brien, 423 Mass. 841, 846, 673 N.E.2d 552, 557 (1996) (same).[8]

In Fafard, the tenant gave timely notice of its exercise of an option to purchase the leased premises. The landlord rejected the tenant's exercise of the option, and the tenant remained in possession after the lease expired. When the tenant failed to continue making rental payments, the landlord commenced nonpayment eviction proceedings seeking both possession and rent. The tenant filed an answer and counterclaim contending that the landlord owed the tenant money for various sums as reduction or offset to the landlord's monetary claims. However, the Court held that the tenant's counterclaims were barred by M.G.L. c. 239, § 8A.

Fafard is the controlling authority foreclosing Kmart's counterclaims in this case. Earlier this year the Supreme Judicial Court reiterated its decision regarding Section 8A in Golden v. General Builders Supply LLC, 441 Mass. 652, 658 fn.4, 807 N.E.2d 822, 827 fn.4 (May 12, 2004). Citing its holding the year before in Fafard, the Massachusetts Supreme Judicial Court noted that the Legislature had expressly provided for counterclaims by residential tenants, but

---

[8]    The Supreme Judicial Court transferred Fafard to itself on its own motion, in light of its earlier decision in Wesson v. Leone Enterprises, Inc., 437 Mass. 708, 774 N.E.2d 611 (2002). In Wesson, a breach of contract case, the commercial tenant terminated the lease because of defective conditions in the premises, such as the landlord's failure to fix leaks in the roof, and the tenant vacated the premises on its own. Monetary damages, not possession, was at issue. The landlord had sued for rent and damage to the premises, and the tenant counterclaimed for monetary offsets, alleging that it had been forced to leave the premises due to the landlord's failure to perform covenants to repair under the lease. The Court in Wesson adopted a rule of mutually dependent covenants in commercial leases, rejecting the common law doctrine of independent covenants. Wesson did *not* involve a claim for possession of the premises, did not involve counterclaims under M.G.L. c. 239, § 8A, and it was not an eviction case. Therefore, in Fafard, the Supreme Judicial Court rejected the tenant's claim that Wesson had any applicability to counterclaims brought under M.G.L. c. 239, § 8A.

had included no comparable provision for counterclaims by tenants occupying commercial premises. Therefore, the Court held, "the clear implication was that the Legislature did not intend to allow counterclaims by commercial tenants in summary process proceedings." Id.

Interpretation of state law by the Commonwealth's highest court is conclusive upon a federal district court. Roe v. Farwell, 999 F.Supp. 174, 192 (D. Mass. 1998), citing Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995). Therefore, the plain language of the summary process statute, as confirmed by the Massachusetts Supreme Judicial Court in two very recent cases, clearly bars Kmart from bringing counterclaims here because this is a commercial eviction action. Accordingly, Kmart's counterclaims should be dismissed.

## II.   KMART HAS IMPROPERLY BROUGHT COUNTERCLAIMS IN THIS COURT WHILE IT HAS A PRIOR ACTION PENDING IN THE BANKRUPTCY COURT, IN WHICH IT RAISES SUBSTANTIALLY IDENTICAL CLAIMS.

Kmart's Answer and Counterclaim is extremely misleading because it completely fails to inform this Court that it has a pending complaint for declaratory and injunctive relief in an adversary proceeding against Harvard in the Bankruptcy Court for the Northern District of Illinois, in which Kmart alleges the same claims based upon res judicata that are substantially identical to the claims it raises here. (See Exhibits 4 and 5 attached hereto). In the present action, Kmart relies upon the purported *res judicata* effect of prior orders of that Bankruptcy Court to assert the federal jurisdiction of this Court, using its counterclaims to duplicate its complaint in the United States Bankruptcy Court. Kmart cannot have dual actions pending on the same claims. "[U]nder the "prior action pending doctrine . . . the Court has the inherent power to dismiss or stay [an] action in favor of the [prior] litigation presenting the same claims and issues." Lesavoy v. Lane, 304 F.Supp.2d 520, 535 (S.D.N.Y. 2004), citing Continental Time

10

Corp. v. Swiss Credit Bank, 543 F.Supp.2d 408, 410 (S.D.N.Y. 2002). "As between federal district courts . . . the general principle is to avoid duplicative litigation." Lesavoy, 304 F.Supp.2d at 536, citing Colorado River Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed. 483 (1976). *See* Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1977) ("There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits . . .") [quoting Sutcliffe Storage & Warehouse Co., Inc. v. United States, 162 F.2d 849, 851 (1st Cir. 1947]. Since the pending Bankruptcy Court action raises substantially identical claims involving the same parties, this Court should dismiss Kmart's counterclaims raised here.

Furthermore, Kmart completely fails to mention the equally important fact that the United States Bankruptcy Court on September 29, 2004 denied Kmart's request for injunctive relief to prevent Harvard from bringing the summary process eviction action in the state court. In addition, in its Complaint for Declaratory and Injunctive Relief, Kmart has asserted that its Complaint involves a core matter under the Bankruptcy Code, and further that the United States Bankruptcy Court has exclusive jurisdiction over its claims with regard to res judicata. (See Kmart Complaint, ¶ 4 ("core matter") and ¶ 24 ("exclusive jurisdiction"). On removal to this Court, Kmart takes a disingenuous and entirely contrary position by asserting that this Court has jurisdiction over its substantially identical counterclaims. Since Kmart emerged from bankruptcy effective May 6, 2003, the pending proceedings in the Bankruptcy Court are post-confirmation and are clearly claims that Kmart chose to raise in the Bankruptcy Court.

Since Kmart's counterclaims improperly duplicate claims for declaratory judgment that are pending in the Bankruptcy Court, this Court should not permit Kmart to engage in this shotgun, claim-splitting approach to litigation by replicating its claims here. As the Bankruptcy

11

Court noted in its recent ruling denying Kmart's motion for a preliminary injunction, under 11

U.S.C. 105(a) it has continuing jurisdiction over post-confirmation matters concerning alleged

violation of the discharge injunction. (Exhibit 6 attached hereto, at 9-11). Kmart's actions in

bringing counterclaims in this Court are entirely disingenuous since Kmart pled in its adversary

complaint that the United States Bankruptcy Court had exclusive jurisdiction over its claims.

(See Exhibit 4 attached hereto, ¶¶ 3, 24). Moreover, the United States Bankruptcy Court has

already denied Kmart's attempt to enjoin Harvard from pursuing an eviction action, noting that

with regard to declaratory relief its "jurisdiction . . . concerning the res judicata effect of the

assumption order, is questionable at best". Indeed, the United States Bankruptcy Court found

that Kmart failed to substantiate any of its assertions that Harvard had acted improperly in

terminating Kmart's tenancy:

> "The request for a preliminary injunction to enforce a discharge injunction, which
> may be more appropriately considered as a motion to hold Harvard in contempt
> for violating the discharge injunction, was not developed after the perfunctory
> reference in the motion's prayer for relief. For example, the request was not
> discussed at the hearing or in the post-trial briefs. Accordingly, the court will not
> consider it, see United States versus Lanzotti, 205 F.3d 951 and Head Start Family
> Education Program, Inc., versus Cooperative Educational Service, 46 F.3d 629."

(Exhibit 6 attached hereto, at 13).

> Furthermore, the Bankruptcy Court noted:

> "[T]his court's jurisdiction over Count I, which seeks a declaration concerning the
> res judicata effect of the assumption order, is questionable at best [because,
> among other reasons], the res judicata effect of an order entered in the first case is
> usually for the judge presiding in the second case to decide, citing Pettibone 935
> F.2d at 123. Reorganized Kmart is certainly free to raise *res judicata as a defense*
> *in the state court*. After confirmation, the reorganized firm is like any other
> business that protects its interest by pleading appropriate defenses to actions, Id."

Id. (Emphasis supplied).

Kmart has improperly invoked this Court's federal question jurisdiction (1) while concealing from this Court the fact that it has a declaratory judgment action pending in the Bankruptcy Court; and (2) by making an end run around the Bankruptcy Court, which has refused to enjoin Harvard from bringing the state court commercial eviction action. As the Bankruptcy Judge indicated, any res judicata *defense* of Kmart's should be for the state court to determine. (See Exhibit 6 attached hereto, at 12).  For these reasons, this Court should decline to exercise jurisdiction over Kmart's counterclaims and accordingly dismiss them.

### III.    KMART'S COUNTERCLAIMS ARE BARRED BY U.S. SUPREME COURT PRECEDENT HOLDING THAT FEDERAL QUESTION REMOVAL JURISDICTION CANNOT BE BASED UPON THE ALLEGED *RES JUDICATA* EFFECT OF PRIOR BANKRUPTCY COURT ORDERS.

Kmart's counterclaims are barred by U.S. Supreme Court precedent which decisively forecloses a defendant from asserting as a basis for removal jurisdiction the alleged res judicata (or alleged claim preclusion) effect of a prior federal judgment. *See* Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476, 118 S.Ct. 921, 925-926 (1998);  Metheny v. Becker, 352 F.3d 458, 460 (1st Cir. 2003), citing Rivet.   Completely ignoring the controlling precedent of Rivet, Kmart asserts federal question jurisdiction in this case solely on the basis of an alleged res judicata and collateral estoppel effect of prior orders of the Bankruptcy Court. (See especially Kmart's Answer and Counterclaims, ¶¶ 8, 33, 34, 40 and 44, and Kmart's Second and Third Affirmative Defenses).

As the Supreme Court emphasized in Rivet, "[c]laim preclusion (res judicata), as Rule 8(c) of the Federal Rules of Civil Procedure makes clear, is an affirmative defense." Rivet, 522 U.S. 470, 476, 118 S.Ct. 921, 925-926 (1998).  Clearly, the gravamen of Kmart's Answer and

Counterclaims is an alleged affirmative defense of res judicata to Harvard's claim for possession.[9] Kmart's three counterclaims are nothing more than a poorly disguised reiteration of its res judicata affirmative defenses, which cannot be transmuted into counterclaims by this sleight of hand. Therefore, based upon Rivet, Kmart's counterclaims must be dismissed because this Court lacks federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

In Rivet, the defendant removed his state claims to federal district court, invoking federal question jurisdiction under 28 U.S.C. § 1441(b), based upon an affirmative defense of *res judicata* because, he alleged (as does Kmart here), prior Bankruptcy Court orders had extinguished the plaintiff's rights. Reversing the Court of Appeals, which had affirmed the District Court, a unanimous United States Supreme Court noted that under the "well-pleaded complaint rule" "a case may not be removed to federal court on the basis of a federal defense . . . " Rivet, 522 U.S. at 475, 118 S.Ct. at 925. The Court further noted that "[t]he Courts of Appeal [had] adopted differing views regarding the propriety of removing a state court action to federal court on the ground that the claim asserted is precluded by a prior federal judgment." Rivet, 522 U.S. at 474, 118 S.Ct. at 924. Then the Court observed:

> "We have long held that '[t]he presence or absence of federal question jurisdiction is governed by the ''well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987), citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (108).

---

[9]    In fact, Kmart merely purports to import wholesale the allegations contained paragraphs 7 through 35 of it First through Fourth Affirmative Defenses into its First through Third Counterclaims. Simply labeling a sow's ear a silk purse does not make it such. These so-called "Counterclaims" fail to state any claim at all.

14

The Court held that "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state proceedings, and the state courts' disposition of it is subject to this Court's ultimate review." Rivet, 522 U.S. at 478, 118 S.Ct. at 926.

The instant case is controlled by the United States Supreme Court's holding in Rivet. Moreover, there is no suggestion in Harvard's well-pleaded complaint of any federal question because this is a classic case of eviction brought under a state law statute, the type of case that is heard every week in the trial courts of the Commonwealth.

Therefore, in addition to Kmart's counterclaims being precluded by Massachusetts law, and its failure to inform the Court of substantially identical claims pending in the Bankruptcy Court, Kmart's counterclaims also fail because this Court lacks federal question jurisdiction. The Court should dismiss the Defendant's counterclaims because (1) they are in actuality affirmative defenses based upon alleged *res judicata*; and (2) such affirmative defenses do not themselves suffice to provide this Court with federal question jurisdiction.

## CONCLUSION

Accordingly, the Plaintiff respectfully requests that this Honorable Court allow the Plaintiff's Motion to Dismiss Defendant's Counterclaims, dismissing Kmart's First, Second and Third Counterclaims, because (1) the counterclaims are clearly barred under the Massachusetts summary process statute, M.G.L. c. 239; (2) the counterclaims are duplicative of claims already brought by Kmart and currently pending in an Adversary Proceeding in the Bankruptcy Court, where Kmart seeks declaratory judgment on its claims; and (3) federal question jurisdiction is completely lacking because Kmart asserts jurisdiction based solely upon the alleged res judicata

effect of prior orders of the Bankruptcy Court, an entirely inadequate basis for this Court to exercise jurisdiction.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1 (D), the Plaintiff hereby requests oral argument of this Motion to Dismiss Defendant's Counterclaims.

> Respectfully submitted,
> Plaintiff,
> Harvard Real Estate Allston-Inc.
> By its attorneys,
>
> Frank A. Flynn, Esq. (BBO# 551668)
> Randolph C. English, Esq. (BBO# 628647)
> Downing & Flynn
> 85 Devonshire Street, Suite 1000
> Boston, MA 02109
> (617) 720-3535

DATED:    November 22, 2004

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Frank A. Flynn, counsel for the Plaintiff, hereby certify that I have conferred with William R. Moorman, counsel for the Defendant, in an attempt to resolve or narrow the issues presented by this motion and that counsel were unable to so resolve or narrow the issues.

Frank A. Flynn, Esq.

## CERTIFICATE OF SERVICE

I, Frank A. Flynn, Esquire, Attorney for the Plaintiff, hereby certify that I have served the Defendant this date with a copy of this Plaintiff's Motion to Dismiss Counterclaims, by mailing a copy of same by first class mail, postage prepaid, to its counsel of record as follows:

> William R. Moorman, Esq.
> Kathleen A. Rahbany, Esq.
> Craig and Macauley Professional Corporation
> Federal Reserve Plaza
> 600 Atlantic Avenue
> Boston, MA 02210

this ____ day of November, 2004.

Frank A. Flynn, Esq.

18