UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-12249-DPW

HARVARD REAL ESTATE-ALLSTON, INC., )
    Plaintiff, )
                             )   PLAINTIFF'S OPPOSITION TO
v.                                         )   DEFENDANT'S "REQUEST FOR
                                         )   SPECIAL RELIEF (EMERGENCY
KMART CORPORATION, KMART STORE 9424, )   DETERMINATION)"
    Defendant. )

Plaintiff Harvard Real Estate-Allston, Inc. ("Harvard") opposes the motion to enlarge time filed by Defendant Kmart Corporation, Kmart Store 9424 ("Kmart") for the following reasons:

1. Rule 7.1(B)(2) is evidently intended to impose a strict time limit of fourteen (14) days for filing oppositions to motions, since it specifies among other things that it "provide[s] for a uniform period regardless of the use of the mails." The Plaintiff's remand motion was hand-delivered to the Defendant at approximately mid-day on Wednesday, November 24, 2004. *The rule makes no allowance for either intervening holidays or weekends*, yet the Defendant's counsel seeks to unnecessarily excuse himself from compliance with the rule simply because the Thanksgiving holiday intervened. There is no good reason why the Defendant, which has all of the resources of a large law firm, cannot be expected to comply with the rules on the same basis as is the Plaintiff, which is represented by a small law firm.

2. Harvard has already agreed to <u>two</u> previous requests for enlargement of time by Kmart.[1] Now *Kmart is seeking a third extension in less than a month's time*. While Harvard has

---

[1] See Stipulations docketed as Documents No. 4 and 7, dated November 4, 2004 and November 23, 2004, respectively, allowing Kmart additional time in which to respond to the Plaintiff's discovery.

been willing to extend courtesies to Kmart's previous requests to enlarge time, it cannot reasonably be expected to agree to every request to do so, especially since this is a summary process eviction case where possession of commercial premises is at issue.

3. As Harvard's Motion to Remand was made in response to Kmart's Notice of Removal, Kmart's response would be its second chance to brief this issue. In consideration for Kmart's *third request for extensions in only a month*, Harvard was willing to allow Kmart the requested five additional days if Kmart would not oppose any request by Harvard for leave to file a reply brief to Kmart's opposition. Yet Kmart seeks the right to file a surreply even though doing so would potentially give it three (3) "bites at the apple", while Harvard would only have one, or at most two chances to brief the remand issue.

4. Harvard would be prejudiced by the relief requested by Kmart, as Harvard's commercial eviction case will be further delayed. Therefore, for all of the foregoing reasons, Harvard respectfully requests that this Honorable Court deny Kmart's Request for Special Relief with respect to both Harvard's Motion to Dismiss Counterclaims and Harvard's Motion to Remand, as said extensions are unwarranted and unnecessary.

Respectfully submitted,
Plaintiff,
Harvard Real Estate Allston-Inc.
By its attorneys,

Frank A. Flynn, Esq. (BBO# 551668)
Randolph C. English, Esq. (BBO# 628647)
Downing & Flynn
85 Devonshire Street, Suite 1000
Boston, MA 02109
(617) 720-3535

DATED: December 2, 2004

2

## CERTIFICATE OF SERVICE

I, Frank A. Flynn, Esquire, Attorney for the Plaintiff, hereby certify that I have served the Defendant this date with a copy of this Plaintiff's Opposition to Defendant's "Request For Special Relief (Emergency Determination)", by hand delivering a copy of same to its counsel of record as follows:

> William R. Moorman, Esq.
> Kathleen A. Rahbany, Esq.
> Craig and Macauley Professional Corporation
> Federal Reserve Plaza
> 600 Atlantic Avenue
> Boston, MA 02210

this ___2nd___ day of December, 2004.

_____
Frank A. Flynn, Esq.

3