UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARVARD REAL ESTATE-ALLSTON, INC.

    Plaintiff,

v.

KMART CORPORATION,

    Defendant.

Civil Action No. 04-12249-DPW

**REQUEST FOR ORAL ARGUMENT**

OPPOSITION OF DEFENDANT KMART CORPORATION
TO PLAINTIFF HARVARD REAL ESTATE-ALLSTON,
INC.'S MOTION TO DISMISS COUNTERCLAIMS

Pursuant to Local Rule 7.1(B)(2) of the United States District Court for the District of Massachusetts, defendant Kmart Corporation ("Kmart") hereby opposes the Motion to Dismiss Defendant's Counterclaims (the "Motion to Dismiss") filed by Harvard Real Estate-Allston, Inc. ("Harvard"). For the reasons set forth herein, the Motion to Dismiss should be denied in its entirety.

PRELIMINARY STATEMENT

At the same time that Harvard accuses Kmart of misleading the Court – a complete mischaracterization of the facts – Harvard itself makes no mention in its complaint or in its Motion to Dismiss that, on April 2, 2004, the United States Bankruptcy Court (Northern District of Illinois) (the "Bankruptcy Court") dismissed with prejudice Harvard's objection related to the sale of food by Kmart at the premises leased by Kmart from Harvard (the "Premises"). This fact alone

defeats Harvard's argument that Kmart is in violation of the lease between the parties (the "Lease") and will ultimately lead to Kmart prevailing in this Action.

Perhaps even worse, Harvard argues throughout its papers that Kmart's counterclaims should be dismissed because Kmart previously filed an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court seeking to enjoin Harvard from terminating the Lease. However, *prior* to the filing by Harvard of the Motion to Dismiss, Kmart moved to stay the Adversary Proceeding so that all issues could be heard in this Court in one proceeding. Furthermore, to make it even more abundantly clear that Kmart is seeking to litigate all issues before this Court, and not in the Bankruptcy Court, on December 9, 2004, Kmart filed a motion to dismiss the Adversary Proceeding.[1]

Harvard attempts to portray Kmart as somehow having deceived the Court, when in fact it is Harvard who misstates the facts. Although the Bankruptcy Court denied Kmart's motion for a preliminary injunction, that court made it abundantly clear that, if and when Harvard commenced an action in Massachusetts to terminate the Lease, as it has now done, Kmart could then raise its *res judicata* objections. Far from litigating the same issues before the Bankruptcy Court, Kmart is literally following that court's directive by protecting its valuable leasehold rights and seeking to enforce the Bankruptcy Court's April 2, 2004 order in this Action.

---

[1] The Bankruptcy Court has scheduled a hearing on the Motion to Dismiss the Adversary Proceeding on January 25, 2005.

2

Harvard alleges three reasons why its Motion to Dismiss should be granted: (i) counterclaims are not allowed in a Massachusetts state court proceeding to recover possession of commercial property pursuant to M.G.L. c. 239, § 8A; (ii) Kmart's counterclaims are duplicative of claims brought in the Bankruptcy Court; and (iii) no federal question jurisdiction exists. For the reasons set forth below, each ground should be rejected by the Court and Harvard's Motion to Dismiss should be denied.

### STATEMENT OF FACTS

Kmart currently leases the Premises from Harvard pursuant to a commercial lease dated January 26, 1978, formerly between Paul A. Faraca and Marvin Shiller, Trustees, as landlord and Caldor, Inc. Mass. ("Caldor"), as predecessor in interest to Kmart as tenant.[2] The Premises are located within the shopping center commonly known as the Brighton Mills Shopping Center, located in Brighton, Massachusetts (the "Shopping Center"). Kmart assumed Caldor's lease in or about July 1999 and has since that date been operating a retail store at the Premises. The Premises consist of approximately 70,000 square feet of rentable space.

### *Kmart's Bankruptcy Proceeding*

On January 22, 2002, Kmart and certain of its affiliates and subsidiaries filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois. Pursuant to the Lease, Kmart could, at its

---

[2] A copy of the Lease is attached to Harvard's Motion to Dismiss as Exhibit 1.

option, renew the Lease for an additional five year period[3] by giving notice to Harvard one year in advance of the conclusion of the original Lease term. Lease, § 4(B). Accordingly, on or about January 24, 2003, Kmart notified Harvard that it was exercising its option to renew the Lease for the additional five year period provided therein. Harvard raised no objection to the exercise by Kmart of the extension option.

Thereafter, on March 28, 2003, Kmart notified Harvard, in connection with its plan of reorganization under the Bankruptcy Code that Kmart intended to seek court authority under Section 365 of the Bankruptcy Code to assume the Lease. On April 4, 2003, Harvard filed an initial objection to Kmart's assumption of the Lease (the "Assumption Objection"). Harvard's objection resulted in a contested matter (the "Assumption Proceeding") before the Bankruptcy Court.

In its Assumption Objection, Harvard claimed that Kmart could not assume the Lease because it was purportedly in default under the Lease as of January 24, 2003 and that accordingly, Kmart's exercise on that date of its option to extend the Lease for five years beyond January 31, 2004 was ineffective. Harvard further alleged that the Lease had terminated prior to Kmart's filing for bankruptcy so that there was no lease left for Kmart to assume as part of its bankruptcy reorganization. Kmart and Harvard conducted discovery in the Assumption Proceeding between July and September 2003, including depositions of both parties' witnesses, document production and written discovery exchanges.

---

[3] Subsequent five-year extension options allow Kmart to extend the Lease term through January 31, 2029.

4

### *Harvard Raises the Grocery Store Objection*

On August 29, 2003, Kmart filed an opposition to Harvard's Assumption Objection (the "Opposition"). A copy of the Opposition is attached to the accompanying Declaration of Kathleen A. Rahbany, dated December 13, 2004 (the "Rahbany Decl."), as Exhibit A thereto. In the Opposition, Kmart argued (i) that under Section 365 of the Bankruptcy Code, it could assume the Lease so long as it cured any defaults under the Lease, and (ii) that it validly exercised its right to extend the term of the Lease. On or about September 5, 2003, during the pendency of the Assumption Proceeding, Harvard sent Kmart a notice of default based on Kmart's alleged sale of certain "grocery items" in purported violation of Section 2(B) of the Lease. Section 2(B) of the Lease provides that:

> . . . neither the demised premises nor any part thereof will be used for the operation of (i) a so-called supermarket or self-service grocery store; (ii) a grocery store or department; (iii) a meat market or department; (iv) a produce market or department; (v) a milk and ice cream store or department; (vi) a bakery store or department; (vii) a delicatessen or department devoting more than 2,000 square feet of floor area to the sale of food for consumption off the premises; or (viii) any combination of the foregoing. Nothing hereinabove contained, however, shall be deemed to prohibit the demised premises from being used for the sale of candy, cookies and/or confections. . .

(the "Grocery Clause").

On September 30, 2003, Harvard filed a reply to the Opposition (the "Reply"). A copy of the Reply is attached to the Rahbany Decl. as Exhibit B. In the Reply, Harvard alleged additional defaults that it had not previously raised in the Assumption Objection, including an allegation that Kmart had violated the Grocery

5

Clause of the Lease. After receiving the September 5, 2003 notice of default, out of an abundance of caution, Kmart began the process of reducing the variety of food offered in the store. By December 2003, Kmart had completed its program of permanently and substantially reducing the variety of food items available for sale in the store.

### *The Assumption Objection Is Dismissed With Prejudice*

Harvard's Assumption Objection was set for an evidentiary hearing before the Bankruptcy Court on March 18-19, 2004. However, on January 29, 2004, Harvard filed a Withdrawal of Assumption Objection (the "Withdrawal"). A copy of the Withdrawal is attached to the Rahbany Decl. as Exhibit C. The Withdrawal states: "[Harvard], having filed with the [Bankruptcy] Court on April 4, 2003 the 'Objection of [Harvard] To [the Plan of Reorganization]…And Assumption Objection of [Harvard]…', hereby WITHDRAWS the Assumption Objection. This Withdrawal does not constitute a waiver of Harvard's Cure Claim filed June 20, 2003, as the same may be amended."

Kmart was concerned that the Withdrawal, which arrived without notice or explanation after so much energy and cost had been devoted to litigating the assumption of the Lease in the Bankruptcy Court, evidenced an intent by Harvard to seek a different, and presumably in Harvard's opinion, more favorable forum to adjudicate the very same matters it had raised in the Bankruptcy Court. Accordingly, on February 5, 2004, Kmart filed a Motion to Dismiss with Prejudice Harvard's Assumption Objection, in which Kmart argued that any dismissal of

Harvard' Assumption Objection should be with prejudice. A copy of Kmart's Motion to Dismiss Harvard's Assumption Objection is attached to the Rahbany Decl. as Exhibit D.

On April 2, 2004, the Bankruptcy Court granted Kmart's Motion to Dismiss, issued an order dismissing Harvard's Assumption Objection with prejudice, and allowed Kmart to assume the Lease (the "Assumption Order"). A copy of the Assumption Order is attached to the Rahbany Decl. as Exhibit E. In the Assumption Order, the Bankruptcy Court ordered "that (i) the Motion to Dismiss is granted as set forth herein, (ii) the [Assumption] Objection is dismissed with prejudice as of the [effective date of the Plan of Reorganization], May 6, 2003, (the "Effective Date"), and (iii) Kmart is deemed to have assumed the Lease as of the Effective Date."

### *Harvard Notifies Kmart of Its Intention to Terminate The Lease*

Just weeks after entry of the Bankruptcy Court's April 2, 2004 order, on or about April 23, 2004, Harvard issued to Kmart a notice to vacate/notice of termination (the "Vacate Notice"). A copy of the Vacate Notice is attached to the Rahbany Decl. as Exhibit F. The Vacate Notice alleged two grounds for terminating Kmart's rights under the Lease. First, the Vacate Notice asserted that Kmart's rights under the Lease had terminated on February 1, 2004 (the first day of the new term of the Lease) because Kmart was allegedly in violation of the Grocery Clause on and after September 5, 2003. Second, the Vacate Notice asserted that Kmart's election on January 24, 2003 to renew the Lease was "null and void." Harvard then moved the Bankruptcy Court to "confirm its authority to pursue its state law remedies" with

respect to Kmart's alleged post-Effective Date Lease defaults. The Bankruptcy Court denied Harvard's motion without prejudice. A copy of Harvard's Motion to Confirm is attached to the Rahbany Decl. as Exhibit G, and a copy of the Bankruptcy Court's order denying Harvard's Motion to Confirm is attached to the Rahbany Decl. as Exhibit H.

Shortly thereafter, Kmart commenced the Adversary Proceeding, in which Kmart initially sought a preliminary injunction to prevent Harvard from terminating the Lease. On September 29, 2004, the Bankruptcy Court issued an order denying Kmart's motion for a preliminary injunction. However, the Court clearly stated that Kmart was free to raise the *res judicata* effect of the April 2, 2004 dismissal of the Assumption Objection if and when Harvard sought to evict Kmart:

> Reorganized Kmart is certainly free to raise *res judicata* as a defense in state court. After confirmation, the reorganized firm is like any other business that protects its interest by pleading appropriate defenses to actions...

See Bankruptcy Court Transcript at 12, ll. 17-21, a copy of which is attached to the Rahbany Decl. as Exhibit I.

On or about October 18, 2004, Harvard commenced a summary process proceeding against Kmart in the Commonwealth of Massachusetts Trial Court, Boston Municipal Court Department, Brighton Division, County of Suffolk, styled *Harvard Real Estate-Allston, Inc. v. Kmart Corporation, Kmart Store 9424*, docket number 200408SU000065 (the "State Court Action"). In the State Court Action,

8

Harvard (i) alleged that Kmart is in default of the Lease because of purported violations of the Grocery Clause, and (ii) sought to evict Kmart from the Premises.

On October 25, 2004, Kmart removed the State Court Action to this Court and filed its Answer and Counterclaims.[4] On November 19, 2004, Kmart moved in the Bankruptcy Court to stay the Adversary Proceeding so that the issues of *res judicata* and collateral estoppel could be considered in this case. A copy of the Motion to Stay the Adversary Proceeding is attached to the Rahbany Decl. as Exhibit J. On November 22, 2004, Harvard filed the within Motion to Dismiss, seeking to dismiss Kmart's Counterclaims. Two days later, on November 24, 2004, Harvard filed a motion to remand this case to state court. On December 9, 2004, Kmart filed a Motion to Dismiss the Adversary Proceeding in the Bankruptcy Court thereby making it abundantly clear that Kmart is seeking to litigate in this Court in Massachusetts all issues related to Harvard's efforts to evict Kmart. A copy of Kmart's Motion to Dismiss the Adversary Proceeding is attached to the Rahbany Decl. as Exhibit K.

## ARGUMENT

I. **UPON REMOVAL OF THIS ACTION TO FEDERAL COURT, THE FEDERAL RULES OF CIVIL PROCEDURE ARE IN EFFECT AND REQUIRE KMART TO BRING ITS COUNTERCLAIMS HEREIN**

Once an action has been removed to Federal Court, the Federal Rules of Civil Procedure apply to the case pursuant to Fed. R. Civ. P. 81(c), which states in relevant part, "[T]hese rules apply to civil actions removed to the United States

---
[4] On November 22, 2004, Kmart filed an Amended Answer in which it included additional affirmative defenses.

9

district courts from the state courts and govern procedure after removal." Fed. R. Civ. P. 81(c). In addition, Fed. R. Civ. P. 13(a) requires a defendant to bring counterclaims that arise out of the same set of circumstances that are the subject of the complaint:

> Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction...

Fed. R. Civ. P. 13(a).

Harvard correctly contends that counterclaims are barred by procedural rules in Massachusetts state court summary proceedings involving commercial tenants. *See* Plaintiff's Memorandum of Law in Support of Motion at 7-10. However, Harvard is incorrect in its assumption that Massachusetts rules govern the interposition of counterclaims in Federal Court.[5] To the contrary, it is well settled that in a federal action, where the matter in question is covered by a federal rule, the federal procedural rules apply regardless of contrary state law.

This was precisely the situation in *Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc.*, 163 F.3d 149 (2d Cir. 1998). In *Com/Tech*, a plaintiff brought a summary action pursuant to New York Civil Procedure Law and Rules

---

[5] Harvard claims that "Kmart's three counterclaims are nothing more than a poorly disguised reiteration of its res judicata affirmative defenses..." Harvard's Motion to Dismiss, p. 14. However, by its counterclaims, Kmart seeks a declaratory judgment as well as damages in connection with Harvard's violation of Kmart's confirmed plan of bankruptcy reorganization, the Bankruptcy Court's order confirming Kmart's plan of bankruptcy organization and the Bankruptcy Court's order authorizing Kmart's assumption of the Lease. Despite Harvard's characterization, these claims are properly brought as counterclaims and not as affirmative defenses. Harvard appears to confuse the holding in *Rivet* (that removal may not be based on a counterclaim) with the need for a defendant to plead its compulsory counterclaims under the federal rules of procedure or else forfeit those counterclaims.

("CPLR") § 3213 to recover on a promissory note. The defendant removed the action to federal court and sought to introduce counterclaims. The District Court held that the assertion of counterclaims was not permitted under CPLR § 3213, dismissed the counterclaims and granted summary judgment to the plaintiff. On appeal, the Second Circuit reversed, holding that, upon removal to federal court, the state law precluding counterclaims no longer applied:

> Classifying a rule as substantive or procedural is sometimes a subtle undertaking. But where the matter in question is one covered by the Federal Rules of Civil Procedure, "it is settled law the Federal Rule applies regardless of contrary state law."
>
> N.Y. C.P.L.R. § 3213 does not permit a defendant to bring counterclaims that would not independently qualify for summary process. According to the district court, Wireless's allegations did not so qualify. The court therefore concluded that Wireless could not have asserted its counterclaims in a state proceeding governed by § 3213. But § 3213 is a procedural rule, and when this case was removed to federal court, the regime of the Federal Rules replaced that of § 3213.
>
> Fed. R. Civ. P. 13 governs counterclaims in the federal courts, and Fed R. Civ. P. 13(b) states a defendant in a civil action may raise "any claim against an opposing party" as a counterclaim. It is that rule that determines whether Wireless may assert the claims it alleges against Com/Tech as counterclaims or needs instead to file a separate suit to press them. We therefore remand the case to the district court for proceedings under the Federal Rules, and we direct that Wireless must be permitted to plead any counterclaims that those Rules permit.

*Com/Tech*, 163 F.3d at 150-151 (internal citations omitted).

The Tenth Circuit came to a similar conclusion in *Doelle v. Mountain States Telephone & Telegraph*, 872 F.2d 942 (10th Cir. 1989), where a plaintiff suing for trespass appealed the District Court's decision allowing a counterclaim for

11

condemnation of his property on the ground that Utah law proscribed condemnation counterclaims in trespass actions. The Tenth Circuit disagreed:

> [T]he district court permitted the defendant's counterclaim under Fed. R. Civ. P. 13. The issue is thus whether federal or state law governs counterclaim procedures in a federal diversity case. We hold that the Peterson rule, even if broadly construed would not bar the defendant's counterclaim in the federal district court.

*Doelle*, 872 F.2d at 945. Applying the rules set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), the Tenth Circuit stated that federal courts should inquire whether following the federal rule will abridge a substantive state right or be outcome determinative. *Doelle* at 945. The Court held that the assumption was that the federal rule applies unless the court determines that "the Erie considerations are so strong they can justify interrupting the normal function of the federal court process." *Id. citing Olympic Sports Products, Inc. v. Universal Athletic Sales Co.*, 760 F.3d 910, 916 (9th Cir. 1985), *cert. denied*, 474 U.S. 1060 (1986).

Here, Harvard cannot claim that its rights will be abridged by proceeding in this Court, nor will the presence of counterclaims herein be "outcome determinative." On the other hand, if the Motion to Dismiss is granted, Kmart may lose its ability to bring counterclaims at all given that the basis of the counterclaims "arises out of the same transaction or occurrence" as the facts alleged in Plaintiff's complaint. *See Doelle* at 946 ("[I]f the condemnation was compulsory, then the defendant was required to raise it in this lawsuit."); *TPO Inc. v. Federal Deposit Insurance Corp.*, 487 F.2d 131 (3d Cir. 1973) (while state practice may not permit filing of a counterclaim, upon removal the state rules become

inoperative, the Federal Rules of Civil Procedure become applicable and the requirement for filing a compulsory counterclaim became effective).

Nor can Harvard claim that M.G.L. 239 § 8A is substantive as opposed to procedural in nature, given the very language of *Fafard v. Lincoln Pharmacy*, 439 Mass. 512 (2003), cited extensively by Plaintiff in support of the Motion to Dismiss:

> Summary process is a purely statutory procedure and can be maintained only in instances specifically provided for by the statute.

*Fafard*, 439 Mass. at 515. *See also Nalbandian v. Patrizzi*, 369 Mass. 477, 480 (1976) (summary process pursuant to M.G.L. § 239 is a statutory procedure).

Accordingly, the Federal Rules of Civil Procedure permit, if not require, Kmart to present its counterclaims to this Court. Thus, they are properly interposed herein.

II. **THIS ACTION IS NOT BARRED BY THE PRIOR ACTION PENDING DOCTRINE BECAUSE KMART HAS MOVED TO DISMISS THE BANKRUPTCY COURT ADVERSARY PROCEEDING IN THE INTEREST OF LITIGATING ALL CLAIMS IN THIS PROCEEDING**

Harvard argues that Kmart's counterclaims duplicate claims raised by Kmart in the Adversary Proceeding filed in the Bankruptcy Court in May 2004, and therefore cannot be brought here. The Adversary Proceeding was brought in response to the eviction notice Kmart received just weeks after the Bankruptcy Court had dismissed Harvard's Assumption Objection with prejudice. Initially, Kmart sought a preliminary injunction preventing Harvard from evicting it from the Premises. At the time, Kmart believed the most appropriate forum for seeking

13

relief was from the very court whose order Harvard was violating. The Bankruptcy Court, however, deemed that its post-confirmation jurisdiction was limited and denied preliminary relief, in effect stating that issues related to Harvard's efforts to evict Kmart in Massachusetts should be determined in the Massachusetts courts.[6]

The Bankruptcy Court order denying preliminary relief to Kmart expressly stated that Kmart is free to raise *res judicata* or any other defense in any eviction proceeding brought by Harvard. Now that Harvard has commenced its eviction action, the issues relating to the Bankruptcy Court's April 2, 2004 order which permitted Kmart to assume the Lease are ripe for determination in the form of Kmart's counterclaim for a declaratory judgment. In order to avoid piecemeal litigation and to permit adjudication of this issue in one forum, Kmart first filed its Motion to Stay the Adversary Proceeding in the Bankruptcy Court. Kmart has now filed its Motion to Dismiss the Adversary Proceeding. Kmart has made it abundantly clear that it intends to litigate all issues related to this matter in this Court, not the Bankruptcy Court.

Even if Harvard opposes the dismissal of the Adversary Proceeding in the Bankruptcy Court, the counterclaims asserted herein should still be heard by this Court. In *KPS Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003) the

---

[6] Harvard points out that the Bankruptcy Court noted it has "jurisdiction over post-confirmation matters concerning modification of the discharge injunction…or violation of the discharge injunction." See Rahbany Dec., Exhibit I at 11, ll. 17-21. However, to the extent that the Bankruptcy Court decided not to exercise jurisdiction over the issues raised in the Adversary Proceeding, Kmart should not be precluded from bringing those issues before this Court.

First Circuit stated that the abdication of federal jurisdiction in favor of parallel litigation is the exception not the rule:

> Pursuant to this test, "there must be some extraordinary circumstances for a federal court to shrink from the virtually unflagging obligation of the federal courts to exercise this jurisdiction."

*KPS*, 318 F.3d at 15-16, *quoting Currie v. Group Ins. Commission*, 290 F.3d 1, 100 (1st Cir. 2002), *quoting Colorado River Conservation District v. United States*, 424 U.S. 800, 817 (1976). The First Circuit set forth a list of considerations courts should examine to determine whether such extraordinary circumstances exist:

> Drawing on Colorado River and its progeny, courts look to a variety of factors to determine whether "exceptional circumstances" exist which counsel the abdication of jurisdiction in favor of parallel state court litigation. Always keeping in mind the "heavy presumption favoring the exercise of jurisdiction," a court may consider: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interest; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. This list is by no means exhaustive, nor is any one factor necessarily determinative.

*KPS*, 318 F.3d at 16 (internal citations omitted), *quoting Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir. 1990).

A review of these factors as applied to the facts of this case militates in favor of this Court retaining jurisdiction over the counterclaims. First, the Court has jurisdiction over this matter pursuant to (i) 28 U.S.C. § 1331 (federal question jurisdiction), and (ii) 28 U.S.C. § 1332 (diversity jurisdiction), as is more fully

15

discussed in Kmart's Opposition to Plaintiff's Motion to Remand. Second, litigation here in Federal Court will not be inconvenient as Harvard has its principal place of business here in Massachusetts and the Kmart store at issue is located here as well.

Third, the Bankruptcy Court effectively told the parties to litigate this issue in Massachusetts. Thus, Kmart's dismissing the Adversary Proceeding and litigating here in Massachusetts avoids piecemeal litigation, a result that should be applauded by Harvard, and does away with the entire prior action pending argument. Next, the relief sought by Kmart in its counterclaims – a declaration of its rights pursuant to 28 U.S.C. §§ 2201-2202, a determination as to the effects of the assumption of the Lease pursuant to Section 365 of the Bankruptcy Code and a determination as to whether Harvard's efforts to evict Kmart violates the April 2, 2004 Bankruptcy Court order – is controlled by federal law. Kmart is asking this Court to interpret federal law and the effects of an order thereunder. Given that no prior pending action in state court is involved herein and that the nature of Kmart's counterclaims is neither contrived nor vexatious, each of the factors set forth in KPS militates in Kmart's favor.[7]

Accordingly, Kmart's counterclaims are not barred by the prior action pending doctrine, and, in fact, litigation of its counterclaims in this Court is

---

[7] The principal case cited by Harvard in support of its prior action pending argument is factually distinguishable from the case at bar. *Lesavoy v. Lane*, 304 F.Supp.2d 520 (S.D.N.Y.2004), dealt with claims brought in federal court after an action had been pending in a different federal court for a few years. In contrast, here the Bankruptcy Court has already made a determination that (i) the alleged Grocery Clause violation should be litigated in Massachusetts, (ii) Kmart may raise *res judicata* with respect to Harvard's eviction attempts, and (iii) Kmart has moved to stay the Adversary Proceeding, apparently without objection from Harvard.

16

judicially economical given the impending motion to dismiss the Adversary Proceeding.

### III. THIS COURT HAS JURISDICTION TO DETERMINE THE CLAIMS AT ISSUE HEREIN

Harvard's last basis for seeking to dismiss Kmart's counterclaims – a lack of federal question jurisdiction to support removal – appears to be more appropriately addressed in response to Harvard's Motion to Remand. Indeed, Harvard's arguments and the two cases cited in support of both motions on this ground are virtually identical. Of course, it goes without saying that if the Court grants Harvard's Motion to Remand, the Motion to Dismiss is moot. On the other hand, if this Court denies the Motion to Remand, the Court will have determined that it has jurisdiction to hear Kmart's counterclaims.

Accordingly, in the interest of avoiding undue repetition, Kmart respectfully refers the Court to the arguments set forth in its Opposition to Plaintiff's Motion to Remand, and incorporates those arguments by reference herein. See Kmart's Opposition to Plaintiff's Motion to Remand.

### CONCLUSION

Notwithstanding Harvard's characterizations to the contrary, Kmart in no way deceived this Court by removing this action and filing counterclaims herein. To the contrary, Kmart properly followed the Bankruptcy Court's directive and raised in this Action its defenses and counterclaims in response to Harvard's eviction action.

Kmart submits that (i) it is entitled to assert its counterclaims herein, (ii) the prior action pending doctrine is inapplicable given Kmart's motion to dismiss the Adversary Proceeding, and (iii) this Court has jurisdiction over this action. Accordingly, Kmart respectfully requests that this Court deny Plaintiff's Motion to Dismiss, and grant such other relief as this Court deems just and proper.

        KMART CORPORATION

        By its attorneys,

        CRAIG AND MACAULEY
          PROFESSIONAL CORPORATION

December 16, 2004

        /s/ William R. Moorman
        William R. Moorman, Jr. (BBO #548593)
        Kathleen Rahbany (BBO #654322)
        Joseph J. Koltun (BBO #641117)
        Craig and Macauley
          Professional Corporation
        Federal Reserve Plaza
        600 Atlantic Avenue
        Boston, MA 02210
        (617) 367-9500