**EXHIBIT D**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

S.E.C. DROP BOX

04 FEB -5 PM 4: 55

| | |
|---|---|
| In re: | ) Case No. 02-B02474 |
| | ) |
| KMART CORPORATION, et al., | ) (Jointly Administered) |
| | ) Chapter 11 |
| Debtors. | ) Judge Susan Pierson Sonderby |
| | ) |
| | ) Hearing Date:  March 18, 2004 |
| | ) Hearing Time: 2:00 p.m. |

## NOTICE OF MOTION

TO:    Attached Service List

PLEASE TAKE NOTICE that on Thursday, March 18, 2004, at the hour of 2:00 p.m., we shall appear before Judge Susan Pierson Sonderby, Courtroom 642, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and shall present **Kmart's Motion to Dismiss With Prejudice Harvard's Assumption Motion,** a copy of which is attached hereto and herewith served upon you, at which time an place you may appear if you so see fit.

Dated: February 5, 2004 at Chicago, Illinois.

William J. Barrett (6206424)
Barack Ferrazzano Kirschbaum
Perlman & Nagelberg LLC
333 West Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 629-5170

Jon R. Steiger (ARDC No. 6219648)
Victoria F. Maroulis (N.D. Ill. No. 90785643)
QUINN EMANUEL URQUHART OLIVER
  & HEDGES, LLP
865 South Figueroa Street, Tenth Floor
Los Angeles, CA  90017
(213) 624-7707

Attorneys for Kmart Corporation

214133-1

## CERTIFICATE OF SERVICE

I, Mark R. Mackowiak, a paralegal in the law firm of Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLC, certify that I have this 5th day of February, 2004, caused to be served, via facsimile transmission and regular U.S. Mail delivery, a copy of the foregoing **Notice of Motion** and **Kmart's Motion to Dismiss With Prejudice Harvard's Assumption Motion**, to the parties on the following Service List.

*Mark R. Mackowiak*

Mark R. Mackowiak

State of Illinois    )
County of Cook    )

Sworn to before me and subscribed in my presence by Mark R. Mackowiak this 5th day of February, 2004.

*Marsha Henry*

Notary Public

OFFICIAL SEAL
**MARSHA J. HENRY**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-28-2006

## SERVICE LIST

Richard Sheils, Esq.
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01601-0156
Facsimile: 508-929-3047

Michael S. Terrien, Esq.
Jenner & Block, LLC
One IBM Plaza
330 N. Wabash, 38th Fl.
Chicago, IL 60611
Facsimile: 312-923-2728

UNITED STATES BANKRUPTCY COURT   F'D U.S.E.C. DROP BOX
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION   04 FEB -5  PM 4: 55

|  |  |
|---|---|
| In re: | Chapter 11 |
| KMART CORPORATION, et al., | Case No. 02 B 02474 |
|  | (Jointly Administered) |
| Debtor | Honorable Susan Pierson Sonderby |
|  |  |
|  | Hearing Date: March 18, 2004 |
|  | 2:00 p.m. |

## KMART'S MOTION TO DISMISS WITH PREJUDICE HARVARD'S ASSUMPTION OBJECTION

## Preliminary Statement

1.     By this Motion, Kmart Corporation ("Kmart") seeks a dismissal with prejudice of Harvard Real Estate-Allston, Inc. ("Harvard's") Objection to Plan Confirmation and Assumption Objection (the "Objection"). Harvard has recently filed a "withdrawal" of its Objection. However, the objection does not specify whether the withdrawal is with or without prejudice. Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable to the instant proceeding by Rules 7041 and 9014 of the Federal Rules of Bankruptcy Procedure, prohibits a dismissal without a court order after the proceeding at issue has progressed past the filing of a responsive pleading. In this case, Harvard withdrew its Objection on the eve of trial. Thus, the Federal Rules require a Court order to effectuate a dismissal and Kmart is entitled to a dismissal with prejudice.

## Statement of Facts

2.     Kmart and certain of its affiliates and subsidiaries, debtors and debtors-in-possession filed a voluntary petition in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code on January 22, 2002.

3.     On March 28, 2003, Kmart notified Harvard that it seeks to assume the Brighton store lease along with its other unexpired leases. Harvard is the landlord of the Brighton premises.

4.     On April 4, 2003, Harvard filed its Objection. (Docket No. 10044) In its Objection, Harvard claimed that Kmart was in default at the time of its attempt to extend the lease because Kmart did not fully pay its CAM charges, real estate taxes, and work orders prior to exercising the option to renew. Objection 3-4. Harvard also sought a declaration by the Court

that Kmart's renewal of the lease was void and thus the lease had expired. Harvard also sought an order requiring Kmart to make immediate payment to Harvard of post-petition lease obligations.

5.  The parties conducted extensive discovery between July and September 2003, including deposition testimony of both sides' witnesses, document production, and written discovery exchange.

6.  On August 29, 2003, Kmart filed its response to Harvard's Objection.

7.  On September 30, 2003, Harvard filed a reply to Kmart's response. In its reply, Harvard raised additional alleged defaults that it had not previously raised in its Objection, prompting Kmart to seek leave to file a surreply.

8.  On November 5, 2003, Kmart filed its surreply by agreement of the parties.

9.  This matter has been scheduled for hearing on March 18 and March 19, 2004. By its Order of January 26, 2004, the Court instructed the parties to file certain joint pretrial pleadings by March 11, 2004.

10.  On January 29, 2004, Harvard filed its Withdrawal of "Assumption Objection" of Harvard Real Estate-Allston, Inc. (the "Withdrawal"). The Withdrawal states in its entirety: "Harvard Real Estate-Allston, Inc. ('Harvard'), having filed with the Court on April 4, 2003 the 'Objection of Harvard Real Estate-Allston, Inc. to First Amended Joint Plan of Reorganization of Kmart Corporation and Its Affiliated Debtors and Debtors-In-Possession and Assumption Objection of Harvard Real Estate-Allston, Inc.' [Docket No. 10044] (the 'Assumption Objection'), hereby **WITHDRAWS** the Assumption Objection. This Withdrawal does not constitute a waiver of Harvard's Cure Claim filed June 20, 2003, as the same may be amended."

3

11.    The Withdrawal does not specify whether it is with or without prejudice and does not include a proposed order. Harvard had not sought Kmart's consent prior to filing the Withdrawal.

**Argument**

I.    **Pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure, Harvard May Not Dismiss Its Objection Absent the Court's Approval.**

12.    Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, (Contested Matters - General Provisions), Rule 7041 (Dismissal of Adversary Proceedings) applies to adversarial proceedings *and* contested matters. Under Rule 7041, Rule 41(a) of the Federal Rules of Civil Procedure applies in all bankruptcy proceedings. *See In re Vale*, 180 B.R. 1017, 1020 (Bankr. N.D. Ind. 1994) ("Rule 41(a) of the Fed. R. Civ. P., as made applicable by Fed. R. Bk. P. 7041 is expressly made applicable in contested matters pursuant to Fed. R. Bankr. P. 9014, unless the Court pursuant to Fed. R. Bankr. P. 9014 expressly otherwise directs").

13.    Rule 41(a)(2) of the <u>Fed. R. Civ. P.</u> provides: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." Paragraph (1), in turn, provides that plaintiff may only dismiss its action without the order of the court "(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." <u>Fed. R. Civ. P.</u> 41(a)(1).

4

14.    In this case, Harvard[1] may not avail itself of Fed. R. Civ. P. 41(a)(1). First, the defendant, Kmart, has already answered and/or moved for summary judgment in the form of the responsive brief it filed on August 29, 2003. *See In re Vale*, 180 B.R. at 1021 (if the defendant has filed some form of an objection, plaintiff must proceed under 41(a)(2) and secure the court's approval for dismissal). Second, Harvard has not obtained Kmart's consent to its Withdrawal in the form of stipulation. Thus, Harvard cannot dismiss the instant action without a Court order.

## II.    Kmart is Entitled to Dismissal With Prejudice

15.    Harvard cannot establish in the instant case that it is entitled to a dismissal without prejudice. "Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is within the sound discretion of the district court." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). "Rule 41(a)(2) requires the plaintiff to persuade the district court and to establish that voluntary dismissal without prejudice is warranted. Without such demonstration, an action shall not be dismissed at the request of a plaintiff." *Tolle*, 23 F.3d at 177-78.

16.    Although "dismissal under Rule 41(a)(2) is without prejudice unless the Court specifies otherwise," the Court should deny such a dismissal where defendant will suffer some plain legal prejudice. *Horton v. TWA Corp.*, 169 F.R.D. 11, 17 (E.D. N.Y. 1996) quoting 9 Wright & Miller, *Federal Practice and Procedure* § 2364, at 280-83 (2d ed. 1995).

---

[1] For the purposes of Rule 41(a) analysis, Harvard is a "plaintiff" because its Objection had initiated the contest proceeding concerning the lease assumption in this Court.

5

17.    In determining whether the defendant will suffer "plain legal prejudice" if the case is dismissed without prejudice, the courts of the Seventh Circuit consider the factors set forth in *Pace v. Southern Express Company*, 409 F.2d 33, 334 (7th Cir. 1969). "Some of the factors justifying denial are the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id. Accord Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991) (citing *Pace* and stating: "[Defendants] would certainly have suffered prejudice if the plaintiff had been granted a voluntary dismissal without prejudice after the merry-go round the defendants experienced at the hands of the plaintiff through his failure to timely respond to interrogatories and through his general lack of cooperation. . . . Even after two years of discovery, the plaintiff was still unable to produce a scintilla of evidence establishing a causal link between the alleged ingestion of the drugs and the disabilities").

18.    In this case, two important factors counsel toward dismissal with prejudice. First, Kmart has incurred substantial expense defending against Harvard's Objection and has expended significant internal human resources in preparing pleadings, responding and propounding discovery, and otherwise providing support for this litigation. To allow Harvard to dismiss without prejudice on the eve of trial and after the instant contested matter has been pending for almost a year, would be, thus, unfair to Kmart.

19.    Second, should Harvard seek to bring some other legal action in the future in the Massachusetts court, Kmart will want to claim the benefit of the dismissal of the instant proceeding. Harvard will, undoubtedly, argue that Massachusetts state law, rather than

6

Bankruptcy Code, will apply to its claims. However, "[d]ismissal [without prejudice] in order to reinstate the action in a forum that will apply a different body of substantive law clearly is disfavored." *Horton*, 169 at 17 (E.D. N.Y. 1996) *quoting* 9 Wright & Miller § 2364, at 288-89.

20.    For example, in *Kennedy v. State Farm Mutual Automobile Ins. Co.* plaintiff sought a non-suit under Rule 41(a)(2) so that she could litigate her case in a different forum. 46 F.R.D. 12, 15-16 (E.D. Ark. 1969). Holding that plaintiff's machinations would constitute clear legal prejudice, the district court declared that

> [i]t is clear that plaintiff by her motion is seeking something quite
> different from a tactical procedural advantage. She desires to
> have her new forum apply to this case another body of substantive
> law which would or might deprive the defendant of an apparently
> good defense at this forum.

*Id.*

21.    Similarly, in *Rodriguez v. Marks Brothers Pickle Co.*, the plaintiff unsuccessfully sought dismissal under Rule 41(a)(2) so that they could remove the case from the federal forum to state court. 102 F.R.D. 104, 107-08 (E.D. Wis. 1984). Relying upon the holding in *Kennedy*, the district court noted that "such an invocation of Rule 41(a)(2) -- not to secure a tactical procedural advantage but instead to subject the opposing party to some substantive legal prejudice -- has been soundly condemned." *Id.* at 107. The court cited Judge Learned Hand who pointedly observed

> one court is as good as another. But the situation changes when
> there is substantial doubt whether the courts will not apply
> different rules, and when the plaintiff's purpose is so to maneuver
> the litigation that the defendant will lose his existing advantage.
> The loss of the federal forum then becomes a grave prejudice,
> quite as much as, and indeed more than, the expense and delay in
> trying the suit up to decree, or even the failure of a cross-bill.

7

*Id.* at 108 quoting *Young v. Southern Pac. Co.*, 25 F.2d 630, 632 (2d Cir. 1928).

22.     Finally, in *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.* the Eighth Circuit upheld the district court's decision not to allow the plaintiff to escape an unfavorable forum by filing a dismissal under Rule 41(a)(2).  187 F.3d 941, 950-51 (8th Cir. 1999). Considering the weight of the case law against forum shopping in Rule 41 motions, the likelihood that Harvard will initiate a new proceeding in Massachusetts federal or state court provides the Court with ample reason to dismiss the instant matter with prejudice.

### Conclusion

23.     For all of the above reasons, Kmart respectfully requests that the Court enter an order dismissing Harvard's Objection with prejudice.

DATED: February 5, 2004

KMART CORPORATION

By_____

    William J. Barrett (ARDC No. 6206424)
    Local Counsel for Service:
    BARACK, FERRAZZANO, KIRSCHBAUM,
    PERLMAN & NAGELBERG
    333 West Wacker Drive, Suite 2700
    Chicago, Illinois 60606
    (312) 629-5170

    Jon R. Steiger (ARDC No. 6219648)
    Victoria F. Maroulis (N.D. Ill. No. 90785643)
    QUINN EMANUEL URQUHART OLIVER
      & HEDGES, LLP
    865 South Figueroa Street, Tenth Floor
    Los Angeles, California  90017
    (213) 624-7707
    Attorneys for Debtor
    Kmart Corporation

8