**EXHIBIT F**

# DOWNING & FLYNN

85 Devonshire Street, Suite 1000
Boston, Massachusetts 02109-3504

(617) 720-3535
Facsimile Number (617) 742-9130

CATHERINE F. DOWNING, ESQ.
FRANK A. FLYNN, ESQ.

---

JON W. ROCKWOOD, ESQ.
RANDOLPH C. ENGLISH, ESQ.

April 23, 2004

*SENT VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED TO THE FOLLOWING*:

Kmart Corporation
Resource Center
3100 West Big Beaver Road
Troy, MI 48084-3163

Kmart Corporation
Attention: Director, Real Estate Administration
3100 West Big Beaver Road
Troy, MI 48084

Kmart Corporation
Attention: Vice President Real Estate
3100 West Big Beaver Road
Troy, MI 48084

*SERVED BY CONSTABLE AND COPY SENT VIA CERTIFIED MAIL TO:*
Kmart Store 9424
Brighton Mills Shopping Center
400 Western Avenue
Brighton, MA 02135

## NOTICE TO VACATE/ NOTICE OF TERMINATION

Dear Sir/Madam:

Please be advised that this office represents Harvard Real Estate - Allston, Inc., a subsidiary of President and Fellows of Harvard College, hereinafter "Harvard Real Estate-Allston, Inc."

Reference is hereby made to the Commercial Lease for the commercial premises dated January 26, 1978 formerly by and between Paul A. Faraca and Marvin Shiller, Trustees, as predecessor in interest to Harvard Real Estate- Allston, Inc as the Commercial Landlord and Caldor, Inc. Mass. as predecessor in interest to Kmart Corporation as the commercial Tenant.

1

Previously on September 5, 2003, Harvard Real Estate- Allston, Inc. notified Kmart of its default under the lease by its continued sale of groceries in the commercial premises in violation of paragraph 2 (B) of the Commercial Lease, which states in pertinent part, *"neither the demised premises nor any part thereof will be used for the operation of (i) a so-called supermarket or self service grocery store; (ii) a grocery store or department; (iii) a meat market or department; (iv) a produce market or department; (v) a milk and ice cream store or department; (vi) a bakery store or department; (vii) a delicatessen or department devoting more than 2,000 square feet of floor area to the sale of food for consumption off the premises; or (viii) any combination of the foregoing."*

Furthermore, paragraph 4(B) of the Commercial Lease states that, *"if at the time of the exercise of any of the aforesaid elections to extend the original term of this lease or at the time of the commencement of any of the aforesaid extension periods, Tenant shall be in default of any of its obligations or agreements in this lease contained beyond any period herein provided for the curing of such default, then if Landlord shall so elect, the exercise of such election by Tenant shall be deemed null and void or the extension period shall not commence, as the case may be, and the term of this lease shall expire upon the date herein provided for such expiration absent the exercise of such election by Tenant."*

At the time of the commencement of the aforesaid extension period of the Lease, occurring on February 1, 2004, Kmart continued to sell groceries in the premises in violation of paragraph 2(B) of the Commercial Lease. As noted above, Kmart was given a Notice of Default on September 5, 2003 and the default was not cured within the thirty (30) day time period specified in the Commercial Lease and in fact continues to exist as of the date of this notice. The thirty (30) day period for curing such default has long since lapsed as the Notice of Default regarding the sale of groceries was given to Kmart on September 5, 2003.

As a result of Kmart's continued default of the Commercial Lease at the commencement of the extension period of the Lease on February 1, 2004, please be advised that pursuant to paragraph 4 (B) of the Commercial Lease, Harvard Real Estate- Allston, Inc. (i) elects to treat Kmart's election dated January 24, 2003 to extend the original term of the Commercial Lease as null and void and (ii) elects that the extension period shall not commence. In addition, due to the default by Kmart at the time of the commencement of the extension period of the Lease, the extension period shall not commence. Accordingly, the term of the lease has expired as of January 31, 2004, according to the Commercial Lease, which constitutes the date provided for such expiration absent such election by Tenant.

Therefore, the Commercial Lease having expired on January 31, 2004, Kmart presently occupies the premises as a Tenant at Sufferance.

Alternatively, in the event that this election is deemed insufficient, this will also serve to notify you that Kmart has failed to cure its default of the Commercial Lease as described above and said Commercial Lease shall terminate within thirty (30) days from your receipt of this Notice.

You are hereby notified to vacate within thirty (30) days from your receipt of this notice, the

2

premises which you occupy, to wit:

> The premises consist of: Commercial Space located in the Brighton Village Shopping Center with an address of 400 Western Avenue in Boston (Brighton District) Massachusetts, consisting of (i) a one story building containing approximately 80,409 square feet of ground floor area, and approximately 7,848 square feet of mezzanine area, together with all the landlord's appurtenances thereto belonging.

If you remain in the above premises on the date specified for termination, your commercial landlord shall seek to enforce termination by bringing a judicial eviction.

Pursuant to the terms of the expired lease, you are liable for monthly use and occupancy, and all other costs and charges pursuant to your continued use and occupancy. In addition, you are liable for all expenditures by the landlord including without limitation, any re-letting expenses, and any and all attorneys fees and collection costs incurred as provided in the Lease.

<u>Please note that any monies paid by you after the expiration of the Commercial Lease on January 31, 2004 and any monies paid by you after the date of this notice shall be accepted solely for use and occupancy and not as rent, such payment shall not waive this notice, nor shall such payment create or reinstate any tenancy and such monies are received with a reservation of all rights under this Notice to Vacate/ Notice of Termination in any eviction proceedings. No tenancy shall be created by the acceptance of such monies or by any other action or any inaction of the Landlord. The reference to Lease, Landlord, Tenant, and tenancy shall also not be considered to recreate any tenancy.</u>

This Notice to Vacate/ Notice of Termination is sent without prejudice to any of the Landlord's rights against you. Neither this notice, nor any past or future correspondence shall be deemed to constitute a release or waiver of any of Kmart's obligations, liabilities, failures or defaults or any of Landlord's rights or remedies, all of which are expressly reserved and not waived.

You are hereby notified to produce this notice at any court where this case may be heard.

> Harvard Real Estate- Allston, Inc.
> By its Attorney,
> Downing & Flynn
>
> *[signature]*
> Frank A. Flynn, Esq.
> Downing & Flynn
> 85 Devonshire Street, Suite 1000
> Boston, MA 02109
> (617) 720-3535

cc:   Harvard Real Estate- Allston, Inc.

3