**EXHIBIT G**

3/10/04

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| KMART CORPORATION, et al., ) | Chapter 11 |
| ) | Case No. 02-B02474 |
| ) | Hon. Susan P. Sonderby |
| Debtors ) | |
| ) | (Jointly Administered) |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on the 18th day of March, 2004, at 2:00 p.m., or at such time counsel may be heard, we shall appear before the Honorable Susan P. Sonderby, in Courtroom 638 at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, or before such other judge who may be sitting in her place, and then and there present the **Motion of Harvard Real Estate-Allston, Inc. to Confirm Authority to Pursue State Law Remedies Re: Post-Effective Date Lease Obligations of Debtor**, at which time and place you may appear as you see fit.

_____
Michael S. Terrien, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350
(312) 527-0484

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 10 2004

KENNETH S. GARDNER, CLERK
PS REP. - DR

1021162

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| KMART CORPORATION, et al., ) | Chapter 11 |
| ) | Case No. 02-B02474 |
| ) | Hon. Sonderby |
| Debtors ) | |
| ) | (Jointly Administered) |

*FILED*
*UNITED STATES BANKRUPTCY COURT*
*NORTHERN DISTRICT OF ILLINOIS*
*MAR 10 2004*
*KENNETH S. GARDNER, CLERK*
*PS REP. - DR*

### MOTION OF HARVARD REAL ESTATE-ALLSTON, INC.
### TO CONFIRM AUTHORITY TO PURSUE STATE LAW REMEDIES
### RE: POST-EFFECTIVE DATE LEASE OBLIGATIONS
### OF DEBTOR

Harvard Real Estate-Allston, Inc. ("Harvard"), landlord of shopping center premises in Brighton, Massachusetts occupied by the reorganized Debtor, Kmart Corporation ("Kmart" or "Debtor"), moves pursuant to 11 U.S.C. §§ 105 and 1141 for an an order confirming that Harvard may pursue its state law remedies against Kmart to enforce lease obligations related to the period after May 6, 2003 ("Effective Date").

In support of its motion Harvard states:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On April 23, 2003 the Court entered its "Findings of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming The

{J:\CLIENTS\ban\082302\0116\kmart\00418835.DOC;3}

First Amended Joint Plan Of Reorganization Of Kmart Corporation And Its Affiliated Debtors And Debtors-In-Possession, As Modified" [Docket No. 10827] ("Confirmation Order").[1]

2. Kmart took an assignment of the interest of the previous bankrupt lessee (Caldor, Inc. Mass.) in a Lease dated January 26, 1978 ("Lease") covering a building within the Brighton Mills Shopping Center containing approximately 80,409 square feet of retail space and 7,848 square feet of mezzanine area ("Premises"). Harvard initially opposed the Debtor's attempted assumption of the Lease, but Harvard has since withdrawn that objection. [See ECF Docket No. 20625.]

3. By letters dated August 20, 2003, September 2, 2003, and September 5, 2003 Harvard had notified Kmart that Kmart was in breach of its Lease obligations, including (i) violation of a restriction in the Lease prohibiting the sale of groceries or food products at the Premises, (ii) use of the Premises to store trailers, (iii) failure to maintain the Premises, and (iv) failure to report gross sales, improper calculation of gross sales and failure to pay percentage rent.

4. By letter dated January 27, 2004 Harvard notified Kmart that Kmart was in default of the Lease ("Notice of Default"). On January 31, 2004 the then-current term of the Lease expired.

5. By letter dated February 26, 2004 from Kmart's counsel, Kmart threatened that unless Harvard withdrew its January 27, 2004 Notice of Default Kmart would seek redress before the Bankruptcy Court, including the imposition of sanctions for "willful violation of the

---

[1] The Confirmation Order confirmed pursuant to 11 U.S.C. § 1129 the First Amended Joint Plan of Reorganization of Kmart Corporation and the Affiliated Debtors and Debtors-in-Possession, as modified ("Plan"). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan and the Confirmation Order.

injunction provisions of the Confirmation Order." A true, correct copy of the February 26, 2004 Kmart letter is attached as Exhibit "A".

6. Paragraph 12 of the Confirmation Order provides:

> Except as otherwise specifically provided in the Plan and except as may be necessary to enforce or remedy a breach of the Plan, the Debtors, and all Persons who have held, hold or may hold Claims or Interests and any successors, assigns or representatives of the foregoing shall be precluded and permanently enjoined on and after the Effective Date from: (a) commencing or continuing in any manner any Claim, action or proceeding of any kind with respect to any Claim, Interest or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any Claim, Interest or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting or enforcing any encumbrance of any king with respect to any Claim, Interest or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims that are released hereby.

Paragraph 12 of the Confirmation Order is hereinafter referred to as the "Injunction".

## APPLICABLE LAW AND RELIEF REQUESTED

7. Kmart is in breach of its post-Effective Date Lease obligations. Given Kmart's threat to seek sanctions against Harvard, Harvard is concerned that default notices to Kmart and any state court action relating to post-Effective Date Lease obligations will make it the target of abusive tactics by Kmart. Harvard is entitled to pursue its state law remedies against Kmart. In re: Leon's Casuals Company, Inc., 122 B.R. 768 (Bankr. S.D. Ala. 1990) (when a debtor assumes an unexpired lease, it takes on all obligations and liabilities under the lease as if the bankruptcy petition had never been filed). See also, In re: Mushroom Transportation Co., Inc. 78 B.R. 754 (Bankr. E.D. PA 1987) (debtor is required to provide landlord with the full benefit of its bargain). Harvard's pursuit of its remedies with respect to post-Effective Date Lease defaults is not proscribed by the provisions of the Injunction. Nor does any provision of the

Confirmation Order limit Harvard's right to enforce post-Effective Date Lease obligations of Kmart.[2] The Injunction pertains to pre-Effective Date Claims, *not* Lease defaults arising after May 6, 2003. See, Bowen v. United States Dep't. of Treasury (In re Bowen), 174 B.R. 840 (Bankr. S.D. Ga. 1994) (future claimants' claims not discharged by confirmation order).

9. Although the Bankruptcy Court may have "related to" jurisdiction over Lease disputes between Harvard and Kmart that pertain to post-Effective Date breaches or defaults, such jurisdiction is not exclusive. In re: Kmart Corporation, 290 B.R. 601, 609 (Bankr. N.D. Ill. 2002). Post-Effective Date Lease defaults involve interpretation and application of Massachusetts law, not bankruptcy law. Faced with the threat that Kmart will "seek redress" in the Bankruptcy Court for violation of the Injunction, Harvard, out of an abundance of caution, seeks an order confirming that it is entitled to pursue in the appropriate courts of the Commonwealth of Massachusetts its state law remedies to enforce post-Effective Date obligations under the Lease.

WHEREFORE, Harvard Real Estate-Allston, Inc., moves that the Court confirm that the Confirmation Order does not preclude it from exercising its state law rights and remedies in a state court of competent jurisdiction with respect to breaches by Kmart Corporation of its Lease obligations and Lease defaults arising or occurring after May 6, 2003.

---

[2] Pursuant to 11 U.S.C. § 1141(d)(1) confirmation of a plan "discharges the debtor from any debt *that arose before the date of such confirmation*". (emphasis supplied)

{J:\CLIENTS\ban\082302\0116\kmart\00418835.DOC;3}

HARVARD REAL ESTATE-ALLSTON, INC.
By its attorneys,

*/s/ Michael S. Terrien*
Michael S. Terrien, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, Illinois 60611

and

Richard A. Sheils, Jr. (BBO # 457290)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
(508) 929-3047 fax

Dated: March 9, 2004

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: )<br>)<br>KMART CORPORATION, et al., )<br>)<br>)<br>Debtors )<br>) | Chapter 11<br>Case No. 02-B02474<br>Hon. Susan P. Sonderby<br><br>(Jointly Administered) |

### ORDER ON MOTION OF HARVARD REAL ESTATE-ALLSTON, INC. TO CONFIRM AUTHORITY TO PURSUE STATE LAW REMEDIES RE: POST-EFFECTIVE DATE LEASE OBLIGATIONS OF DEBTOR

The Court, having considered the Motion of Harvard Real Estate-Allston, Inc. To Confirm Authority To Pursue State Law Remedies Re: Post-Effective Date Lease Obligations Of Debtor ("Motion"), and any opposition thereto, hereby **ALLOWS** the Motion and confirms that the Confirmation Order [Docket No. 10827] does not preclude Harvard from exercising its state law rights and remedies in a state court of competent jurisdiction with respect to breaches by Kmart Corporation of its Lease obligations and defaults arising or occurring after May 6, 2003.

Date: March ___, 2004                                        SO ORDERED

                                                              _____
                                                              Honorable Susan P. Sonderby
                                                              United States Bankruptcy Judge

{J:\CLIENTS\ban\082302\0116\00419805.DOC;1}

## PROOF OF SERVICE

I, Michael S. Terrien, an attorney, hereby certify that I caused to be served true and correct copy of the foregoing **Motion of Harvard Real Estate-Allston, Inc. to Confirm Authority to Pursue State Law Remedies Re: Post-Effective Date Lease Obligations of Debtor** to the following people:

**Via Federal Express**

Victoria F. Maroulis, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

**Via Messenger**

William J. Barrett
Barack Ferrazzano Kirschbaum
Perlman & Nagelberg, LLC
333 West Wacker Drive, Suite 2700
Chicago, Illinois 60606

as indicated on this 10th day of March, 2004.

/s/ Michael S. Terrien
Michael S. Terrien
Jenner & Block, LLC
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350
(312) 527-0484