**EXHIBIT J**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KMART CORPORATION, *et al.*, | ) | Case No. 02 B 02474 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| KMART CORPORATION, | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04 A 02556 |
| vs. | ) | |
| | ) | |
| HARVARD REAL ESTATE-ALLSTON, | ) | Hearing Date: December 14, 2004 |
| INC., | ) | 10:00 a.m. |
| | ) | |
| Defendant. | ) | |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 1 9 2004
KENNETH S. GARDNER, CLERK
PS REP. · SJ

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Tuesday, December 14, 2004, at the hour of 10:00 a.m., we shall appear before Judge Susan Pierson Sonderby, Courtroom 642, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and shall present **Kmart's Motion to Stay Case,** a copy of which is attached hereto and herewith served upon you at which time and place you may appear if you so see fit.

Dated: November 19, 2004
    Chicago, Illinois

KMART CORPORATION

By: /s/ William J. Barrett
    One of its Attorneys

William J. Barrett (6206424)
Barack Ferrazzano Kirschbaum
Perlman & Nagelberg LLP
333 West Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone:  312-629-5170
Facsimile:   312-984-3150

257129-1

## CERTIFICATE OF SERVICE

I, Jean Montgomery, a non-attorney in the law firm of Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLP, certify that I have this 19th day of November, 2004, caused to be served on the following counsel of record for Harvard Real Estate-Allston, Inc., via regular U.S. Mail, postage prepaid, a copy of the foregoing Notice of Motion and Kmart's Motion to Stay Case:

> Richard Sheils
> Bowditch & Dewey, LLP
> 311 Main Street
> Worcester, MA 01615-0156
>
> Michael Terrien
> Jenner & Block
> One IBM Plaza
> 330 N. Wabash, 38th Flr.
> Chicago, IL 60611

*/s/ Jean Montgomery*

State of Illinois )
County of Cook )

Sworn to before me and subscribed in my presence by Jean Montgomery this 19th day of November, 2004.

*/s/ Glenda P. Ziegler*
Notary Public

> OFFICIAL SEAL
> GLENDA P. ZIEGLER
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 3-13-2007

257129-1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KMART CORPORATION, *et al.*, | ) | Case No. 02 B 02474 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| KMART CORPORATION, | ) | Honorable Susan P. Sonderby |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04-A-02556 |
| vs. | ) | |
| | ) | |
| HARVARD REAL ESTATE-ALLSTON, INC., | ) | Hearing Date: December 14, 2004 |
| | ) | Hearing Time: 10:00 a.m. |
| Defendant. | ) | |

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 1 9 2004
KENNETH S. GARDNER, CLERK
PS REP. - SJ

## KMART'S MOTION TO STAY CASE

Kmart Corporation ("Kmart"), plaintiff, moves that the Court stay this adversary proceeding. In support of its motion, Kmart states as follows:

1. Kmart commenced this adversary proceeding on May 5, 2004 seeking to restrain the defendant, Harvard Real Estate-Allston, Inc. ("Harvard") from taking action to terminate Kmart's rights under a lease (the "Lease") for space in Boston, Massachusetts. In its Complaint, Kmart alleged that any claim by Harvard that Kmart had violated the "grocery clause" of the Lease had been decided in Kmart's favor in the course of the contested proceeding under which Kmart assumed the Lease and that therefore Harvard was precluded from terminating the lease or relitigating the grocery clause issue in a Massachusetts court. As its relief, Kmart sought a

257101-1                                          1

preliminary and permanent injunction that would have enjoined the relitigation of the grocery clause issue in an eviction action brought by Harvard.

2. On June 4, 2004, this Court held a full day evidentiary hearing on Kmart's motion for a preliminary injunction. At the hearing, both Kmart and Harvard offered evidence regarding the extent to which Kmart sold food items as of different dates. Kmart offered the evidence to show that the current selection of food offered for sale is less than what it offered at the time the lease was assumed and that therefore the Court's intrinsic finding of no violation of the lease as of that day subsumed the current allegation that Kmart is selling more food items than permitted under the Lease.

3. After the June 4, 2004 hearing both Kmart and Harvard submitted extensive proposed findings of fact and conclusions of law.

4. On September 29, 2004 the Court made its ruling denying Kmart's motion for a preliminary injunction. The Court decided as a matter of law that, absent circumstances not present in this case, the preclusive effect of a prior order in subsequent litigation should be decided by the second court. The Court thus did not reach Kmart's underlying contention that this Court had already decided the grocery clause issue, nor did it decide whether under the facts Kmart's current offering of food items is less than what Kmart offered when it assumed the lease.

5. Harvard has since filed an action in a Massachusetts state court to evict Kmart. Kmart has removed the action to the United States District Court in Boston and has asserted several affirmative defenses, including *res judicata* and collateral estoppel based on the prior proceedings in this Court.

257101-1                                            2

6. If the Boston Court gives full consideration to Kmart's *res judicata* and collateral estoppel defenses or otherwise disposes of the case in Kmart's favor, then this adversary proceeding may be rendered entirely moot. If the Boston Court declines to consider the preclusive effect of the prior proceedings in this Court on the pending action in Boston, then Kmart may seek relief from this Court, such as by prosecuting this adversary proceeding to a final judgment. Either way, this action should be stayed until the Boston Court has disposed of the *res judicata* and collateral estoppel defenses.

7. A stay of this case should include a stay of all discovery. Harvard has recently served Interrogatories, Request for Admissions, and Request for Production of Documents on Kmart. Discovery of relevant information is available to Harvard in the Boston court and there is no need for dual, nearly identical discovery in this Court given the current posture of this adversary proceeding.

WHEREFORE, Kmart respectfully moves the Court to stay all proceedings and discovery in this case.

Respectfully submitted,

KMART CORPORATION

By _____William Barrett_____
One of Its Attorneys

William J. Barrett (6206424)
Barack, Ferrazzano, Kirschbaum,
Perlman & Nagelberg, LLP
333 W. Wacker, Suite 2700
Chicago, IL 60606
(312) 629-5170

257101-1                                3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KMART CORPORATION, *et al.*, | ) | Case No. 02 B 02472 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| KMART CORPORATION, | ) | Honorable Susan P. Sonderby |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04-A-02556 |
| vs. | ) | |
| | ) | |
| HARVARD REAL ESTATE-ALLSTON, INC., | ) | Hearing Date: December 14, 2004 |
| | ) | Hearing Time: 10:00 a.m. |
| Defendant. | ) | |

### ORDER STAYING CASE

All proceedings in this case are stayed until further order of this Court. Kmart Corporation shall place this case on the Agenda for a status hearing for the first omnibus hearing (in the main Kmart bankruptcy case) after April 1, 2005.

_____
United States Bankruptcy Judge

257101-1                                    4