UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| KMART CORPORATION, *et al.*, ) | Case No. 02 B 02474 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| KMART CORPORATION, ) | Honorable Susan P. Sonderby |
| ) | |
| Plaintiff, ) | |
| ) | Adv. No. 04-A-02556 |
| vs. ) | |
| ) | |
| HARVARD REAL ESTATE-ALLSTON, ) | Hearing Date: December 14, 2004 |
| INC., ) | Hearing Time: 10:00 a.m. |
| ) | |
| Defendant. ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Tuesday, December 14, 2004, at the hour of 10:00 a.m., we shall appear before Judge Susan Pierson Sonderby, Courtroom 642, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and shall present **Kmart's Motion to Dismiss Case Without Prejudice,** a copy of which is attached hereto and herewith served upon you, at which time and place you may appear if you so see fit.

Dated: December 9, 2004
       Chicago, Illinois

KMART CORPORATION

By: _William Barrett_
    One of its Attorneys

William J. Barrett (6206424)
Barack Ferrazzano Kirschbaum
Perlman & Nagelberg LLP
333 West Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone:  312-629-5170
Facsimile:  312-984-3150

257129-1

## CERTIFICATE OF SERVICE

I, Jean Montgomery, a non-attorney in the law firm of Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLP, certify that I have this 9th day of December, 2004, caused to be served on the following counsel of record for Harvard Real Estate-Allston, Inc., via facsimile, a copy of the foregoing Notice of Motion and Kmart's Motion to Dismiss Case Without Prejudice:

Richard Sheils
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01615-0156
*Facsimile No. 508-929-3047*

Michael Terrien
Jenner & Block
One IBM Plaza
330 N. Wabash, 38th Flr.
Chicago, IL 60611
*Facsimile No. 312-923-2728*

*/s/ Jean Montgomery*

State of Illinois   )
County of Cook   )

Sworn to before me and subscribed in my presence by Jean Montgomery this 9th day of December, 2004.

OFFICIAL SEAL
GLENDA P. ZIEGLER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-13-2007

*/s/ Glenda P. Ziegler*
Notary Public

257129-1

```
                                                                                    P. 1

            *  *  *  COMMUNICATION RESULT REPORT ( DEC. 9. 2004  3:37PM ) *  *  *

                                                    FAX HEADER 1:  BARRACK FERRAZZANO
                                                    FAX HEADER 2:

TRANSMITTED/STORED : DEC. 9. 2004  3:25PM
FILE MODE       OPTION           ADDRESS                        RESULT          PAGE
------------------------------------------------------------------------------------
4188 MEMORY TX                   RightFax                       OK              7/7
                                 FaxServer                      OK              7/7
------------------------------------------------------------------------------------
     REASON FOR ERROR
         E-1) HANG UP OR LINE FAIL              E-2) BUSY
         E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

## BARACK FERRAZZANO KIRSCHBAUM PERLMAN & NAGELBERG LLP

333 WEST WACKER DRIVE, SUITE 2700
CHICAGO, ILLINOIS 60606
TELEPHONE: (312) 984-3100
FAX: (312) 984-3150

### FACSIMILE COVER SHEET

**TO:**  Richard Sheils        **FAX NO.**    508-929-3047
        Michael Terrien                      312-923-2728

**FROM:**  William J. Barrett

**CLIENT CODE:**  KMRT-0000

**DATE:**  December 9, 2004

**TIME:**

---

THIS TELECOPY CONSISTS OF THIS COVER SHEET AND __6__ PAGE(S).

☐ CONFIRM *(Confirmation Upon Request Only):*  Phone #:

☒ RETURN IMMEDIATELY TO JMX              CONFIRMED ☐

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA UNITED STATES POSTAL SERVICE. THANK YOU.

If you experience any problems with this transmission, please call (312) 984-3173.

---

**MESSAGE:**    In re Kmart Corporation, *et al.*
                Kmart Corporation v. Harvard Real Estate-Allston, Inc.

☐ Original will not follow   ☐ Original will follow via:   ☐ 1st Class Mail   ☐ Overnight Courier   ☐ Messenger

DOCUMENT4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KMART CORPORATION, et al., | ) | Case No. 02 B 02474 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| KMART CORPORATION, | ) | Honorable Susan P. Sonderby |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04-A-02556 |
| vs. | ) | |
| | ) | |
| HARVARD REAL ESTATE-ALLSTON, INC., | ) | Hearing Date: December 14, 2004 |
| | ) | Hearing Time: 10:00 a.m. |
| Defendant. | ) | |

### KMART'S MOTION TO DISMISS CASE WITHOUT PREJUDICE

Kmart Corporation ("Kmart"), plaintiff, moves that the Court dismiss without prejudice this adversary proceeding. In support of its motion, Kmart states as follows:

1.  Kmart commenced this adversary proceeding on May 5, 2004 seeking to restrain the defendant, Harvard Real Estate-Allston, Inc. ("Harvard") from taking action to terminate Kmart's rights under a lease (the "Lease") for space in Boston, Massachusetts. In its Complaint, Kmart alleged that any claim by Harvard that Kmart had violated the "grocery clause" of the Lease had been decided in Kmart's favor in the course of the contested proceeding under which Kmart assumed the Lease and that therefore Harvard was precluded from terminating the lease or relitigating the grocery clause issue in a Massachusetts court. As its relief, Kmart sought a

257101-1                                     1

preliminary and permanent injunction that would have enjoined the relitigation of the grocery clause issue in an eviction action brought by Harvard.

2. On June 4, 2004, this Court held a full day evidentiary hearing on Kmart's motion for a preliminary injunction. After the June 4, 2004 hearing, both Kmart and Harvard submitted extensive proposed findings of fact and conclusions of law.

3. On September 29, 2004 the Court made its ruling denying Kmart's motion for a preliminary injunction. The Court decided as a matter of law that, absent circumstances not present in this case, the preclusive effect of a prior order in subsequent litigation should be decided by the second court. The Court thus did not reach Kmart's underlying contention that this Court had already decided the grocery clause issue, nor did it decide whether under the facts Kmart's current offering of food items is less than what Kmart offered when it assumed the lease.

4. Harvard has since filed an action in a Massachusetts state court to evict Kmart. Kmart has removed the action to the United States District Court in Boston and has asserted several affirmative defenses and counter claims, including defenses and counter claims asserting *res judicata* and collateral estoppel based on the prior proceedings in this Court. Harvard has moved to dismiss Kmart's counter claims and has moved to remand the case back to the Massachusetts state court.

5. In its pleadings filed in the Boston court, Harvard asserts that the court cannot hear the *res judicata* and collateral estoppel defenses because those defenses are pending in this adversary proceeding even though this Court has ruled that the defenses should be raised in a Massachusetts court. Plainly, Harvard is attempting to preclude Kmart altogether from asserting those defenses in any forum.

257101-1                                   2

6.   Kmart has previously filed a motion to stay this adversary proceeding. Rather than stay this case, Kmart believes that it is more appropriate that the case be dismissed without prejudice, which will have the same practical effect as a stay. A dismissal without prejudice will allow the collateral estoppel and *res judicata* arguments to be heard in Massachusetts without the contention that they are subject to another action. If the Massachusetts court declines to hear the defenses, a dismissal with prejudice will allow Kmart to refile its complaint in this case.

WHEREFORE, Kmart respectfully moves that the Court dismiss this adversary proceeding without prejudice.

Respectfully submitted,

KMART CORPORATION

By *William J Barrett*
One of Its Attorneys

William J. Barrett (6206424)
Barack, Ferrazzano, Kirschbaum,
Perlman & Nagelberg, LLP
333 W. Wacker, Suite 2700
Chicago, IL 60606
(312) 629-5170

257101-1                           3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KMART CORPORATION, *et al.*, | ) | Case No. 02 B 02472 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| KMART CORPORATION, | ) | Honorable Susan P. Sonderby |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04-A-02556 |
| vs. | ) | |
| | ) | |
| HARVARD REAL ESTATE-ALLSTON, INC., | ) | Hearing Date: December 14, 2004 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

It is hereby ordered that this case is dismissed without prejudice.

_____
United States Bankruptcy Judge

257101-1               4