**EXHIBIT L**

2 of 2 DOCUMENTS

A. LEVET PROPERTIES PARTNERSHIP VERSUS BANK ONE, N.A.

CIVIL ACTION NO: 03-1708 C/W 03-1373 SECTION: "R" (2)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2003 U.S. Dist. LEXIS 12777

July 21, 2003, Decided
July 21, 2003, Filed

**SUBSEQUENT HISTORY:** Summary judgment granted by *Bank One, N.A. v. A. Levet Props. P'ship, 2004 U.S. Dist. LEXIS 14236* (E.D. La., July 21, 2004)

**DISPOSITION:** [*1] Plaintiff's motion for remand GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff lessor moved the court for expedited consideration of its motion to remand its summary eviction action against defendant successor lessee. The lessee had removed the eviction proceedings from state court to federal court, asserting federal jurisdiction pursuant to *28 U.S.C.S. § 1332*. The lessor also asked the court to sanction the lessee for improper removal.

**OVERVIEW:** The lessor instituted summary eviction proceedings against the lessee, contending that it had defaulted. The lessee removed the action to the court, in which it had previously filed suit against the lessor for allegedly overpaid rent. The court consolidated the cases and the lessor moved for remand. The court granted the motion, holding that the lessee had failed to prove, by a preponderance of the evidence, that the amount in controversy exceeded $ 75,000, as required under *28 U.S.C.S. § 1332*(a). Applying Louisiana law, under which the sole issue in summary eviction proceedings was possession, future rents and unpaid rents could not be used in arriving at the jurisdictional amount. Thus, the court could value only the right of possession of the leased premises to determine whether the amount in controversy exceeded $ 75,000 and the lessee's conclusory argument that the lessor stood to gain significantly from having the property free to rent to other tenants was insufficient. The court declined to sanction the lessee under Fed. R. Civ. P. 11 or to grant the lessor's request for expenses under *28 U.S.C.S. § 1447*(c), finding that the lessee's actions did not warrant such sanctions.

**OUTCOME:** The court granted the motion for expedited consideration and also granted the lessor's motion for remand. The court declined to sanction the lessee and further denied the lessor's request for expenses.

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Basis for Removal*
[HN1] A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. *28 U.S.C.S. § 1441*(a).

*Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy*
*Civil Procedure > Jurisdiction > Diversity Jurisdiction > Citizenship*
*Evidence > Procedural Considerations > Burdens of Proof*
[HN2] Under *28 U.S.C.S. § 1332*(a), districts courts have original jurisdiction of all civil actions between diverse parties when the amount in controversy exceeds $ 75,000, exclusive of interest and costs. The amount in controversy is ordinarily established by the plaintiff's state court petition. Where the petition does not include a specific monetary demand, the removing party must

establish by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. The removing party may meet its burden either by demonstrating that it is "facially apparent" that the claims are likely above $ 75,000 or by setting forth the facts in controversy in the removal petition or an affidavit that support a finding of the requisite amount.

*Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy*
*Civil Procedure > State & Federal Interrelationships > Application of State Law*
[HN3] In the context of establishing jurisdiction under *28 U.S.C.S. § 1332*(a), in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. The Fifth Circuit has established that the value to the plaintiff of the right to be enforced or protected determines the amount in controversy. While determining the amount in controversy is a federal question requiring the application of federal standards, the court must look to state law to determine the nature and extent of the right to be enforced in a diversity case.

*Real & Personal Property Law > Landlord & Tenant > Eviction Actions*
[HN4] Under Louisiana law, summary eviction proceedings involve the single issue of whether the owner is entitled to possession of the premises.

*Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy*
[HN5] In the context of *28 U.S.C.S. § 1332*(a), only the value of the right directly in issue in the particular suit, not the collateral effect of the judgment, may be considered in making up the necessary jurisdictional amount.

*Civil Procedure > Sanctions > Baseless Filings*
[HN6] A district court may assess sanctions against a party, attorney, or both, for a filing that is not warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law, or if the filing is interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11. Rule 11 sanctions may be imposed even in the absence of bad faith.

*Civil Procedure > Removal > Removal Proceedings*
*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
*Civil Procedure > Costs & Attorney Fees > Attorney Fees*

[HN7] *28 U.S.C.S. § 1447*(c) provides that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. An award of costs and expenses under § 1447(c) is discretionary. The court must determine whether the defendant had objectively reasonable grounds to believe the removal was legally proper.

**COUNSEL:** For A LEVET PROPERTIES PARTNERSHIP, plaintiff (03-CV-1708): Leonard Louis Levenson, Weigand & Levenson, Timothy R. Richardson, Usry, Weeks & Matthews, New Orleans, LA.

For BANK ONE CORPORATION, defendant (03-CV-1708): Thomas A. Roberts, Gabriel A. Crowson, F. Sherman Boughton, Jr., McGlinchey Stafford, PLLC, New Orleans, LA.

**JUDGES:** SARAH S. VANCE, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** SARAH S. VANCE

**OPINION:**

### ORDER AND REASONS

Before the Court is the plaintiff's Motion and Incorporated Memorandum for Expedited Consideration of Motion for Remand. After considering the reasons set forth in plaintiff's motion for expedited consideration, the Court grants plaintiff's motion and considers the motion for remand on an expedited basis.

Plaintiff requested oral argument regarding the motion for remand. The plaintiff expressed a desire to resolve the motion as expeditiously as possible, and the Court finds that oral argument would only further delay the resolution of the motion. The Court therefore denies plaintiff's request for oral argument, and the motion for remand is considered on the briefs below. For the following reasons, the Court GRANTS [*2] plaintiff's motion for remand.

### I. Background

Plaintiff, A. Levet Properties Partnership ("A. Levet"), leased certain commercial property located at 4545 Veterans Memorial Highway in Jefferson Parish, Louisiana, to First National Bank of Commerce pursuant to a lease agreement (the "Lease"). Defendant Bank One Corporation ("Bank One"), through a merger with First National Bank of Commerce, is the successor lessee under the Lease. The initial term of the Lease is 10 years, commencing no later than January 1, 2004. The Lease

Case 1:04-cv-12249-DPW    Document 21-17    Filed 12/16/2004    Page 4 of 5

Page 3
2003 U.S. Dist. LEXIS 12777, *

gave Bank One the option to extend the terms of the Lease for two consecutive five-year extension periods. The parties amended the Lease in October, 2002, to add two additional five-year extension periods. The Lease requires Bank One to notify A. Levet of its intent to extend the Lease at least 180 days prior to the end of the initial lease term or applicable extension period. Annual rental under the initial lease term is $ 248,814.50, payable in monthly installments of $ 20,734.54.

A. Levet notified Bank One on April 28, 2003, that it was in violation of the conditions of the lease. A. Levet then filed summary eviction proceedings in the 24th Judicial [*3] District for the Parish of Jefferson on June 3, 2003. A. Levet contends that Bank One defaulted on the Lease as of May 29, 2003, after failing to remedy the alleged violation for 30 days following notice of the violation. (Petition for Eviction and Termination of Lease, PP 4-9; Rec. Doc. 1, Exh. A in Civil Action 03-1708). Bank One removed the eviction proceedings to federal court on June 13, 2003, asserting federal jurisdiction pursuant to *28 U.S.C. § 1332.*

Bank One had previously filed suit in this Court against A. Levet on May 14, 2003, for a declaratory judgment regarding the amount of monthly rent due and a return of rent that Bank One has allegedly overpaid. The Court consolidated these eviction proceedings, Civil Action 03-1708, with the lawsuit by Bank One, Civil Action 03-1373. A. Levet has moved for remand of the eviction proceedings and has asked the Court to sanction Bank One for improper removal.

## II. Discussion

### A. Standard

[HN1] A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. *See 28 U.S.C. § 1441(a); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).* [*4] Bank One asserts federal jurisdiction based on *28 U.S.C. § 1332.* [HN2] Under *28 U.S.C. § 1332(a),* districts courts have original jurisdiction of all civil actions between diverse parties n1 when the amount in controversy exceeds $ 75,000, exclusive of interest and costs. Plaintiff concedes that the parties are diverse but disputes defendant's contention that the amount in controversy exceeds $ 75,000.

n1 *See 28 U.S.C. § 1332 (a)(1)-(4).*

The amount in controversy is ordinarily established by the plaintiff's state court petition. *See Manguno v. Prudential Property and Casualty Insurance Company, 276 F.3d 720, 723 (5th Cir. 2002).* "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $ 75,000." *Id.* (citing *De Aguilar, 47 F.3d at 1412); see also Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999).* [*5]

Bank One may meet its burden either by demonstrating that it is "facially apparent" that the claims are likely above $ 75,000 or by setting forth the facts in controversy in the removal petition or an affidavit that support a finding of the requisite amount. *See Luckett, 171 F.3d at 298* (citing *Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).* In the Notice of Removal, Bank One asserts that it is facially apparent from the plaintiff's petition that the amount in controversy exceeds $ 75,000. (Notice of Removal, P 6; Rec. Doc. 1 in Civil Action 3-1708).

### B. Amount in Controversy

[HN3] In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *See Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983); Energy Catering Services, Inc. v. Burrow, 911 F. Supp. 221, 223 (E.D.La. 1995).* The Fifth Circuit has established that "the value to the plaintiff of the right to be enforced or protected determines [*6] the amount in controversy." *See Alfonso v. Hillsborough County Aviation Authority, 308 F.2d 724, 727 (5th Cir. 1962).* While determining the amount in controversy is a federal question requiring the application of federal standards, the Court must look to state law to determine the nature and extent of the right to be enforced in a diversity case. *See Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 352-353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961).*

[HN4] Under Louisiana law, summary eviction proceedings involve the single issue of whether the owner is entitled to possession of the premises. *See Williams v. Bass, 847 So. 2d 80, **4 (2003), 2003 WL 21076989, *2; Capone v. Kenny, 646 So. 2d 510, 512 (4 Cir. 1994),.* [HN5] "Only the value of the right directly in issue in the particular suit, not the collateral effect of the judgment, may be considered in making up the necessary jurisdictional amount." *Burks v. Texas Co., 211 F.2d 443, 445 (5th Cir. 1954); see also Healy v. Ratta, 292 U.S. 263, 266, 78 L. Ed. 1248, 54 S. Ct. 700 (1934).* Thus, this Court must value [*7] only the right of possession of the leased premises to determine whether the amount in controversy exceeds $ 75,000.

Summary eviction proceedings under Louisiana law involve the sole issue of possession, and therefore any claims for rent due under the Lease must be pursued

through ordinary proceedings for damages or past due rent. A. Levet cannot pursue claims for future or past due rents in these summary proceedings. As a result, the Court finds that the Lease and the nature of these proceedings preclude a valuation of the right of possession based on any future rents or past unpaid rent that might be claimed in another proceeding. *See BEM I, L.L.C. v. Anthropologie, Inc., 1999 U.S. Dist. LEXIS 19478, 1999 WL 1212643, *5 (N.D.Ill.)* (holding that determination of the amount in controversy based on future rents due is inappropriate when plaintiff could not claim any future rents in the summary proceedings).

To determine the value of the right of possession, the Court must determine the marginal change in plaintiff's economic position if it obtains possession. To do this, the Court compares the plaintiff's economic position with and without possession. If A. Levet does not evict Bank One, then [*8] Bank One will continue to owe the monthly rental payments to A. Levet under the terms of the lease. If A. Levet terminates the lease and evicts Bank One, A. Levet must use its best efforts to release the premises. (Def.'s Memo. in Opp. to Pla.'s Mot. for Remand, Exh. A § 17(B)). Bank One remains liable for stipulated damages equal to any amount the monthly rent it would have paid under the remaining term of the lease exceeds the rent payable by the new tenant. *Id.* Thus under the terms of the Lease, A. Levet is entitled to at least the amount of monthly rent currently due under the lease, whether or not it terminates the Lease and obtains possession of the leased premises.

As noted above, Bank One has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. If A. Levet were able to re-lease the premises to another tenant at a monthly rental amount greater than what it would receive from Bank One under the Lease, then the value of possession could be measured as the difference between the rent received from the new tenant and the rent A. Levet would have received from Bank One. As an alternative, if Bank One were unable to pay rent [*9] under the lease, then possession would give A. Levet the ability to re-lease the premises to another tenant, and the value of possession would be the rent A. Levet could collect from a new tenant. The defendant has not shown, however, that either of these situations is the case here, nor has it asserted any other appropriate valuation of possession to prove the amount in controversy requirement is satisfied. The defendant has only made the conclusory argument that the plaintiff stands to "gain significantly" from having the property free to rent to other tenants. (Def.'s Memo. in Opp. to Pla.'s Mot. for Remand, at 7). The Court finds that the defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. The Court therefore GRANTS plaintiff's motion for remand.

### C. Sanctions, Costs

In its motion, plaintiff invites the Court to sanction Bank One *sua sponte* under *Federal Rules of Civil Procedure Rule 11* for delaying the eviction proceedings. [HN6] A district court may assess sanctions against a party, attorney, or both, for a filing that is not "warranted by existing law or a nonfrivolous argument for the extension, modification, [*10] or reversal of existing law.," or if the filing is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *FED. R. CIV. P. 11*. *Rule 11* sanctions may be imposed even in the absence of bad faith. *See News-Texan, Inc. v. City of Garland, Texas, 814 F.2d 216 (5th Cir. 1987)*.

In the alternative, plaintiff's reply brief requests expenses pursuant to *28 U.S.C. § 1447(c)*, [HN7] which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs and expenses under *§ 1447(c)* is discretionary. *See § 1447(c); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000)*. The Court must determine whether the "defendant had objectively reasonable grounds to believe the removal was legally proper." *Id. at 293*. The Court declines to sanction Bank One under *Rule 11* for removing this action to federal court, and the Court finds that Bank One's other actions also do not warrant such sanctions. Further, the Court denies plaintiff's [*11] request for expenses.

### III. Conclusion

For the reasons stated above, the Court GRANTS plaintiff's motion for remand.

New Orleans, Louisiana, this 21st day of July, 2003.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE