UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-12249-DPW

| | |
|---|---|
| HARVARD REAL ESTATE–ALLSTON, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KMART CORPORATION, KMART STORE 9424, )<br>    Defendant. )<br>_____ ) | PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS |

Harvard's Motion to Remand to the Massachusetts state court should be granted, as removal jurisdiction is so clearly lacking in this summary process eviction case. If this Court grants the Motion to Remand, then the Court need not reach Harvard's Motion to Dismiss Counterclaims. However, if the Court denies the Motion to Remand, then it must determine whether Kmart is entitled to maintain its counterclaims despite the clear prohibition in Massachusetts law against a defendant bringing counterclaims in a summary process eviction action.[1] Under the Erie doctrine, a federal court sitting in diversity must apply state substantive law and federal procedural rules. Dichner v. Liberty Travel, 141 F.3d 24, 32 (1st Cir. 1998); Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, the Court's determination turns on whether the Massachusetts summary process statute, M.G.L. c. 239, §8A, is substantive or merely procedural in nature.

---

[1] As with much else in its Opposition, Kmart misstates this point when it asserts that "if this Court denies the Motion to Remand, the Court will have determined that it has jurisdiction to hear Kmart's counterclaims." (Kmart Opposition at 17). On the contrary, in that case the Court would have only determined that it has subject matter jurisdiction over Harvard's claim for possession of the commercial premises. Whether Kmart can maintain its counterclaims is an entirely separate issue.

I. **MASSACHUSETTS' PROHIBITION AGAINST COUNTERCLAIMS IN SUMMARY PROCESS ACTIONS IS SUBSTANTIVE, NOT PROCEDURAL; THEREFORE, UNDER THE ERIE DOCTRINE, KMART IS PRECLUDED FROM BRINGING COUNTERCLAIMS IN THIS ACTION.**

    A. **The substantive state law, M.G.L. c. 239, § 8A, comprises a unique statutory scheme designed to provide an expedited means for recovery of possession of commercial premises.**

The substantive state law, the Massachusetts summary process statute, amounts to a comprehensive and unique statutory scheme which is designed to be "a process giving the landlord a quick remedy for possession." *See* Daher & Chopp, 33A Massachusetts Practice, Landlord and Tenant Law, § 16:1 at 257 (2000); Hodge v. Klug, 33 Mass. App. Ct. 746, 755, 604 N.E.2d 1329, 1335 ("time is of the essence" because "real estate constitutes unique property," quoting Commentary to Massachusetts Uniform Summary Process Rule 1); Davis & O'Connor Co v. Shell Oil Co., 311 Mass. 401, 41 N.E.2d 287 (1942) ("[t]he object of summary process is to restore possession."). Contrary to Kmart's assertions, Harvard is <u>not</u> "contend[ing] that counterclaims are barred by *procedural rules* in Massachusetts state court summary proceeding involving commercial tenants." (Kmart Opposition at 10) (Emphasis supplied). Rather, the summary process procedural rules merely reflect and implement the substantive state law authorized by the legislature, M.G.L. c. 239, §§ 1, 8A. *Cf.* Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc., 163 F.3d 149 (2nd Cir. 1998), which is heavily relied upon by Kmart in which the court focused on a New York state *civil procedural rule* and did not concern any important state law or any substantive policy concerns associated with the New York civil rule of procedure.

For these reasons, "[t]he matter of Landlord & Tenant law, the relationship and the manner in which leases are normally terminated . . . are [ ] matters normally and naturally handled by the state court." 951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc. (In re Pemberton Pub, Inc.), 16 B.R. 275 (Bankr. D. Mass. 1981) (Lavien, J.). Indeed:

> "[A]bsent express authorization by statute, federal courts cannot entertain summary proceedings. I]t is well settled that the landlord-tenant relationship is fundamentally a matter of state law.' Hearn v. Lin, No. 01-CV-8208, 2002 WL 720829, at *4 (E.D.N.Y. Feb. 14, 2002). Time and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court [citations omitted]. "It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues."

See Glen 6 Associates, Inc. v. Dedaj, 770 F.Supp. 225, 228 (S.D. N.Y. 1991) ("No authorization for summary adjudication of landlord/tenant disputes is provided in the federal rules of procedure nor in any other statute governing procedure in the district court.").

Accordingly, the Massachusetts Supreme Judicial Court has unambiguously held that the Massachusetts legislature has plainly barred such counterclaims in commercial eviction cases. Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003); Golden v. General Builders Supply LLC, 441 Mass. 652, 658 fn.4, 807 N.E.2d 822, 827 fn.4 (2004). The state legislature evidently recognized that to allow counterclaims in such cases would undermine the purposes of the statute to expedite the resolution of the possession issue in commercial eviction cases.

**B.    State substantive law should be given due deference by the Court, even where a federal rule is implicated.**

The fact that a federal rule may also be implicated does not mean that substantive state law may be disregarded, contrary to Kmart's facile assertion that "where the matter in question is

covered by a federal rule, the federal procedural rules apply regardless of contrary state law." (Kmart Opposition at 10). In <u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415, 116 S.Ct., 2211, 135 L.Ed. 2d 659 (1996), the United States Supreme Court, in the course of discussing important areas in which the courts have applied state substantive law despite a federal rule being implicated, pointed out: "Federal Courts have interpreted the Federal Rules . . . with sensitivity to important state interests and regulatory policies." <u>Gasperini</u>, 518 U.S. at 428 n.7, 116 S.Ct. at 2220 n.7. An important factor in determining whether a law is "substantive" or "procedural" is whether the law is "outcome determinative: in a diversity case, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court." <u>Guaranty Trust Co. v. York</u>, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). This is consistent with "the twin aims of the <u>Erie</u> rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." <u>Gasperini</u>, 518 U.S. at 428, 116 S.Ct. at 2220, citing <u>Hanna v. Plumer</u>, 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965).

    Clearly, if commercial tenants can raise counterclaims in federal courts but not in state court, forum shopping by commercial tenants will become rampant and there is nothing to prevent the federal courts from being flooded with these claims. Allowing commercial tenants to bring counterclaims in federal court would clearly become outcome-determinative.

    Moreover, a provision of law may be both "substantive" and "procedural" and the question is whether a federal court "can give effect to the substantive thrust of" the state law in question "without untoward alteration of the federal scheme for the trial and decision of civil cases." <u>Gasperini</u>, 518 U.S. at 426, 116 S.Ct. at 2219..

"When local law that creates the cause of action qualifies it, 'the federal court must follow suit' for a different measure of the cause of action in one court than in the other [would transgress] the principle of Erie." Gasperini, 518 U.S. at 427, 116 S.Ct. at 2220, citing and quoting Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533, 69 S.C.t. 1233, 1235, 93 L.Ed. 1520 (1949). This is precisely the case under the Massachusetts summary process law: the legislature which created the statutory scheme for residential and commercial summary process eviction actions, unambiguously qualified rights under the statute by prohibiting a defendant from bringing counterclaims in commercial eviction cases. See Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003). To allow Kmart to maintain its entirely unrelated counterclaims for damages in federal court would transgress the rule of Erie because the Massachusetts legislature has clearly proscribed such a result. This would substantially encourage the type of forum shopping engaged in by Kmart here.

Thus, despite the involvement of a federal rule the federal courts have not hesitated to apply state substantive law to restrict a party's ability to bring a claim, or to restrict a party's ability to obtain damages. See Walker v. Armco Steel Corp., 446 U.S. 740, 750-752, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980) (reaffirming decision in Ragan) (state law rather than FRCP Rule 3 determines when a diversity action commences for purposes of tolling the statute of limitations); Gasperini, 518 U.S. at 428 n.7, 116 S.Ct. at 2220 n.7 ; Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1011 (2nd Cir. 1995) (state as a matter of substantive law may restrict, or even eliminate entirely, the availability of damages for a particular claim). See Correia v. Fitzgerald, 354 F.3d 47, 54 n. 3 (1st Cir. 2003), citing Gasperini.

Allowing Kmart to bring counterclaims in response to this commercial eviction action, despite the clear prohibition of Massachusetts substantive law, would transform Harvard's summary process action for recovery of possession into a substantially different kind of case. The result would clearly become outcome determinative by turning an action purely for recovery of possession into an action where Kmart's unrelated alleged damages claims would have to be litigated, thereby further lengthening and complicating the litigation. It would also reward Kmart for forum-shopping in federal court in clear transgression of the Erie doctrine, since clearly in state court it could not maintain its counterclaim for damages. Thus, Kmart has violated the Erie doctrine by attempting to obtain greater rights in the federal forum than it could in the state forum.

C. **Kmart would suffer no prejudice if it cannot maintain its counterclaims, since it still has its pending Bankruptcy Court claims and its ability to maintain its res judicata defenses to Harvard's claim for possession.**

Kmart claims that it would suffer prejudice if it could not bring compulsory counterclaims as required by FRCP Rule 13. This is a spurious argument for several reasons. First, its counterclaim for declaratory judgment that Harvard has violated orders of the Bankruptcy Court is already pending in that court and can be litigated to conclusion in that court without burdening the possession claim in the present action with a damages claim. Kmart can simply withdraw its recent motion to dismiss its own complaint in the Bankruptcy Court, just as it withdrew its prior motion to stay the proceedings in the Bankruptcy court.[2] Kmart by its own election brought that claim in the Bankruptcy Court rather than in another forum. In fact, Kmart

---

[2] Clearly, Kmart has contrived its present procedural posture in this Court by moving to dismiss its own Bankruptcy Complaint.

states in its Adversary Complaint that the Bankruptcy Court has exclusive jurisdiction of its res judicata claims and that it is a "core proceeding" in the Bankruptcy Court.

Second, Kmart's "counterclaims" are clearly mischaracterized affirmative defenses, and those, as the Bankruptcy Court has made clear, can be raised *as defenses* in the state court. Yet Kmart continues to attempt to confuse this issue. The fact that the Bankruptcy Court "expressly stated that Kmart is free to raise *res judicata* or any other <u>defense</u> in any state court eviction proceeding brought by Harvard" emphatically does not mean that "the issues relating to the Bankruptcy court's April 2, 2004 order which permitted Kmart to assume the Lease are ripe for determination in the form of Kmart's alleged counterclaim for a declaratory judgment." (See Kmart Opposition at 14).

Unlike the defendant in the <u>ComTech</u> case it cites (see Kmart Opposition at 9-10), Kmart is not deprived of the opportunity to bring its claims because it already has the same prior claims pending in the Bankruptcy Court!  *Cf.* <u>Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc.</u>, 163 F.3d 149 (2nd Cir. 1998). Moreover, it is free to raise the same res judicata issues as a defense to Harvard's claim for possession whether it does so in the state court, or in this Court. <u>Comtech</u> is not controlling of the substance/procedure questions at issue here. As that Court noted, the provision of the New York Procedure Law and Rules at issue there "is *a procedural rule*, and when this case was removed to federal court, the regime of the Federal Rules replaced that of [the New York procedural rule]." <u>Comtech</u>, 163 F.2d at 151. (Emphasis supplied). It is clear from the text of the opinion that the <u>Comtech</u> court regarded the New York procedural rule as a counterpart of Federal Rule 13.

7

However, there is no consideration in Comtech, or in the other cases cited by Kmart in that section of its Opposition, that any very important state statute or substantive policy of the state might be involved, and clearly the court did not even consider the various substantive state law and federalism concerns that the United States Supreme Court discussed in Gasperini. Moreover, the Second Circuit did not allow the counterclaim. Rather, it *remanded the case* to the district court for determination as to "whether [the defendant] may assert the claims it alleges against [the plaintiff] as counterclaims *or needs instead to file a separate suit to press them.*" Com/Tech, 163F.3d at 150-151 (Emphasis supplied).

As a result of these considerations, disallowing Kmart's counterclaims in the present action would not deprive it of a forum for its claims because they are already pending in the Bankruptcy Court.[3] And Kmart can simply withdraw its Motion to Dismiss its Bankruptcy Complaint as it previously withdrew its Motion to Stay the Bankruptcy proceedings. Accordingly, Kmart should not be permitted to defeat the substantive law of Massachusetts which clearly prohibits counterclaims in an action for possession of commercial premises.

## II.   THIS COURT WOULD NOT BE "ABDICATING JURISDICTION" BY REFUSING TO ALLOW KMART'S COUNTERCLAIMS.

Finally, Kmart makes the spurious argument that this Court should not "abdicat[e] jurisdiction in favor of parallel litigation", relying upon the federalism concerns set forth in Colorado River and its progeny. As indicated by the quote from KPS Associates, cited by Kmart on page 15 of its Opposition, under the Colorado River type abstention the federal court

---

[3]   Harvard has opposed dismissal of Kmart's claims in the Bankruptcy court and intends to litigate Kmart's claims to a conclusion, since the Bankruptcy Court is especially well suited to decide if there has been a violation of the Bankruptcy Court's order, as Kmart alleges.

determines whether to abstain where there is pending "parallel state court litigation", not parallel federal litigation, as is the case here. Here, Kmart's claims are in two federal courts, the Bankruptcy Court and this Court, where Kmart has raised identical claims. *See* O'Neill v. United States, 50 F.3d 677, 688 (9th Cir. 1995) (Colorado River type abstention applies to similar pending litigation in a state court; it does not apply to parallel federal proceedings). In this case, however, there is no "parallel state court litigation" because Kmart has removed the state court case to this Court. What Kmart is really asking this Court to do is to burden this case with claims Kmart has pending in the Bankruptcy Court, which, due to extensive discovery and Harvard's opposition to dismissal are extremely unlikely to be dismissed. Moreover, the Bankruptcy Court is better suited to decide if a bankruptcy order was violated.[4]

Kmart also asserts that the res judicata effects concerning Kmart's assumption of the Lease are "controlled by federal law". However, this does not mean that this Court would be abdicating jurisdiction if it does not allow Kmart's counterclaims, because Kmart can still interpose its federal law res judicata defenses to possession. Quite simply, Kmart is attempting to circumvent the summary process statute's prohibition against counterclaims, even though it could raise its res judicata defenses in the state court just as well as in the federal court.[5]

---

[4] As detailed in Harvard's Motion to Remand, the Bankruptcy Court previously declined to grant Kmart an injunction to prevent Harvard from commencing these eviction proceedings.

[5] *See* Rivet v. Regions Bank, 522 U.S. 470, 118 S.Ct.921 (1998) (the defense of claim preclusion is properly made *in the state proceeding*, subject to the Supreme Court's ultimate review); Massachusetts Higher Educational Assistance Corp. v. Taylor ("Taylor"), 390 Mass. 755, 761-762, 459 N.E.2d 807 (1984) (ruling on effect of general bankruptcy discharge on a particular debt under state law); BayBank v. Sullivan, 1998 Mass. App. Div. 112 (1998), 1998 WL 283204 ("It is well settled . . . that a state court has jurisdiction to determine whether a discharge in a Federal bankruptcy proceeding relieved the debtor of his obligation on a debt

Kmart further argues that "litigation of its counterclaims in this Court is judicially economical given the impending motion to dismiss the Adversary Proceeding [in the Bankruptcy Court]." (Kmart Opposition at 16-17). Apart from the fact that the Bankruptcy Court has not dismissed Kmart's Adversary Proceeding, and moreover Harvard has in fact opposed such dismissal of Kmart's Bankruptcy Court claims without prejudice, consideration of the counterclaims by this Court would only unduly complicate this case that is simply about whether Harvard has the right to recover possession of the premises. To add Kmart's counterclaims for damages to this case would require additional discovery and evidence concerning the basis for and amount of damages Kmart is allegedly seeking. Accordingly, Kmart should not be permitted to defeat the substantive law of Massachusetts, which clearly prohibits counterclaims in an action for possession of commercial premises.

### III. OTHER FEDERAL COURTS HAVE RECOGNIZED THAT THE FEDERAL RULES ARE NOT APPROPRIATE FOR SUMMARY PROCESS PROCEEDINGS, AND THAT SUBSTANTIVE STATE LAW AND RULES MUST BE APPLIED IN LANDLORD-TENANT MATTERS.

Some other federal courts have explained why the Federal Rules of Civil Procedure are not tailored to the unique features of summary process eviction cases. "[S]ummary process is a statutory device designed to achieve simple, expeditious and inexpensive resolution of disputes over the right to possession of real property." Glen 6 Associates, Inc. v. Dedaj, 770 F.Supp. 225, 226 (S.D. N.Y. 1991) ("Dedaj"). As that court pointed out:

> "No authorization for summary adjudication of landlord/tenant disputes is provided in the federal rules of procedure nor in any other statute governing procedure in the district court . . . A summary process by its very nature is intended to escape some or most of these trial procedures and differs greatly from before the state court.") (citing Taylor).

the plenary civil trials governed by the federal rules. It is obvious that a summary process and a plenary civil trial, shaped by the federal rules, are very different. In light of *Hanna v. Plumer* and progeny, unless there is express statutory authorization . . . or compelling reasons . . . a federal court cannot allow proceedings more summary than the full court trial at common law . . . "

Dedaj, 770 F.Supp. at 227-228.

Similarly, in United Mutual Houses, L.P. v. Andujar, 230 F.Supp.2d 349 (S.D.N.Y. 2002) ("Andujar") the federal district court explained:

"[A]bsent express authorization by statute, federal courts cannot entertain summary proceedings [citing Glen 6 Associates]. The Federal Rules of Civil Procedure provide no authorization for summary adjudication of landlord-tenant disputes, nor do any other statutes governing procedure in this district . . . 'I]t is well settled that the landlord-tenant relationship is fundamentally a matter of state law.' Hearn v. Lin, No. 01-CV-8208, 2002 WL 720829, at *4 (E.D.N.Y. Feb. 14, 2002). Time and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court [citations omitted]. "It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues."

Andujar, 230 F.Supp.2d at 354.

Based upon these considerations, these federal courts remanded summary process cases which the defendant had removed from the state court. It is obvious that the same policy concerns expressed in these cases from the federal district court in New York are equally applicable to Massachusetts' Summary Process statute, M.G.L. c. 239, § 1 et. seq. and the Uniform Summary Process Rules. Even if this Court decides not to remand the instant case, the substantive state law concerns expressed by federal courts quoted above provide compelling reasons for this Court to give deference to the Massachusetts statutory prohibition in M.G.L. c. 239, § 8A against bringing counterclaims in summary process actions. Therefore, Harvard urges this Court to accept the rationale of these cases, and to dismiss Kmart's counterclaims.

11

## CONCLUSION

The substantive law of Massachusetts embodied in the Summary Process statute, M.G.L. c. 239, § 8A, should be applied by the Court to prohibit Kmart from forum-shopping to maintain counterclaims that it is barred from bringing in state court. The fact that a federal procedural rule is implicated does not justify disregarding M.G.L. c. 239, §8A, the Massachusetts statutory prohibition against bringing counterclaims in commercial eviction actions, particularly where Kmart has similar claims pending in the Bankruptcy Court and is free to attempt to press its res judicata defenses to Harvard's claim for possession.

          Respectfully submitted,
          Plaintiff,
          Harvard Real Estate Allston-Inc.
          By its attorneys,

          Frank A. Flynn, Esq. (BBO# 551668)
          Randolph C. English, Esq. (BBO# 628647)
          Downing & Flynn
          85 Devonshire Street, Suite 1000
          Boston, MA 02109
          (617) 720-3535

DATED:   January 7, 2005

## CERTIFICATE OF SERVICE

I, Frank A. Flynn, Esquire, Attorney for the Plaintiff, hereby certify that I have served the Defendant this date with a copy of this Harvard's Reply Brief in Support of Motion to Dismiss Counterclaims by hand delivering a copy of same to its counsel of record as follows:

William R. Moorman, Jr., Esq.
Kathleen A. Rahbany, Esq.
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

this 7th day of January, 2005.

Frank A. Flynn, Esq.