UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARVARD REAL ESTATE-ALLSTON, INC.

Plaintiff,

v.

KMART CORPORATION,

Defendant.

Civil Action No. 04-12249-DPW

**DEFENDANT KMART CORPORATION'S SURREPLY MEMORANDUM
IN OPPOSITION TO PLAINTIFF
HARVARD REAL ESTATE-ALLSTON, INC'S
MOTION TO REMAND TO THE BOSTON MUNICIPAL COURT, BRIGHTON
DIVISION, AND FOR COSTS AND ATTORNEY'S
FEES, PURSUANT TO 28 U.S.C. § 1447(c)**

Defendant, Kmart Corporation ("Kmart") respectfully submits this Surreply Memorandum in opposition to Plaintiff, Harvard Real Estate-Allston, Inc.'s ("Harvard") Motion to Remand to the Boston Municipal Court, Brighton Division, and for Costs and Attorney's Fees, Pursuant to 28 U.S.C. § 1447(c).

I.  **Subject Matter Jurisdiction is Independent of Procedural History**

In item (1) of the introduction to its reply brief, Harvard states that "Kmart fails to recognize, throughout its Opposition, that it bears the burden of establishing this Court's removal jurisdiction, instead citing inapplicable authority pertaining to the plaintiff's burden in its complaint..." Harvard purports to support this argument in its brief by pointing out that the precedent to which Kmart cites (as setting forth the

appropriate tests for determining subject matter jurisdiction) have a different procedural history than this case. Therefore, claims Harvard, that authority should not guide this Court.

Harvard fails to recognize that this Court's subject matter jurisdiction, and the legal authority interpreting that jurisdiction, is independent of the procedural posture of a case. Instead, Harvard claims that this Court's subject matter jurisdiction must derive from something different depending on whether the case is originally brought before it or if it is removed to the Court. However, a federal court's subject matter jurisdiction is independent of how a case arrives before it – the court either does or does not have constitutional and legislative authority pursuant to its diversity or federal question jurisdiction to hear a matter. The circumstances of how a case is presented to the court do not alter the court's subject matter jurisdiction.

Therefore, the legal precedent cited by Kmart, establishing that this Court has subject matter jurisdiction grounded in the grant to it to hear diversity and federal question cases, applies to this case.

II.     **This Court Has Subject Matter Jurisdiction to Hear this Case**

Harvard asserts that this Court should remand the case because Kmart "conspicuously" failed to state "the crucial point that as the removing defendant [it]…bears the burden to clearly establish this Court's subject matter jurisdiction." Harvard Reply Brief at 4-5. Apparently, Harvard fails to see that Kmart has met its burden by explicitly providing supporting legal authority and <u>uncontroverted</u> evidence establishing this Court's subject matter jurisdiction.

2

*Diversity Jurisdiction*

Kmart cites legal authority interpreting how a court should measure the "amount in controversy" when diversity jurisdiction is the basis for subject matter jurisdiction. Harvard takes exception to the cases cited because the remedy sought in those cases is not the same relief which Harvard claims to seek. Again, Harvard conflates two issues and overlooks the fact that the measure of "amount in controversy" is an approximation of the value of the rights being litigated.

Where a lease "is below market value," its value may be used to determine the amount in controversy. *See Dickal 770 L.L.C. v. PRN Corporation*, 2002 U.S.Dist. LEXIS 10478, *9 (N.D. Ill. 2002) ("[A] lease only has value (to either party) to the extent the rent specified in the lease is below market value" and "[t]he value to the landlord in terminating such a lease would be that it could re-let the premises for a higher rent."). *See also Henderson v. Carbondale Coal & Coke Co.*, 140 U.S. 25 (1891) (to ascertain whether "the amount in controversy [was] sufficient to give [the] court jurisdiction" to hear an appeal under the Judiciary Act of 1789, the court looked to the value of the leasehold rights sought to be repossessed).

By submission of the affidavit of S. Jeffrey Stollenwerck, dated December 13, 2004, Kmart has established that the lease in dispute here is one of "below market value" and that the value to Harvard in terminating the lease is greatly in excess of $75,000. Harvard does not dispute these facts. Therefore, Kmart has met its burden of showing that the "amount in controversy" in this case exceeds the jurisdictional minimum.

3

Further, Harvard's position that this dispute does not involve more than $75,000 is premised on its conclusion that it is entitled to deem Kmart to be a tenant at sufferance with no leasehold rights under the Lease. However, whether Kmart continues to have rights under its long-term lease from Harvard is precisely whit is at issue in this litigation. This Court's determination of the parties' rights regarding Kmart's leasehold plainly impacts economic interests valued far more than $75,000. Harvard cannot eliminate that jurisdictional amount by presuming its desired conclusion – that this Court will determine that Kmart has lost its rights under the Lease. Given that Kmart, a Michigan corporation, and Harvard, a Massachusetts corporation, are engaged in a dispute over rights valued in excess of $75,000, this Court's diversity jurisdiction over this action is clear.

### *Federal Question Jurisdiction*

Contrary to Harvard's assertions, Kmart has also met its burden of demonstrating this Court's federal question jurisdiction. As articulated in Kmart's initial opposition to Harvard's remand motion, central to this litigation is a determination of whether under federal law (the Bankruptcy Code) Harvard has the rights which it claims. For that reason, this Court has federal question subject matter jurisdiction to hear this dispute.

### III. This Court Should Retain Jurisdiction Over this Case

Harvard seeks remand by mischaracterizing this case as simply an eviction matter and ignoring that its rights are contingent upon an interpretation of its rights under the Bankruptcy Code.

4

The extent and nature of Harvard's right to evict Kmart is dependent upon the construction and application of federal law, the Bankruptcy Code. That is a central matter that requires adjudication in this case. In order to provide uniformity of interpretation and application of federal law, Congress granted the federal courts jurisdiction to hear cases such as this one. In accordance with those principles, this Court should retain its jurisdiction over this case.

Further, principles of abstention favor this Court's retention of the case. As a general rule, abstention is "an extraordinary and narrow exception" to a federal court's duty to hear controversies properly before it and only applies in exceptional circumstances. *Office of the Child Advocate v. Lindgren*, 296 F.Supp.2d 198 (D.R.I. 2004), quoting *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959).

Moreover, as the First Circuit explained in *Federal Deposit Insurance Corporation v. Sweeney*, 136 F.3d 216, 219 (1998), the abstention doctrine applies where a case involves both difficult and complex questions of state law:

> When this is the case, involvement by federal courts may cause confusion, and disrupt the state's efforts to establish a coherent, uniform policy to solve a complex local problem. The danger which Burford abstention avoids is the prospect of a case being decided differently depending whether it was heard by state officials or judges or by federal judges. In such a situation, a federal court could potentially undermine the state's administrative process. As we explain below, this case does not pose such a problem. The legal issues in this case are straightforward, and there is no state administrative apparatus to disrupt.

136 F.3d at 219. As the *Sweeney* court further recognized, federal courts routinely enforce state laws and are not required to abstain from hearing a landlord-tenant matter: "In a

5

variety of ways federal courts enforce rights created by state law and there was nothing unusual about the federal court doing so here." *Id.*

Here, there is no threat that a decision by this Court will undermine Massachusetts landlord tenant law. To the contrary, the Court will be asked to interpret the Lease and the effects of the parties' actions under the Lease. At the same time, this Court must make a determination with respect to (i) the Bankruptcy Court's dismissal with prejudice of Harvard's objection to Kmart's assumption of the Lease, (ii) the Bankruptcy Court's order which allowed Kmart to assume the Lease, and (iii) a declaratory judgment finding that Harvard has violated Kmart's confirmed plan of reorganization. Thus, this case necessarily involves questions of *federal* law, and it is entirely appropriate that a federal court decide these issues.[1]

## CONCLUSION

Kmart submits that (i) this Court has diversity and federal question jurisdiction to hear this case and (ii) this Court should retain jurisdiction over this case in the interest of providing uniformity in the interpretation and application of federal law. Accordingly, Kmart respectfully requests that this Court deny Harvard's Motion to Remand to the Boston Municipal Court, Brighton Division, and for Costs and

---

[1] The cases cited by Harvard in support of its abstention arguments relied in part on the fact that no questions of federal law were involved. *See Glen 6 Associates, Inc. v. Dedaj*, 770 F.Supp. 225, 228 (1991)(remand appropriate, "particularly when no federal right is at risk."); *951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc. (In re Pemberton Pub, Inc.)*, 16 B.R. 275, 277 (Bankr. D.Mass 1981) ("This should be particularly true in the present situation where there is no bankruptcy issue involved and the state court is apparently ready to proceed with an expeditious determination of these matters."). Similarly, in *United Mutual Houses, L.P. v. Andujar*, 230 F.Supp.2d 349 (S.D.N.Y. 2002), the court found the determination of the case depended entirely on state law.

variety of ways federal courts enforce rights created by state law and there was nothing unusual about the federal court doing so here." *Id.*

Here, there is no threat that a decision by this Court will undermine Massachusetts landlord tenant law. To the contrary, the Court will be asked to interpret the Lease and the effects of the parties' actions under the Lease. At the same time, this Court must make a determination with respect to (i) the Bankruptcy Court's dismissal with prejudice of Harvard's objection to Kmart's assumption of the Lease, (ii) the Bankruptcy Court's order which allowed Kmart to assume the Lease, and (iii) a declaratory judgment finding that Harvard has violated Kmart's confirmed plan of reorganization. Thus, this case necessarily involves questions of *federal* law, and it is entirely appropriate that a federal court decide these issues.[1]

## CONCLUSION

Kmart submits that (i) this Court has diversity and federal question jurisdiction to hear this case and (ii) this Court should retain jurisdiction over this case in the interest of providing uniformity in the interpretation and application of federal law. Accordingly, Kmart respectfully requests that this Court deny Harvard's Motion to Remand to the Boston Municipal Court, Brighton Division, and for Costs and

---

[1] The cases cited by Harvard in support of its abstention arguments relied in part on the fact that no questions of federal law were involved. *See Glen 6 Associates, Inc. v. Dedaj*, 770 F.Supp. 225, 228 (1991)(remand appropriate, "particularly when no federal right is at risk."); *951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc. (In re Pemberton Pub, Inc.)*, 16 B.R. 275, 277 (Bankr. D.Mass 1981) ("This should be particularly true in the present situation where there is no bankruptcy issue involved and the state court is apparently ready to proceed with an expeditious determination of these matters."). Similarly, in *United Mutual Houses, L.P. v. Andujar*, 230 F.Supp.2d 349 (S.D.N.Y. 2002), the court found the determination of the case depended entirely on state law.

Attorney's Fees, Pursuant to 28 U.S.C. § 1447(c), and grant such other relief as this Court deems just and proper.

January 10, 2005

KMART CORPORATION
By its attorneys,

/s/ William R. Moorman
William R. Moorman, Jr. (BBO# 548593)
Joseph J. Koltun (BBO# 641117)
Kathleen A. Rahbany (BBO# 654322)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788