UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARVARD REAL ESTATE-ALLSTON, INC.<br><br>Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant. | Civil Action No. 04-12249-DPW |

### DEFENDANT KMART CORPORATION'S SURREPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF HARVARD REAL ESTATE-ALLSTON, INC.'S MOTION TO DISMISS COUNTERCLAIMS

Defendant Kmart Corporation ("Kmart") respectfully submits this Surreply Memorandum in opposition to Plaintiff Harvard Real Estate-Allston, Inc.'s ("Harvard") Motion to Dismiss Defendant's counterclaims.

For the first time in its reply papers, Harvard argues that this Court should abstain from hearing this action because landlord-tenant matters are typically reserved for state court. While legal arguments made for the first time in reply papers need not be addressed (*United States v. Brennan*, 994 F.2d 918, 922 (1st Cir. 1993, *quoting Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992)), Harvard's arguments with respect to abstention miss the mark.

In addition, Harvard argues at great length that the bar to counterclaims under Massachusetts law is substantive and not procedural. In doing so, Harvard ignores (i) the well settled principle that where there is a federal rule on point, the

federal rule controls, and (ii) the fact that the question that is allegedly "substantive" – the ability to bring a counterclaim in a particular case – is procedural by its very nature!

Accordingly, Harvard's Motion to Dismiss should be denied.

A.  *The Court Is Not Required To Abstain From Hearing This Action*

Citing *Glen 6 Associates, Inc. v. Dedaj*, 770 F.Supp. 225 (S.D.N.Y. 1991), Harvard argues for the first time in reply that this Court should abstain from hearing this action. Harvard Reply Brief at 3, 10-11. As a general rule, abstention is "an extraordinary and narrow exception" to a federal court's duty to hear controversies properly before it and only applies in exceptional circumstances. *Office of the Child Advocate v. Lindgren*, 296 F.Supp.2d 198 (D.R.I. 2004), quoting *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959).

Moreover, as the First Circuit explained in *Federal Deposit Insurance Corporation v. Sweeney*, 136 F.3d 216, 219 (1998), the abstention doctrine applies where a case involves both difficult and complex questions of state law:

> When this is the case, involvement by federal courts may cause confusion, and disrupt the state's efforts to establish a coherent, uniform policy to solve a complex local problem. The danger which Burford abstention avoids is the prospect of a case being decided differently depending whether it was heard by state officials or judges or by federal judges. In such a situation, a federal court could potentially undermine the state's administrative process. As we explain below, this case does not pose such a problem. The legal issues in this case are straightforward, and there is no state administrative apparatus to disrupt.

2

136 F.3d at 219. As the *Sweeney* court further recognized, federal courts routinely enforce state laws and are not required to abstain from hearing a landlord-tenant matter: "In a variety of ways federal courts enforce rights created by state law and there was nothing unusual about the federal court doing so here." *Id.*

Here, there is no threat that a decision by this Court will undermine Massachusetts landlord tenant law. To the contrary, the Court will be asked to interpret the Lease and the effects of the parties' actions under the Lease. At the same time, this Court must make a determination with respect to (i) the Bankruptcy Court's dismissal with prejudice of Harvard's objection to Kmart's assumption of the Lease, (ii) the Bankruptcy Court's order which allowed Kmart to assume the Lease, and (iii) a declaratory judgment finding that Harvard has violated Kmart's confirmed plan of reorganization. Thus, this case necessarily involves questions of *federal* law, and it is entirely appropriate that a federal court decide these issues.[1]

Accordingly, Harvard's argument that this Court should abstain from hearing this case is without foundation.

---

[1] The cases cited by Harvard in support of its abstention argument relied in part on the fact that no questions of federal law were involved. *See Glen 6 Associates, Inc. v. Dedaj*, 770 F.Supp. 225, 228 (1991)(remand appropriate, "particularly when no federal right is at risk."); *951 Plymouth Restaurants, Inc. v. Pemberton Pub, Inc. (In re Pemberton Pub, Inc.)*, 16 B.R. 275, 277 (Bankr. D.Mass 1981)("This should be particularly true in the present situation where there is no bankruptcy issue involved and the state court is apparently ready to proceed with an expeditious determination of these matters."). Similarly, in *United Mutual Houses, L.P. v. Andujar*, 230 F.Supp.2d 349 (S.D.N.Y. 2002), the court found the determination of the case depended entirely on state law.

B.  *The Massachusetts Rule Barring Counterclaims Is A Procedural Rule*

While Harvard spends much of its time arguing that this Court should defer to Massachusetts state landlord-tenant law and dismiss Kmart's counterclaims, it fails to see the forest through the trees. The Massachusetts prohibition against counterclaims is by its very nature a procedural rule, just as the prohibition against counterclaims was in *Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc.*, 163 F.3d 149 (2d Cir. 1998). The Court need look no further than the very case cited by Plaintiff in support of its Motion to Dismiss – *Fafard v. Lincoln Pharmacy*, 439 Mass. 512 (2003) – for this proposition:

> Summary process is a purely statutory procedure and can be maintained only in instances specifically provided for by the statute.

439 Mass. at 515.

Indeed, the state court prohibition against bringing counterclaims does not mean that a party in Kmart's position would have no avenue to seek the redress sought herein. Rather, in the particular state court summary process forum, procedure dictates that Kmart would have to commence a separate action to seek the relief sought herein. Should this Court determine it has jurisdiction over this action, Kmart submits that it would be a complete waste of time and judicial resources to require it to file a separate proceeding in federal court and then move to consolidate with this case.

Harvard also fails to address the fact that although questions involving the *Erie* doctrine can "sometimes be a challenging endeavor," the challenge becomes

4

"relatively straightforward when a Federal Rule of Civil Procedure covers the point." *Correia v. Fitzgerald*, 354 F.3d 47, 53 (2003). Indeed, this was precisely the case in *Doelle v. Mountain States Telephone & Telegraph*, 872 F.2d 942 (10th Cir. 1989) – cited by Kmart in its initial opposition brief – where the Tenth Circuit determined that although counterclaims were proscribed in state court under Utah law, once in federal court the state prohibition became inoperative. If anything, the state court prohibition against counterclaims set forth in *Doelle* was far more "substantive" than in this case. Yet the Tenth Circuit found that the Federal Rules of Civil Procedure governed the case, and, as such, permitted the counterclaims to stand.

In the same vein, Kmart asserts that the procedural rules of this Court permit the interposition of Kmart's counterclaims herein.

## CONCLUSION

Kmart submits that (i) it is entitled to assert its counterclaims herein given that the Massachusetts state court prohibition against counterclaims is procedural, not substantive, and (ii) Harvard's abstention argument – to the extent the Court considers it at all – is without merit. Accordingly, Kmart respectfully requests that this Court deny Harvard's Motion to Dismiss, and grant such other relief as this Court deems just and proper.

                                                  KMART CORPORATION

                                                  By its attorneys,

                                                  CRAIG AND MACAULEY
                                                      PROFESSIONAL CORPORATION

January 10, 2005

                                                  /s/ William R. Moorman, Jr.
                                                 William R. Moorman, Jr. (BBO #548593)
                                                 Kathleen Rahbany (BBO #654322)
                                                 Joseph J. Koltun (BBO #641117)
                                                 Craig and Macauley
                                                     Professional Corporation
                                                 Federal Reserve Plaza
                                                 600 Atlantic Avenue
                                                 Boston, MA  02210
                                                 (617) 367-9500