UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARVARD REAL ESTATE-ALLSTON, INC.

Plaintiff,

v.

KMART CORPORATION,

Defendant.

Civil Action No. 04-12249-DPW

## OPPOSITION OF KMART CORPORATION TO AWARDING OF EXPENSES AND TO AFFIDAVIT OF PLAINTIFF'S COUNSEL IN REGARD TO ATTORNEY'S FEES AND COSTS

Defendant Kmart Corporation ("Kmart") hereby respectfully opposes the awarding of expenses, including attorney fees, incurred by Harvard Real Estate-Allston, Inc. ("Harvard") as a result of the removal of this case to this Court.[1] Further, Kmart objects to the amount of fees claimed by Harvard in its *Affidavit of Plaintiff's Counsel in Regard to Attorney's Fees and Costs* as being excessive and unreasonable.

### AN AWARD OF FEES IS INAPPROPRIATE

As more fully detailed in prior pleadings before this Court, Kmart believes that removal of this case to this Court was appropriate. Where a proceeding is properly removed, it is unjust to require the removing party to pay plaintiff's expenses, including attorney fees. *Liebig v. Dejoy*, 814 F.Supp. 1074, 1077 (M.D.Fla. 1993) ("the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals" (citations omitted)). *See also Fuller v. Temple-Inland Forest Products Corp.*, 942 F.Supp. 307, 312 (E.D.Tex. 1996) ("Although a district court has discretion in

---

[1] At the scheduling conference held in this case on January 11, 2005, the Court stated that it was going to award fees to Harvard related to the removal of this action.

determining whether to award attorney's fees, it must consider whether the case was improperly removed."); *Katonah v. USAir, Inc.*, 876 F.Supp. 984, 990 (N.D.Ill. 1995) ("'the propriety of a defendant's removal [is the critical element] in determining whether to impose fees'" (citation omitted)).

As this very Court has opined, even if remand is found to be appropriate, so long as the defendant's basis for removal was colorable, an award for costs is inappropriate. *Santiago v. Barre Nat'l, Inc.*, 795 F.Supp. 508, 513 (D. Mass. 1992) (costs and expenses denied where defendants' ground for removal was "colorable"); *Karpowicz v. Blue Cross & Blue Shield*, 1996 U.S. Dist. LEXIS 13541, *19 (D. Mass. 1996) (An award of expenses is discretionary. Where the removing party "raised legitimate jurisdictional issues in evident good faith" an award of expenses is unjust.); *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1204 (D. R.I. 1986) ("Federal courts have shown commendable restraint as to the assessment of…costs where the nonremovability of the case was not obvious,…where the removing defendant acted in good faith,…or where a substantial jurisdictional question was posited…" (internal citations omitted)), *cited* with approval in *Karpowicz*, 1996 U.S. Dist. LEXIS 13541, *19; David B. Siegel, *Commentary on 1988 Revision of Section 1447*, 28 U.S.C.A. § 1447 (the court is authorized to award expenses "should it find that it was improper for the defendant to remove the case").

**Kmart had at Least a Colorable Basis for Removal Based on Diversity Jurisdiction**

Here, at a bare minimum, Kmart established the following <u>undisputed</u> facts: that the parties are diverse, that the lease in dispute is a well below market lease and that the value to Harvard of terminating that lease (i.e. the value of the right being litigated) is

greatly in excess of the minimum jurisdictional amount in controversy of $75,000. These uncontroverted assertions are at least colorable grounds for removal. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (in actions seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."); *McCarthy v. Amoco Pipeline Co.*, 595 F.2d 389, 393-95 (7th Cir. 1979) (the court "considers the pecuniary result to either party which the judgment would directly produce."); *A. Levet Properties Partnership v. Bank One, N.A.*, 2003 U.S. Dist. LEXIS 12777, *8 (E.D.La. 2003) (the amount in controversy is the difference between the rent paid by the to-be-evicted tenant and the greater amount of rent the landlord would receive upon re-letting the premises); *Dickal 770 L.L.C. v. PRN Corporation*, 2002 U.S.Dist. LEXIS 10478, *9 (N.D.Ill. 2002) (same). Therefore, Kmart had at least a colorable basis for removing this case. Accordingly, it is unjust to penalize Kmart by requiring it to pay Harvard's expenses.

### Kmart had at Least a Colorable Basis for Removal Based on Federal Question Jurisdiction

Kmart and Harvard have been engaged in disputes regarding this lease since April 2003. Those disputes were addressed numerous times by the United States Bankruptcy Court in Kmart's then pending bankruptcy case. The disputes involve several issues arising under the United States Bankruptcy Code, including issues related to the assumption of a lease under 11 U.S.C. § 365 and the effects of the discharge injunction arising under 11 U.S.C. §§ 1129 and 1141 as a result of confirmation of Kmart's plan of reorganization. These ongoing disputes, which directly affect any ability of Harvard to terminate the lease, raise serious federal law questions giving rise to at least a colorable basis for removal of this case based on federal question jurisdiction.

### Fees would not be Appropriate if this Court had Simply Abstained

In cases where a federal court finds that it has subject matter jurisdiction over a removed action but it elects to abstain from exercising that jurisdiction and subsequently remands the proceeding to state court, an award of expenses to plaintiff is not entered because doing so would be unjust to the removing party. *Bradley Industrial Park v. Commissioner of Education*, 915 F.Supp. 543, 547 (award of fees under 28 U.S.C. § 1447(c) inapplicable where remand is pursuant to abstention by federal court); *Cohen v. Simon Cohen Real Estate & Management Co.*, 868 F.Supp. 489, 496-97 (E.D.N.Y. 1994) (where court remanded case to "promote the values of economy, convenience, fairness, and comity" it was inappropriate to assess costs under 28 U.S.C. § 1447(c) absent a showing of bad faith on the part of the removing party (citation omitted). Here, it appears that the Court's articulated rationale for remanding the case most strongly supports a conclusion that the Court should abstain from hearing the case, rather than that there was a procedural defect in removal of the case or that the Court lacks subject matter jurisdiction over it. Therefore, it is inappropriate for the Court to award fees under 28 U.S.C. § 1447(c).

### Kmart Acted in Good Faith in Removing the Case

As addressed above, Kmart believed in good faith that this court had both diversity and federal question jurisdiction over this matter. Furthermore, there is no indication that Kmart removed the case for any improper purpose. When the Bankruptcy Court declined to entertain Kmart's preliminary injunction request, it did so under a

4

restrained view of its post-confirmation jurisdiction and because it deemed Kmart capable of raising its *res judicata*, collateral estoppel and other defenses in whatever action Harvard might commence against Kmart in Massachusetts. While the Bankruptcy Court reasonably assumed that Harvard would commence its action in state court, it in no way ordered that Kmart could only defend itself in state court or that Kmart could not remove the action to federal court. In removing the case, Kmart simply sought to have the issues, particularly the complicated bankruptcy issues, decided by the court it believed was most appropriate.[2] With more than twenty-four (24) years remaining under its lease[3], it is understandable why a proper determination of the issues by a court most familiar with bankruptcy related issues was foremost in Kmart's mind.

## HARVARD'S FEES ARE EXCESSIVE AND UNREASONABLE

Harvard has submitted an affidavit setting forth excessive and unreasonable attorney fees. To the extent this Court awards any fees to Harvard, they should be adjusted accordingly. "The court's role as the guarantor of fairness obligates it not to accept uncritically what lawyers self-servingly suggest is reasonable compensation for their services." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). This Court should apply the lodestar analysis in determining the reasonableness of Harvard's attorney fees. *Id* at 526.

The " 'lodestar' is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate, and this amount is then adjusted upward or downward according to various considerations enumerated in *Johnson v. Georgia*

---

[2] Unlike other eviction cases where the tenant has sought removal, Kmart continues to pay the full monthly lease payments to Harvard as they become due.
[3] Harvard's contention that it has terminated the lease improperly presumes that Harvard will prevail on the ultimate issue in this litigation.

5

*Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974." *In re 1095 Commonwealth Avenue Corp.*, 204 B.R. 284, 290 (Bankr. D.Mass. 1997) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). Johnson suggests an examination of the following:

"(1)  The time and labor required…

(2)  The novelty and difficulty of the questions…

(3)  The skill requisite to perform the legal service properly…

(4)  The preclusion of other employment by the attorney due to acceptance of the case…

(5)  The customary fee…

(6)  Whether the fee is fixed or contingent…

(7)  Time limitations imposed by the client or the circumstances…

(8)  The amount involved and the results obtained…

(9)  The experience, reputation, and ability of the attorneys…

(10)  The 'undesirability' of the case…

(11)  The nature and length of the professional relationship with the client…[and]

(12)  Awards in similar cases."

488 F.2d at 717-19 (emphasis omitted).

At the scheduling conference held on January 11, 2005, this Court appeared to hold the view that the jurisdictional questions presented by Kmart's notice of removal were simple. Nonetheless, Harvard's fees associated with its motion to remand exceed $10,948 (or $9,282 applying the "15% Courtesy Discount"), equating to over 47 hours of

research and writing. Certainly, these fees are excessive and unreasonable for presenting an opposition to a purportedly uncomplicated issue. To the extent this Court awards any fees to Harvard, they should be reduced accordingly.

Kmart was compelled to assert certain counterclaims, or to forfeit them, upon removal to this Court. Harvard spent 54 hours and accrued in excess of $12,420 (or $10,530 applying the "15% Courtesy Discount") in attorney fees in bringing its motion to dismiss those counterclaims.[4] Harvard could have easily and efficiently avoided those costs by either stipulating with Kmart that the period in which it had to respond to the counterclaims be extended until the motion to remand was acted on by the Court (because allowing the motion to remand would moot Kmart's counterclaims) or by asking this Court to extend the objection deadline until after it acted on the motion to remand (because allowing the motion to remand would moot Kmart's counterclaims).[5] If this Court awards Harvard fees in association with Harvard's motion to dismiss counterclaims, it will be rewarding Harvard for time it did not need to spend and for fees that were not "incurred as a result of" the removal, as is provided for by the statute. To the extent this Court awards any fees to Harvard, they should be reduced accordingly.

Similarly, it was unnecessary for Harvard to file replies to Kmart's responses to its motion to remand and its motion to dismiss counterclaims. In its replies, Harvard reiterated its arguments but failed to address the substance of Kmart's responses. Kmart's surreplies, filed simply to inform this Court of the inaccuracies set forth by Harvard, would have been unnecessary but for the replies filed by Harvard. Therefore,

---

[4] Much language in Harvard's motion to remand is repeated in its motion to dismiss counterclaims.
[5] As indicated by the docket in this case, the parties regularly stipulated to extensions, which should lead to the conclusion that Kmart would have freely assented to any extension sought by Harvard to respond to the counterclaims.

Harvard's fees associated with researching and drafting its replies are excessive and unreasonable and should be excluded from any award of fees. Harvard billed 66 hours to its "reply briefs," amounting to $15,180 in legal fees (or $12,870 applying the "15% Courtesy Discount").

Further, in considering the reasonableness of Harvard's fee request, this Court should compare the amount of time (204 hours) and fees ($39,882) sought by Harvard to the amount of time (111.7 hours) and fees ($24,087) that will be billed to Kmart related to this matter.

This Court should be troubled by how, in one breath, Harvard argues that federal subject matter jurisdiction fails to exist here because the "amount in controversy" is zero when, in its next breath, Harvard seeks approximately $40,000 in attorney fees in order to have the rights at stake in this litigation adjudicated before its favored forum.

## **PRAYER FOR RELIEF**

WHEREFORE, Kmart requests that this Court enter a judgment or order as follows:

I.   Denying Harvard's request for entry of an order requiring Kmart to pay its expenses, including attorney fees;

II.  In the alternative, reducing Harvard's claim for expenses, including attorney fees, to an amount that is just and reasonable; and

III. Granting such other relief as is just and proper.

|  |  |
|---|---|
| January 20, 2005 | KMART CORPORATION<br>By its attorneys, |

/s/ Willliam R. Moorman, Jr.
William R. Moorman, Jr. (BBO# 548593)
Joseph J. Koltun (BBO# 641117)
Kathleen A. Rahbany (BBO# 654322)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788