```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


HARVARD REAL ESTATE-ALLSTON, INC.,   )
     Plaintiff,                      )   CIVIL ACTION NO.
                                     )   04-12249-DPW
          v.                         )
                                     )
KMART CORPORATION, KMART STORE 9424, )
     Defendant.                      )
```

MEMORANDUM AND ORDER
December 27, 2005

The threshold question presented by this case was whether a Massachusetts summary process proceeding may properly be removed to federal court when there is no claim for rent or other monetary damages.  Concluding that it could not, I remanded the matter to the state court where it was initially filed.  Plaintiff then sought an award of attorney's fees and costs under 28 U.S.C. § 1447(c) against the defendant for removing the controversy to federal court.

The Supreme Court earlier this month clarified the standard to be applied when considering requests for attorney's fees in connection with an improvident removal.  Chief Justice Roberts held for a unanimous court that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp. 2005 WL 3299410, *6 (U.S. Dec. 7, 2005).  Finding that defendant lacked an objectively reasonable basis for removal in this case, I will grant plaintiff's request.  I will, however, reduce the

attorney's fees awarded to approximately one quarter of the amount requested by plaintiff because I find the number of hours claimed to be grossly disproportionate to the required tasks.

## I.  BACKGROUND

Massachusetts has enacted through its summary process legislation, Mass. Gen. Laws ch. 239, § 1 et seq., and related state court rules, Massachusetts Trial Court Uniform Summary Process Rules, a carefully crafted mechanism permitting "expeditious proceedings," id., Rule 1 (Commentary), for the recovery of real property interests.  "Summary process is a purely statutory procedure and can be maintained only in the instances specifically provided for in the statute."  Cummings v. Wajda, 325 Mass. 242, 243 (1950).

Plaintiff Harvard Real Estate-Allston, Inc. commenced such an action in the Brighton division of the Boston Municipal Court. Defendant KMART undertook to remove the case to federal court pursuant to 28 U.S.C. § 1441, purporting to rely both upon federal court diversity jurisdiction under 28 U.S.C. §1332(a) and federal question jurisdiction under 28 U.S.C. § 1331.  The plaintiff thereupon moved to remand the case to the state court on grounds that the purported bases for federal jurisdiction were spurious.

At a hearing in this matter, I allowed the motion to remand and indicated I would enter an order requiring the defendant to pay the plaintiff's reasonable attorney's fees and costs incurred

as a result of the improvident removal of the case to this court. I invited the plaintiff's counsel to submit a factual basis for such an award. They did so and the defendant submitted an opposition. Shortly thereafter, the Supreme Court granted certiorari in <u>Martin v. Franklin Capital Corp.</u> to resolve the standard for attorney's fees awards in this context. This Memorandum explains the reasons for my ruling on the motion to remand, addresses the <u>Martin</u> standard, and explains why I have substantially reduced the fee and cost request.

## II.   REMAND FOR LACK OF JURISDICTION

A.   <u>28 U.S.C. § 1332(a)</u> - With respect to diversity jurisdiction, it is plain from the face of the complaint that the jurisdictional minimum of $75,000 was not claimed. The plaintiff affirmatively asserted that it sought no monetary award. Summary process actions, at least where there is no claim for rents or other monetary recovery, are, like other diversity actions where the requisite jurisdictional amount is not directly at issue, matters for state court and do not implicate federal court jurisdiction.[1]

In support of its contention that the jurisdictional minimum

---

[1] There is also precedent for abstaining from entertaining summary process or other landlord-tenant actions involving unique state law procedures that reflect important state policy choices. <u>See</u> <u>United Mutual Houses, L.P. v. Andujar</u>, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002); <u>Glen 6 Associates, Inc. v. Dedaj</u>, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991); <u>In Re Pemberton Pub, Inc.</u>, 16 B.R. 275, 277 (Bank. D. Mass. 1981). Although abstention would otherwise appear to be an appropriate response by a federal court to which a summary process action has been removed, I do not rely on abstention here because I find no arguable subject matter jurisdiction in the first place.

has been met, the defendant proffered a theoretical economic valuation of the lease whose terms would be relevant to the summary process proceeding.  The defendant contends the lease reflects a dispute involving millions of dollars, as measured by the difference between the rent stipulated in the lease and the current rental market rate.  That may be so as a theoretical matter,[2] but merely because there is ultimately an issue involving a great deal of money lurking somewhere in the relationship between the parties is no reason to transform this state statutory mechanism into a matter involving federal court diversity jurisdiction.  The state mechanism's concern for expedition is so salient that it does not even permit a commercial tenant the right to bring a counterclaim.  See Fafard

---

[2] With the rise of law and economics scholarship, it is difficult to conceive of any legal dispute that cannot be expressed through a plausible, if speculative, valuation framework.  But speculative economic valuation is not the touchstone of the amount in controversy necessary for federal jurisdiction.  While the perspective from which to assess the amount in controversy is a matter of some dispute in the caselaw, see generally, 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3703 (1998), the horizon for the amount in controversy lies well short of economic speculation.  It bears noting as well that recent caselaw from the First Circuit has suggested that the plaintiff's perspective should, in the ordinary course, be the governing approach to the jurisdictional amount issue.  The Court observed that the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938), "laid down a general rule to the effect that the amount specified by the plaintiff controls, as long as that amount is asserted in good faith."  Barrett v. Lombardi, 239 F.3d 23, 30 (1st Cir. 2001).  As a consequence, a court can dismiss an action for insufficiency of the amount in controversy only when, "'from the face of the pleadings, it is apparent, to a legal certainty, . . . that the plaintiff never was entitled to recover' a sum equal to, or in excess of, the jurisdictional minimum."  Id. (quoting St. Paul Mercury, 303 U.S. at 289 (emphasis supplied)).  This is just such a case.

v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003). Consequently, such a proceeding has no place in federal court, at least so long as the plaintiff landlord does not seek to -- and therefore, to a legal certainly, could not -- recover in the action some form of compensation that may be valued in excess of $75,000. In this proceeding, the plaintiff is not making -- and the defendant cannot make[3] -- such a claim for recovery. In short, the assertion of diversity jurisdiction is without merit because it is apparent to a legal certainty that the amount

---

[3]The defendant attempts an act of prestidigitation by contending that the state bar on counterclaims in commercial lease summary process actions is procedural and consequently disappears when the case is brought into federal court. I do not accept that characterization. The commercial lease counterclaim bar is so deeply intertwined with the substance of the Massachusetts summary process statute -- a "procedure [that] can be maintained only in the instances specifically provided for in the statute," Cummings v. Wajda, 325 Mass. 242, 243 (1950) -- that the bar cannot fairly be termed wholly procedural as opposed to substantive. For its part, the Wright and Miller treatise finds that "since the removal statutes are silent as to the amount in controversy requirement, it would be perfectly consistent with the statute to hold that a counterclaim arising from the transaction sued upon and which, according to the relevant state law, either must be asserted in the action or forever be barred, is in controversy for the purpose of calculating the jurisdictional amount in the removal context." 14C Charles Alan Wright, Arthur R. Miller & Edward N. Cooper, Federal Practice and Procedure 3d § 3725 at 107-108 (1998). Here, where the defendant's counterclaim itself is wholly barred by the "relevant state law," a potential counterclaim adds nothing to the amount in controversy.
   It also bears noting that the Supreme Court in another context -- but in a case the Hart & Wechsler casebook recognizes as "appear[ing] equally applicable in a diversity case where the sole basis for asserting the requisite amount in controversy rests on the amount in dispute with respect to a counterclaim," Richard H. Fallon, Sr., Daniel J. Meltzer & David J. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1480 (5th ed. 2003)-- has held that federal jurisdiction may not be based solely on a counterclaim. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

actually in controversy does not meet the requisite threshold.

    B.   28 U.S.C. § 1331 - The claim of federal question jurisdiction is similarly without merit. It appears to be based on the idea that because some defense to the summary process proceeding may require evaluation and construction of the orders of the Bankruptcy Court, a federal judicial body presiding over the bankruptcy of the defendant, this case thereby becomes a federal question matter. Both the Supreme Court of the United States, Rivet v. Regions Bank of La., 522 U.S. 470, 476 (1998), at the level of greatest generality, and the Bankruptcy Judge presiding over the defendant's bankruptcy case, at the level of greatest specificity, have determined that to the degree any rulings of the Bankruptcy Court may be said to be preclusive between the parties in this action, a state court is a perfectly competent forum for resolution of the question.

    Indeed, the likelihood of state court proceedings was anticipated by Judge Sonderby in the Bankruptcy Court when she observed, in connection with the underlying lease, that "the factual and procedural history leading to the entry of the assumption order is relatively straight forward and will not cause significant duplication of effort should the dispute eventually reach a state court judge." September 29, 2004 Transcript, Case No. 02-B02474 (Bank. N.D. Ill.) (emphasis supplied). I decline to adopt the defendant's suggestion that Judge Sonderby did not know what she was saying when she alluded to "the dispute eventually reach[ing] a state court judge."

Plainly she did and was anticipating the customary forum for real property disputes.

No substantial question of federal law is involved in the leasehold dispute presented here.  That a defendant in a proceeding may seek to have orders and rulings of a federal court construed is a familiar context for state court litigation.  It does not alchemize the proceeding into one conferring federal question jurisdiction over a well-pleaded complaint that invokes no federal question either directly or indirectly.

### III.  ATTORNEY'S FEES AND COSTS

The defendant's improvident deployment of the removal process here served to frustrate and delay prompt resolution of the summary process procedure the plaintiff sought to pursue in the statutorily designated forum.  Prior to Martin, I held that the lack of a colorable federal claim was a precondition for fee-shifting in the improvident removal context.  See Santiago v. Barre Nat'l, Inc., 795 F. Supp. 508, 513 (D. Mass. 1992).  Martin has established the more demanding standard of "lack[ing] an objectively reasonable basis."  Martin, 2005 WL 3299410 at *6.  I find that standard met here.

The justification for the award of attorney's fees is especially strong in a case such as this where, on a spurious basis, the defendant delayed the summary process procedure by invoking the removal procedures of the federal court.  As the Court observed in Martin, "[t]he process of removing a case to federal court and then having it remanded back to state court

delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Id.  When such a process is necessary because a party has removed without an objectively reasonable basis for federal jurisdiction, § 1447(c) directs "payment of just costs and any actual expenses, incurred as a result of the removal."

Nevertheless, I do not share the view of counsel for both parties as to what constitutes "just" costs and expenses.  The briefing in this case -- no doubt reflecting the perception that two sophisticated litigants with money to spare in the dogged pursuit of their legal interests would be footing the bill -- was inflated unnecessarily, indeed extravagantly.  It included not merely 20-page memoranda in support of, and in opposition to, the motion to remand, but also a reply brief of 19 pages and a sur-reply of 7 pages.  This was paralleled by motion to dismiss briefing, which included a 16-page memorandum in support, an 18-page opposition, a 12-page reply, and a 6-page sur-reply.  The briefing itself was rambling and repetitive.  Read individually and together, the submissions conjure up the work product of what Harvard's late Professor Paul Freund once described as those lawyers most feared by judges:  attorneys who know how to spell "banana" but do not know when to stop.  Generously calculated, the overwrought and overwritten submissions of counsel took well more than four times the necessary pages to present the pertinent arguments.

In order to assess the just award in this case, I directed

counsel for both parties to submit a statement of their projected fees and costs to be billed as a result of removal.  In response, counsel for both parties reported that while they had not yet actually presented bills to their clients, their calculations -- although subject perhaps to further discounting before being presented -- totalled, according to what are said to be their firms' ordinary rates, $24,087 for the defendant's counsel (111.7 hours at a blended rate of $237 per hour) and $46,920 for the plaintiff's counsel (204 hours at a consistent rate of $230 per hour).  I cannot say the rates are unreasonable but the hours expended certainly were.[4]

While the plaintiff may choose to pay the full amount of the anticipated bill presented by its counsel, I will order the defendant to reimburse attorney's fees and costs only in the amount of $10,000 to the plaintiff under 28 U.S.C. § 1447(c).

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[4] In this connection, I note that in another removal fees and costs motion I decide today, in which the briefing by able, if inflamed, counsel was every bit as overwrought, if not as overwritten, as this, the amount claimed was less than $5,000. Ophnet, Inc. v. Lamensdorf, Civil Action No. 05-10970 (D. Mass. Dec. 27, 2005).  I did not there, however, make any award because I found there was a reasonable basis for removal in that case.